FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 3 2025

MITCHELL R. ELFERS
CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

CORRINE RIOS, MICHELLE (SUZANNE) BROWNELL, VICTORIA GOSSELIN,
LINDA ADAMS, CAROL DOOLEY, RICHARD DOOLEY, SHARON KING,
DIANA SCHLEIGEL, DAVID SCHLEIGEL, HOLLY ZIEGLER, JEREMY ZIEGLER,
MICHAEL JACKOVICH, PILO RIOS, JEAN MONTOYA, and JOSE MONTOYA, JR.,
Plaintiffs,

v.

Case No. _____

CITY OF RIO RANCHO,
Defendant.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), which provide jurisdiction for civil rights claims.

Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and the Defendant is a municipal government located in this District.

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, appearing pro se, bring this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the City of Rio Rancho for ongoing violations of their Fourteenth Amendment rights to procedural due process and the foundational constitutional principle of consent of the governed.

42 U.S.C. § 1983 provides a civil remedy for individuals whose constitutional or federal rights have been violated by those acting under the authority of state law. It authorizes lawsuits in federal court against municipalities or local officials who, under color of state law, deprive persons of rights secured by the Constitution. Plaintiffs invoke this statute to challenge the City of Rio Rancho's unlawful legislative practices that have caused ongoing constitutional injuries.

## PARTIES

1. **Plaintiff CORRINE RIOS** is a resident of Rio Rancho, New Mexico, and the Lead Plaintiff in this action. She brings this suit individually and on behalf of the other named Plaintiffs who join in this Verified Complaint. Mrs. Rios has been authorized by all co-plaintiffs to act as the representative and signatory for purposes of filing and verifying this lawsuit. She resides in City Council District 3.

2. **Plaintiff MICHELLE (SUZANNE) BROWNELL** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 4.

3. **Plaintiff VICTORIA GOSSELIN** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 5.

4. **Plaintiff LINDA ADAMS** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 5.

5. **Plaintiff CAROL DOOLEY** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 6.

6. **Plaintiff RICHARD DOOLEY** is a resident of the City of Rio Rancho and a registered voter. He resides in City Council District 6.

7. **Plaintiff SHARON KING** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 4.

8. **Plaintiff DIANA SCHLEIGEL** is a resident of the City of Rio Rancho and a registered voter. She resides in the City Council District 1.

9. **Plaintiff DAVID SCHLEIGEL** is a resident of the City of Rio Rancho and a registered voter. He resides in the City Council District 1.

10. **Plaintiff HOLLY ZIEGLER** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 4.

11. **Plaintiff JEREMY ZIEGLER** is a resident of the City of Rio Rancho and a registered voter. He resides in City Council District 4.

12. **Plaintiff MICHAEL JACKOVICH** is a resident of the City of Rio Rancho and a registered voter. He resides in City Council District 6.

13. **Plaintiff PILO RIOS** is a resident of the City of Rio Rancho and a registered voter. He resides in City Council District 3.

14. **Plaintiff JEAN MONTOYA** is a resident of the City of Rio Rancho and a registered voter. She resides in City Council District 4.

15. **Plaintiff JOSE MONTOYA, JR**. is a resident of the City of Rio Rancho and a registered voter. He resides in City Council District 4.

16. **Each Plaintiff** is a resident, voter, and taxpayer of the City of Rio Rancho, New Mexico.

17. **Defendant City of Rio Rancho** is a municipal corporation organized and existing under the laws of the State of New Mexico and located in Sandoval County. The City is responsible for enacting ordinances, managing public funds, and adhering to its own legislative procedures. At all times relevant to this complaint, the City acted under color of state law.

## STANDING

18. **Plaintiffs are residents, taxpayers, and voters** of the City of Rio Rancho who are directly impacted by the ordinances challenged in this action. Each Plaintiff has standing to bring this suit because they have suffered concrete and particularized injuries, including increased financial burdens through taxes and fees, loss of political accountability, and denial of procedural due process. These harms are fairly traceable to the Defendant's unlawful actions and are redressable by declaratory and injunctive relief from this Court.

## INTRODUCTION

19. This lawsuit demands urgent federal intervention into a local government process that has veered off course. For years, the City of Rio Rancho has systematically ignored its own mandatory legislative procedures, enacting ordinances without lawful sponsorship, without public presentation by elected officials, and without transparency in the official record as to who that sponsor is. As a result, laws are being made not by elected representatives accountable to the people, but by unelected staff shielded from voter scrutiny.

20. These procedural failures are not technicalities. They strike at the very heart of representative democracy. When governance becomes unmoored from the consent of the governed, it ceases to be representative and becomes authoritarian in nature. It is not merely a technical defect, but a profound constitutional injury. Laws imposed without lawful sponsorship or public accountability are not the product of democratic government — they are decrees from an invisible authority, unreachable by ballot, unanswerable to

4

the people, and fundamentally illegitimate. Plaintiffs and all Rio Rancho residents are now subject to unlawful taxes, regulatory burdens, and expenditures of public funds — all imposed through ordinances that never received proper, lawful enactment.

21. Plaintiffs bring this action to restore accountability, transparency, and constitutional order to a legislative process that has left voters voiceless and governance unmoored from consent

22. In defending similar claims, the City of Rio Rancho has doubled down on its position that ordinances may be initiated and advanced by unelected staff without accountability or compliance with the City's mandatory legislative procedures. This is precisely the constitutional crisis that gives rise to this suit. When taxation, regulation, and governance proceed without adherence to law or identification of accountable officials, residents are stripped of both due process and the ability to consent to their government. **See Exhibit T (City of Rio Rancho State Court Response, June 2025),** in which Defendant argues that sponsorship is not required under the Charter — ignoring the binding nature of its own Rules of Procedure.

23. Plaintiffs seek to invalidate only three recently enacted ordinances that are actively being enforced after enforcement date of July 1, 2025 and were adopted in direct violation of mandatory legislative procedures. Plaintiffs also seek to invalidate only two ordinances that will be effective July 1, 2026 that were adopted in direct violation of mandatory legislative procedures. While hundreds of similarly flawed ordinances have been identified, Plaintiffs are not seeking to overturn them all, recognizing the complexity and potential disruption such action could cause. Instead, this action is narrowly tailored to secure compliance going forward and to restore lawful legislative process.

## FACTUAL BACKGROUND

24. According to the City of Rio Rancho's adopted legislative rules:

25. Ordinance: *"An ordinance ranks highest in authority of all actions of the Governing Body. If duly enacted, an ordinance has the force of law within the municipality and may be enforced in municipal court."* **See Exhibit A, Article II, Section 2.4 A. p. 9, (Highlighted)**

26. Resolution: *"A resolution is an internal legislative act which is a formal statement of policy concerning matters of special or temporary character. Governing Body action shall be taken by resolution when required by law and in those instances where a formal expression of policy is desired."* **See Exhibit A, Article II, Section 2.4 B. p. 10 (Highlighted)**

27. Article II, Section 2.11 of the City of Rio Rancho Charter, requires that all ordinances be *duly enacted* in accordance with procedures established by ordinance. The City's Governing Body has fulfilled this requirement by adopting a set of *Rules of Procedure, effective December 26, 2023 Resolution No. 151 / Enactment No. 23-151* that govern how legislation is introduced, sponsored, presented, and adopted **SEE Exhibit A, p. 1 (Highlighted).**

28. Under Article II, Section 2.1(B)(3) and Section 2.1(C) of the Rules of Procedure **See Exhibit A - Governing Body Rules of Procedure, 2.1B.3 p. 5 and 2.1 C p. 5 (Highlighted)** all ordinances and resolutions—referred to as "legislation"—must be sponsored by a member of the Governing Body, presented by that sponsor at all scheduled meetings, and include the sponsor's name listed on the legislation and notated into the official record. Although the Rules use the word "will," it functions as a

mandatory directive within the context of a procedural rule. As such, these sponsorship provisions are binding and not discretionary.

29. From at least 2022 through 2025, the City of Rio Rancho has repeatedly failed to comply with its own legislative requirements as set forth in Rule 2.1(B)(3) and 2.1(C) of the Governing Body Rules of Procedure. We have randomly pick two ordinances from each calendar year 2022, 2023, and 2024—that were enacted **without** the identification of a sponsoring member of the Governing Body, **without** that a sponsor (governing body member) presenting legislation at every meeting, and there is no notation of any "sponsor be listed on the legislation and notated into the official record" in direct violation of Rule 2.1(B)(3) and 2.1(C). The exhibits, **See Exhibit B (highlighted)** demonstrate that across agenda listings, ordinance cover pages, meeting minutes, and signed ordinances (official record documents):

    **a.** no legitimate sponsor (meaning a member of the Governing Body) listed in Ordinance Cover Page, Agenda, or in Meeting Minutes,

    **b.** a legitimate sponsor, meaning a member of the Governing Body, did not present legislation to the governing body, and

    **c.** sponsor's name is not listed on signed ordinance as required by the Rules of Procedure.

The exhibits demonstrate that legislation was frequently presented to the Governing Body by City staff—such as the City Manager, Deputy City Manager, Director of Development Services, Director of Financial Services, Director of Public Works, Director of Utilities, and the City Clerk—instead of by a sponsoring elected official,

as required by the Rules of Procedure. Plaintiffs never consented to be governed by unelected administrative staff acting in place of their duly elected representatives. Such conduct undermines the foundational democratic principle of "consent of the governed," which holds that governmental authority derives solely from the people through their chosen representatives. By circumventing the required involvement of elected officials in the legislative process, the City has deprived Plaintiffs of their constitutionally protected right to representative government, transparency, and procedural due process as guaranteed under Article II, Section 18 of the New Mexico Constitution and the Fourteenth Amendment to the United States Constitution. This pattern of procedural violations constitutes a sustained and systemic failure by the City to comply with its own mandatory legislative requirements, thereby undermining the integrity of the lawmaking process. **(See Exhibit B1, Condensed Summary of Ordinance Findings).**

30. The ordinances challenged in this lawsuit follow the same pattern as demonstrated as those in years 2022, 2023, 2024 and now 2025. **Ordinances 05, 07, and 022 (effective July 1, 2025)**, and **Ordinances 08 and 018 (effective July 1, 2026)** were each passed without sponsorship on legislation, without being presented by a sponsor (Governing Body member) at all meetings, and no sponsor being noted in the official record. Some of the legislation was instead presented by staff who do not have legislative authority. **(Exhibit C) (See Exhibit B1, Condensed Summary of Ordinance Findings).**

31. On June 1, 2025, Lead Plaintiff submitted an online Inspection of Public Records Act (IPRA) request to the City Clerk of Rio Rancho, seeking all "Legislative Drafting Request Forms" for all ordinances passed in 2025, as required by the City's Rules of

Procedure. **See Exhibit D and Exhibit A, 2.1 B.1 p. 5 (Highlighted).** The Rules state

that such a form "shall" be submitted by a Governing Body member when requesting the

drafting of legislation. The use of the word *shall* in policy language signifies a

**mandatory** requirement. Lead Plaintiff, specifically informed the city clerk that she was

"seeking records that identify the **sponsoring member(s) of the Governing Body** for

each ordinance, as I understand that sponsorship is noted in the official record." Plaintiffs

assert that the purpose of this form is to create a clear and verifiable record of which

Governing Body member initiated each ordinance, ensuring transparency and

accountability in the legislative process.

32. After a few online portal communications with the city clerk, the clerk responded with,

"After a thorough review of our records, it has been confirmed there are no records

responsive to this request. This will complete our response to this request." **See Exhibit**

**D (Highlighted)**

33. On June 2, 2025, Lead Plaintiff filed an online complaint with the NM Department of

Justice. **See Exhibit E (Highlighted)**

34. On June 4, 2025, Lead Plaintiff sent an email notice to all City Council members and the

City Attorney, detailing the specific procedural violations and requesting corrections **See**

**Exhibit F.**  As part of that notice, Plaintiff included a five-slide PowerPoint presentation

that clearly summarized the city's rules of procedure for legislation. A true and correct

copy of the PowerPoint is attached. **See Exhibit G (Highlighted).**

35. On June 5, 2025, the City Attorney responded to Lead Plaintiff's email, citing: *"Pursuant*

*to section 2.1 of the rules of procedure, 'the City Clerk, through the City Manager, shall*

*prepare the agenda for all Governing Body meetings' (emphasis added). This allows the*

*City Manager to place items on any agenda for the Governing Body to consider."* The

City Attorney further referenced City Charter Section 3.07(K), which permits the City

Manager to make recommendations to the Governing Body, and Municipal Code Section

31.19(C)(h), which authorizes the City Manager to propose measures related to health,

safety, and welfare. A true and correct copy of the City Attorney's response is attached as

**See Exhibit H (Highlighted).**

36. The City Attorney's response to Lead Plaintiff concerns inaccurately characterizes the

scope of the City Manager's authority. Rule 2.1(A) of the Governing Body Rules of

Procedure provides that *"The City Clerk, through the City Manager, shall prepare the*

*agenda for all Governing Body meetings."* The City Attorney did not cite 2.1(A)(1)

which further specifies what the City Manager can place on the agenda. ***"The City***

***Manager may place matters on the consent calendar which are routine or ministerial***

***in nature."*** **See Exhibit A 2.1.A.1 pg. 5 (Highlighted).** The City Attorney failed to

acknowledge this critical limitation, instead suggesting that the City Manager has general

discretion to place legislative items on the agenda. This omission materially

misrepresents the City Manager's role and ignores the plain language of the Rule, which

expressly limits that authority to routine or ministerial items only. In New Mexico, a

ministerial act is defined as one that is "absolute, certain and imperative, involving

merely execution of a specific duty arising from fixed and designated facts," and does not

involve discretion or judgment. *Marquez v. Gutierrez,* 125 N.M. 722, 725, 965 P.2d 1176,

1179 (1998).

37. The failure to mention the limitations of what the City Manager and/or Deputy City

Manager can add to the agenda appears calculated to obscure the City's ongoing practice of placing legislative items on the agenda without a proper sponsor, in violation of Rule 2.1(B)(3), which requires all legislation to list a Governing Body member as sponsor, and Rule 2.1(C), which mandates that the sponsor present the legislation at each scheduled meeting and notated in the official record.

38. In the final paragraph of the City Attorney's written response, Lead Plaintiff was informed that further communication would no longer be permitted due to the filing of a complaint with the New Mexico Department of Justice. The City Attorney expressly stated that they could no longer engage in dialogue with the Lead Plaintiff as a result of that filing. However, at no time did the NM DOJ instruct or direct Lead Plaintiff or City Officials to cease communication with one another. Plaintiffs assert that the City Attorney's decision to terminate communication was unjustified, unsupported by any legal authority, and appears to have been an attempt to avoid further discussion regarding the City's failure to comply with its mandatory Rules of Procedure. Plaintiffs contend that this position effectively foreclosed any opportunity for administrative resolution or good-faith clarification of the procedural violations at issue.

39. The Lead Plaintiff responded to the City Attorney on June 4, 2025, via email, informing the City of Plaintiffs' intent to pursue legal action. **See Exhibit J (Highlighted)**.

40. On June 10, 2025, at approximately 9:48 a.m., Lead Plaintiff contacted the New Mexico Department of Justice by phone to inquire about the status of the submitted complaint. A representative named Daniel from the NM DOJ advised that the agency was experiencing a backlog in processing complaints and indicated that a confirmation email would likely be sent by the end of the week, on or around June 13, 2025. As of the date of this filing,

Lead Plaintiff has not received confirmation, nor has the NM DOJ made any further contact. Based on this communication, Plaintiffs reasonably believe that the NM DOJ had not yet initiated any contact with the City of Rio Rancho regarding the complaint filed on June 2 2025, when the City Attorney ceased communication with the Lead Plaintiff on June 4, 2025. Therefore, for the City of Rio Rancho to preemptively cut off further communication with the Lead Plaintiff—before any formal inquiry had begun—demonstrates a lack of good faith and an unwillingness to engage constructively with residents seeking resolution through lawful channels. **See Exhibit K.**

41. The City took no corrective action following this exchange, as demonstrated by its continued noncompliance at the June 12, 2025 City Council Meeting. On that date, the First Reading of Ordinance 016 was held, yet the cover page, and agenda, for the legislation failed to identify any Governing Body sponsor, in direct violation of the Rules of Procedure. The Meeting Minutes for this meeting have yet to be upload to the city website as of this filing. **See Exhibit L Cover Page of First Reading of Ordinance 016 June 12, 2025 (Highlighted).**

42. Plaintiffs assert that the City Attorney's selective interpretation of the Governing Body Rules of Procedure, coupled with the City's ongoing refusal to enforce those rules as written, reflects a persistent and systemic disregard for the City's mandatory legislative requirements. These are not isolated or inadvertent procedural errors, but part of a sustained pattern of noncompliance that undermines the rule of law and the integrity of the legislative process. Plaintiffs bring this action to compel adherence to lawful procedures and to safeguard the public's right to transparent, accountable, and procedurally valid governance.

43. Plaintiffs therefore have no adequate administrative remedy and seek judicial intervention to prevent the continued enforcement of legislation adopted in violation of the City's mandatory legislative procedures. Such violations deprive Plaintiffs of their right to procedural due process under Article II, Section 18 of the New Mexico Constitution and the Fourteenth Amendment to the United States Constitution. Moreover, the enactment of ordinances without proper sponsorship or compliance with the City's established legislative rules undermines the principle of consent of the governed, a foundational doctrine of American government articulated in the Declaration of Independence, which holds that governments derive their just powers from the consent of the people through lawful and representative processes.

44. In response to Plaintiffs' earlier complaint in state court, the City of Rio Rancho asserted that no ordinance sponsorship is required by the City Charter or state law. However, Plaintiffs do not claim a Charter or statutory violation — they allege a constitutional violation of due process and consent of the governed, rooted in the City's own mandatory Rules of Procedure. The City's argument not only mischaracterizes the legal basis for this action, but confirms that it has openly disregarded the binding legislative rules it adopted. When a government fails to follow its own rules in enacting laws that impose taxes and regulations, it violates procedural due process.

## Comparative or Supporting Evidence

45. Plaintiffs note that the requirement for sponsorship of legislation by an elected member of the legislative body is a widely accepted and essential practice at all levels of representative government. At the federal level, no bill may proceed in either chamber of Congress unless it is introduced by a Member of the House or a Senator. See

Congressional Research Service, *Introduction to the Legislative Process in the U.S. Congress*, R42843 (2022). Similarly, under Article IV, Section 18 of the New Mexico Constitution, no bill may be introduced in the New Mexico Legislature except by a member of the Legislature, who serves as its official sponsor and is responsible for presenting and advancing the bill through the legislative process. **See Exhibit M, p. 1 excerpts of legislation (Highlighted).**

46. This practice is not unique to state and federal bodies. For example:

47. The City of Albuquerque requires that all proposed ordinances include a designated sponsor. The sponsor's name is included on the legislation itself, listed on the agenda when the ordinance is introduced or considered, and recorded in the official meeting minutes. See Albuquerque City Council Rules of Procedure, Rule 4.1 (effective March 2023). See **Exhibit N, p.1 of two ordinances**

48. The City of Santa Fe also mandates identification of a sponsor and maintains consistent rules requiring that a sponsor present and advocate for the measure during council proceedings. **See Exhibit O, p.1 of two ordinances (Highlighted)**

49. In addition, three residents of Rio Rancho tried to secure sponsorship from a City Councilman, City Clerk, and the Mayor.

50. One resident asked the city clerk how he could get something on the agenda. The city clerk directly stated that, "You will need to get a sponsor." **See Exhibit P, Affidavit of Michael Jackovich**. This exchange confirms the city clerk's awareness and acknowledgement that a governing body member must serve as a sponsor to formally introduce legislation consistent with the city's rules of procedure

51. In or around 2022, Michelle (Suzanne) Brownell was in contact with the national Baby

Box organization regarding their legislative initiative. The Baby Box organization advised her that in order to bring a proposed Baby Box ordinance forward in Rio Rancho, she would need to obtain sponsorship from a member of the City Council or the Mayor. Following that guidance, she approached and discussed the Baby Box legislation with the Mayor of Rio Rancho on two occasions to request sponsorship for a Baby Box ordinance so it could be placed on the City Council meeting agenda. The mayor knew that Michelle was seeking his sponsorship for Baby Box legislation. **See Exhibit Q, Affidavit of Michelle (Suzanne) Brownell**

52. In January 2022, Corrine Rios along with several other concerned residents, met in person with the City Councilor Jeremy Lenentine to present and discuss a proposed ordinance that would declare Rio Rancho a Sanctuary City for the Unborn. During this meeting, another resident explained the contents of the proposed ordinance and asked Councilor Lenentine how he, as a City Councilor, could assist us in bringing the matter before the governing body. Although the word "sponsorship" may not have been explicitly used, the purpose of the meeting-to seek his support in placing the ordinance on the agenda-was clear to all parties involved. The discussion itself implied a shared understanding that only a governing body member could initiate legislation for council consideration. **See exhibit R, Affidavit of Corrine Rios**

53. These examples—drawn from federal, state, and municipal legislative practices, as well as firsthand interactions within the City of Rio Rancho—demonstrate that sponsorship by an elected member of a legislative body is a widely recognized and essential procedural safeguard. In Rio Rancho specifically, Plaintiffs' affidavits show that the **City Clerk directly affirmed the necessity of obtaining a sponsor**, and that both the **Mayor and a**

sitting City Councilor were approached by residents requesting sponsorship—
further confirming that this requirement is known and acknowledged by those responsible
for adhering to it. Sponsorship ensures that legislation originates through elected
representatives accountable to the public, not through unelected staff or informal
administrative channels.

54. The City's repeated failure to document or enforce proper sponsorship requirements
reveals a systemic breakdown in legislative procedure and a deliberate disregard for the
rules established to ensure transparency, accountability, and public trust. This pattern
undermines not only the integrity of the lawmaking process but also the foundational
principle of consent of the governed.

## State Court Delay and Procedural History

55. On June 20, 2025, Plaintiffs filed a Verified Complaint and Emergency Motion for
Temporary Restraining Order in the Thirteenth Judicial District Court for the State of
New Mexico, seeking to halt enforcement of the same ordinances challenged here.
Plaintiffs also filed a Motion to Expedite Hearing and, after no ruling was issued, a
formal Request for Immediate Ruling was entered on June 30, 2025 @ 10:19AM. **See
Exhibit U - Timestamped Filing of Request for Immediate Ruling on Emergency
Motion for TRO (Highlighted).** Despite these efforts and the rapidly approaching
enforcement dates of the ordinances, the state court did not issue a ruling or schedule a
hearing before the ordinances took effect on July 1, 2025. On June 30, 2025, at 4:19 PM,
counsel for the City of Rio Rancho entered an appearance and filed a written response
opposing Plaintiffs' request for injunctive relief. **See Exhibit T (Highlighted).** However,
the Thirteenth Judicial District Court did not issue any ruling on Plaintiffs' Emergency

Motion before the effective date of the challenged ordinances. The court's inaction,

despite timely motions and requests for expedited review, left Plaintiffs without judicial

protection under state procedures, necessitating the urgent pursuit of relief in federal

court. As shown in **Exhibit S**, Plaintiffs were left without recourse or timely judicial

intervention, making this federal action both necessary and urgent.

## Legal Basis & Precedent for Enforcement of Procedural Requirements

56. New Mexico courts recognize that municipal governments are bound by the procedures

they adopt to govern their legislative process. When a city charter or set of rules

establishes requirements for sponsorship, notice, or presentation of legislation, those

procedures are not optional — they are enforceable standards that safeguard democratic

accountability and protect the rights of the governed.

57. Courts have invalidated local government actions when they were adopted in violation of

established procedures, particularly where those procedures are mandatory in nature. Use

of terms such as "shall" or "must" creates a legal obligation to comply, and the failure to

do so renders the resulting action ultra vires — outside the legal authority of the body.

58. In *Garcia v. Village of Tijeras*, 108 N.M. 116 (Ct. App. 1988), the New Mexico Court of

Appeals upheld a municipal ordinance because it was adopted and enforced in

accordance with the Village's established legislative procedures, including notice and a

meaningful opportunity for administrative review. The court found that these procedural

safeguards satisfied the requirements of due process.

59. In sharp contrast, the City of Rio Rancho enacted Ordinance Nos. 05, 07, 022, 08, and

018, without adherence to its own mandatory Rules of Procedure, including the

requirement that a member of the Governing Body sponsor, and present proposed

legislation, and notated in the official record. This procedural failure deprives Plaintiffs of their constitutional right to due process under Article II, Section 18 of the New Mexico Constitution and the Fourteenth Amendment to the U.S. Constitution, and renders the challenged ordinances invalid.

60. Here, the City of Rio Rancho adopted binding Governing Body Rules of Procedure that include mandatory language: Rules 2.1(B)(3) and 2.1(C) require that a Governing Body member sponsor, present legislation, notated in the official record and Rule 2.4(A) requires that ordinances be "duly enacted." Plaintiffs assert that the City's failure to comply with these procedural safeguards invalidates the challenged ordinances and warrants judicial intervention.

### Harm to Plaintiffs

61. The challenged ordinances are already imposing real, tangible harm on Plaintiffs. Plaintiffs are being forced to pay taxes and fees that were unlawfully enacted. The result is taxation and regulation without representation — a direct injury to Plaintiffs' constitutional rights that will persist without federal judicial intervention. Because no sponsor is on record, they cannot direct grievances, organize opposition, or exercise the right to vote meaningfully.

    a. Ordinance 07 (went into effect July 1, 2025) raises water rates by 3% annually for five years and adds a 5% surcharge on the bulk fill water station. The ordinance is expected to generate approximately **$226,800 in additional revenue in its first year** from 10,000 households alone, based on a $1.89 monthly increase per home. Over five years, with compounded increases and continued enforcement, total collections will exceed **$1.2 million**, excluding additional

Case 1:25-cv-00631-SMD-JHR    Document 1    Filed 07/03/25    Page 19 of 260

revenue from the bulk fill surcharge or usage by businesses and city facilities.
These funds will be extracted from taxpayers without consent or transparency,
through an unlawful and procedurally invalid process. According to the City of
Rio Rancho Cover Page the Background and Analysis, it states, *"The Citizen
Public Infrastructure Advisory Board, which meets quarterly, was not able to
provide the Governing Body input on the proposed rate adjustments due to not
having a meeting since July 2024 (lack of quorum)."* **See Exhibit C Ordinance
07 Cover Page (Highlighted).** Aside from limited comment periods and advisory
board meetings, there are virtually no meaningful opportunities for Plaintiffs and
other residents to question or engage with those responsible for introducing and
advancing legislation. This lack of access and dialogue further compounds the
denial of due process and representative accountability.

**Plaintiffs did not—and do not—consent to be governed or taxed by
anonymous bureaucrats who were never elected, are shielded from public
accountability, and have no constitutional authority to make law.**

b. Ordinance 05 imposes a 5% Lodger's Tax on short-term rental properties.
According to the Impact Statement (there is no record of who prepared the Impact
Statement) it is estimated *"that the collection of occupancy/lodgers tax on short-
term rentals stays will generate $150,000 in revenue annually."* **Plaintiffs did
not—and do not—consent to be governed or taxed by anonymous
bureaucrats who were never elected, are shielded from public accountability,
and have no constitutional authority to make law.**

19

c. Ordinance 022 imposes extensive new regulations and fees on short-term rental property owners, including a $100 application fee, $35 business registration, $300 annual permit, and $1.75 tax transaction fee. It also authorizes taxpayer funds for two new city staff positions ($208,000) and a third-party vendor ($35,000). The City began collecting application fees on May 15, 2025. **Plaintiffs did not—and do not—consent to be governed or taxed by anonymous bureaucrats who were never elected, are shielded from public accountability, and have no constitutional authority to make law.**

d. Ordinance 08 and 018 (effective July 1, 2026) use taxpayer dollars to increase salaries for the Mayor, City Councilors, and Municipal Judge. Ordinance 08 also establishes an automatic 8% Cost Of Living Adjustment (COLA) every four years for mayor and city council members. On August 26, 2024, Deputy City Manager Peter Wells publicly acknowledged that the proposed salary increases for the Mayor and City Council were the result of a "staff-driven exercise," not an initiative of any elected member of the Governing Body. Mr. Wells stated: *"City staff, when it comes to non-elected city personnel, we regularly do compensation and market analysis... the only group that hasn't had that analysis done up to this point is elected officials. So we felt... that we should do a marketing compensation analysis for you as a governing body. So it's a staff-driven exercise."* In that same article, *"Deputy City Manager Peter Wells presented both readings of the ordinance"* (**Rio Rancho Observer, "Rio Rancho Governing Body Establishes New Salary for Elected Officials Starting in 2026," August 26, 2024**).

By Peter Wells own admission — combined with the lack of any identified sponsor in the legislative record — demonstrates that **Ordinances 08 and 018 were initiated by unelected staff rather than any elected official, in direct violation of the City's mandatory sponsorship requirements.** Plaintiffs and the public had no elected representative to question, petition, or hold accountable for initiating a taxpayer-funded pay increase for elected officials. **Plaintiffs did not—and do not—consent to be governed or taxed by anonymous bureaucrats who were never elected, are shielded from public accountability, and have no constitutional authority to make law.**

The public has no opportunity to question or engage with the individual who presents an ordinance to the Governing Body, further compounding the lack of transparency and accountability in the legislative process. Without knowing which elected official initiated a law, Plaintiffs and the public cannot raise questions, submit concerns, or request changes through the democratic channels guaranteed by representative government.

## CAUSES OF ACTION

## Count I - Violation of Procedural Due Process (U.S. Const. amend. XIV)

62. Plaintiffs incorporate by reference all preceding paragraphs.

63. **See Exhibit T (City of Rio Rancho's Response in State Case),** in which the Defendant asserts that its legislative rules are 'not binding' and 'violations do not invalidate ordinances."

64. The City's failure to follow its mandatory legislative procedures — including

sponsorship, presentation, and recordation by elected officials — has deprived Plaintiffs of meaningful notice, an opportunity to be heard in the legislative process, and transparency.

65. Ordinances lacking a lawful sponsor, public presentation by an elected official, and lacking transparency by not notating sponsor on official records violates the basic guarantees of notice and the right to be heard inherent in due process.

66. These violations are ongoing and affect Plaintiffs' property rights, tax obligations, and civic representation.

## Count II – Violation of the Principle of Consent of the Governed

67. Plaintiffs incorporate by reference all preceding paragraphs.

68. **See Exhibit T (City of Rio Rancho's Response in State Case),** in which the Defendant asserts that its legislative rules are 'not binding' and "violations do not invalidate ordinances."

69. The Constitution is grounded in the principle that government derives its legitimacy from the consent of the governed.

70. By enacting laws through an unlawful and opaque process dominated by unelected staff, the City of Rio Rancho has violated Plaintiffs' rights to self-governance and meaningful representation guaranteed by the Due Process Clause and the foundational principle of consent of the governed.

71. Plaintiffs have no way to hold anyone accountable for legislation that affects their lives and financial well-being.

72. This undermines representative democracy and constitutes an ongoing constitutional violation.

# PRAYER FOR RELIEF

Without judicial intervention, these harms will deepen and multiply, as more ordinances are enforced without proper authority, transparency, or oversight. Plaintiffs did not—and do not—consent to be governed or taxed by anonymous bureaucrats who were never elected, are shielded from public accountability, and have no constitutional authority to make law.

When this foundational principle of consent is undermined, democratic legitimacy is lost, trust in government erodes, and residents are subjected to laws imposed by individuals with no electoral mandate. Plaintiffs are not only harmed by unlawfully enacted taxes and regulations, but also by the erosion of the essential principle of representative self-government. These injuries are not limited to financial loss; they reflect a breakdown in democratic governance.

Plaintiffs seek not only relief from unlawful ordinances, but a judicial reaffirmation that laws must be made by those who are accountable to the people — not by anonymous actors operating outside the bounds of lawful procedure.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. **Declare** Ordinances 05, 07, 08, 018, and 022 unconstitutional and void for violating Plaintiffs' procedural due process rights and the constitutional principle of consent of the governed;

2. **Issue a permanent injunction** prohibiting enforcement of these ordinances unless and until re-enacted in full compliance with the City's mandatory legislative procedures;

3. **Order** the City of Rio Rancho to **refund all taxes, fees, and charges** collected pursuant to

Ordinances 05, 07, and 022 until such time as they are lawfully re-enacted in accordance

with constitutional due process and valid legislative procedure;

4. **Require** the City of Rio Rancho to **amend its legislative procedures** to ensure that all

   future ordinances include: (a) a clearly identified sponsor from the elected Governing

   Body, (b) public presentation by the sponsor at all meetings, and (c) formal notation of

   the sponsor in the official legislative record;

5. **Award** Plaintiffs reimbursement of all **reasonable court filing fees and related litigation**

   **costs** incurred in bringing this federal action;

6. **Grant** such other and further relief as this Court deems just and proper.

Respectfully submitted,

Corrine Rios
Lead Plaintiff, pro se
6909 Japura Ct NE
Rio Rancho, NM 87144
505 339 8311
p_crios@hotmail.com
**On behalf of all named Plaintiffs**

*Each Plaintiff affirms their individual participation in this lawsuit and has authorized*

*Corrine Rios to sign and file this Verified Complaint on their behalf.*

**VERIFICATION**

I, Corrine Rios, am the Lead Plaintiff in the foregoing Verified Complaint. I have read the foregoing Complaint and verify that the statements made therein are true and correct to the best of my knowledge, information, and belief.

All other Plaintiffs named in the caption of this Complaint have reviewed and approved its contents and authorize Lead Plaintiff Corrine Rios to sign and verify on their behalf for purposes of filing.

I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

**Executed on this ____ day of _____, 2025.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Verified Complaint,

including all exhibits, will be served upon the City of Rio Rancho, the City Clerk, by

hand-delivery by_____ at the following address:

City of Rio Rancho

c/o City Attorney's Office

3200 Civic Center Circle NE

Rio Rancho, NM 87144

**Name and Title of Person Served:** _____

Dated: _____

# STATE OF NEW MEXICO
# COUNTY OF SANDOVAL
# THIRTEENTH JUDICIAL DISTRICT COURT

**CORRINE RIOS**, et al.,

Plaintiffs,

v.

**CITY OF RIO RANCHO,**

Defendant.


Case No. _____

## RETURN OF SERVICE


**I, the undersigned, hereby certify that I served the following documents:**

- **Verified Complaint for Declaratory and Injunctive Relief**

- **Motion for Temporary Restraining Order and Preliminary Injunction**

- **Certificate of Service**

- **Proposed Order(s)**

- **Civil Case Cover Sheet**

- **Summons**


**Upon the following party:**


**City of Rio Rancho**

**Attn: City Clerk or Authorized Agent for Service**

**3200 Civic Center Circle NE**

**Rio Rancho, NM 87144**

**Date of Service:** _____

**Time of Service:** _____

**Method of Service:** ☐ Personal ☐ Substituted ☐ Other: _____

**Served by:** _____

**(Name of Process Server or Person Serving Documents)**

**Signature:** _____

**Date:** _____

**Printed Name:** _____

**Address:** _____

**Phone:** _____

# EXHIBIT LIST TO VERIFIED COMPLAINT

Filed in support of Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief.

**Exhibit A – City of Rio Rancho Governing Body Rules of Procedure (selected pages: 1, 5, 9, 10, Appendix A).**  This exhibit contains the official procedural rules governing the introduction and enactment of legislation by the City's Governing Body.

**Exhibit B – Randomly Selected Ordinances from 2022, 2023, and 2024** This exhibit contains official copies of ordinances enacted by the City of Rio Rancho in the years 2022, 2023, and 2024. These samples are presented to demonstrate the City's consistent failure to comply with mandatory legislative procedures—specifically, the absence of sponsor notations and proper presentation in accordance with Governing Body Rules of Procedure 2.1(B)(3) and 2.1(C). Also, the agenda and minuting minutes identify the members of the City's Governing Body—elected officials who are legally responsible for sponsoring, presenting, and being recorded in the official legislative record for any proposed ordinance."

**Exhibit B1 - Condensed Summary of Ordinance Findings from Exhibit B.** This spreadsheet provides a simplified overview of the ordinances included in Exhibit B. It summarizes key procedural deficiencies for ease of reference, including missing sponsor information, improper presentation records, and no sponsorship noted in official records.

**Exhibit C – Ordinances 05, 07, 022, 08, and 018 Referenced in this Complaint** This exhibit contains copies of Ordinances 05, 07, 08, 022, O8, and 018, each of which lacks any indication of sponsorship by a Governing Body member or evidence of presentation by a sponsor, in violation of the Governing Body Rules of Procedure.

**Exhibit D – Email Correspondence with the City Clerk Regarding IPRA Requests**

This exhibit contains communications with the City Clerk confirming that no Legislative Drafting Request Forms were submitted or are on file for the ordinances identified in this complaint.

**Exhibit E – Complaint Filed with the New Mexico Department of Justice**

This exhibit contains a formal complaint submitted by the Lead Plaintiff to the New Mexico Department of Justice, alleging the City of Rio Rancho's failure to adhere to mandatory legislative procedures as required by its Governing Body Rules of Procedure.

**Exhibit F – Email Sent to City Councilors and City Attorney Regarding Procedural Violations**

This exhibit includes an email from the Lead Plaintiff addressed to all six current City Council members and the City Attorney, outlining specific concerns regarding the City's failure to follow the required procedures in the enactment of ordinances.

**Exhibit G – PowerPoint Presentation Prepared by Lead Plaintiff**

This exhibit contains a visual summary prepared by the Lead Plaintiff, illustrating the City's procedural violations. The presentation was shared with members of the Governing Body and the City Attorney to highlight the lack of compliance with established legislative requirements.

**Exhibit H – City Attorney's Response to the Formal Complaint and Lead Plaintiff's Response to City Attorney**

This exhibit includes the official response from the City Attorney to the formal complaint submitted by the Lead Plaintiff, as well as the Plaintiff's written reply addressing the issues raised in that response.

**Exhibit J – Lead Plaintiff's Response to City Attorney Providing Notice of Legal Action**

This exhibit contains the Lead Plaintiff's written response to the City Attorney, formally establishing notice of the intent to pursue legal action based on the City's continued procedural violations.

**Exhibit K – Lead Plaintiff's Cell Phone Log of Call to NM DOJ**

This exhibit contains the Lead Plaintiff's phone records confirming a call placed to the New Mexico Department of Justice regarding the public records request and related inquiry.

**Exhibit L – Cover Page and Presentation Record of Ordinance 016 (June 12, 2025)**

This exhibit includes the cover page of Ordinance 016, the corresponding meeting agenda, and an excerpt of the official meeting recording. These materials are provided to document who presented the ordinance during its first reading on June 12, 2025.

**Exhibit M – Examples from U.S. Congress and New Mexico Legislature Demonstrating Sponsor Identification** This exhibit contains selected excerpts from federal and state legislation illustrating the standard legislative practice of clearly identifying named sponsors in official records, including bill headings.

**Exhibit N – Examples from the City of Albuquerque Demonstrating Documented Sponsorship** This exhibit includes excerpts from City of Albuquerque ordinances in which sponsorship by a governing body member is clearly documented, reflecting standard municipal legislative practices.

**Exhibit O – Examples from the City of Santa Fe Demonstrating Sponsor Identification** This exhibit contains excerpts from City of Santa Fe ordinances that reflect standard legislative practices, including the clear identification of sponsoring governing body members in official records.

**Exhibit P – Affidavit of Michael Jackovich** This affidavit contains sworn testimony from Michael Jackovich recounting a verbal statement made by the City Clerk, acknowledging that sponsorship by a City Councilor is required for proposed legislation to be placed on the City Council agenda.

**Exhibit Q – Affidavit of Michell (Suzanne) Brownell** This affidavit provides a sworn statement from Michelle (Suzanne) Brownell detailing meetings with Mayor Gregg Hull in which she sought sponsorship for Baby Box legislation. The testimony affirms that the Mayor was aware of the City's procedural requirement that a governing body member must sponsor legislation in order for it to be placed on the City Council agenda.

**Exhibit R – Affidavit of Corrine Rios, Lead Plaintiff**

This affidavit contains sworn testimony from Corrine Rios, Lead Plaintiff, describing a meeting with Councilor Jeremy Lenentine, attended by several other residents, during which they formally requested his sponsorship of a proposed "Sanctuary City for the Unborn" ordinance. This meeting was not initiated by Corrine Rios, but rather she attended the meeting.

**Exhibit S – Procedural History in Related State Court Case**

**Exhibit T - City of Rio Rancho's Response in Thirteenth Judicial District Court Case**

**Exhibit U - Timestamped Filing of Request for Immediate Ruling on Emergency Motion for TRO** *Filed in New Mexico District Court at 10:19 AM on June 28, 2025*

# EXHIBIT A
## City of Rio Rancho Governing Body Rules of Procedure
## (Selected Pages: 1, 5, 9, 10, Appendix A)

This exhibit contains the official procedural rules governing the introduction and enactment of legislation by the City's Governing Body.



# GOVERNING BODY
# RULES OF PROCEDURE



Resolution ~~███████~~ 23-151



<u>1.5    Adopted Rules</u>

A. Application of Robert's Rules of Order. Any matter not covered by these rules shall be governed by decision of the presiding officer, applying Robert's Rules of Order, Newly Revised Edition.

B. Amendment of Rules. These rules or any part thereof may be amended, repealed, altered or rescinded by a vote of a majority of the Governing Body, after notice of intended proposal. Such notice shall be presented by resolution at a regular meeting of the Governing Body.

C. Violation of Rules. Violation of these rules does not invalidate action of the Governing Body.

**Article II  Procedures**

<u>2.1    Preparation of Legislation and Distribution of Agendas</u>

A. The City Clerk, through the City Manager, shall prepare the agenda for all Governing Body meetings.
    1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    2. The City Clerk shall assure that scheduled public hearings have been duly advertised.
    3. All material to be presented to the Governing Body at a regular meeting shall be submitted to the City Clerk in the prescribed format, not later than noon, nine (9) days prior to the meeting date. Prior to any ordinance submission to the City Clerk for agenda inclusion, City Attorney review shall occur, pursuant to Municipal Code Section 31.18.

B. A Governing Body member may request through the City Manager the drafting of an ordinance or resolution by City staff for placement on a meeting agenda▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮be submitted to the City Manager a minimum of forty-five (45) calendar days prior to the meeting where the legislation is sought to be introduced.
    2. The City Manager will notify the requesting Governing Body member within ten (10) business days whether or not legislation drafting, operational impact assessment, fiscal analysis, applicable research, and legal review related to the requested legislation can be completed in the timeframe necessary to appear on the requested meeting agenda. If the requested meeting date cannot be accommodated, the City Manager will provide the reason(s) why and an alternative meeting agenda date will be selected.
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

C. When a proposed ordinance or resolution is produced and/or provided by a Governing Body member, and lacks City staff document drafting, operational impact assessment, fiscal analysis, and applicable research, the proposed ordinance or resolution shall be placed on a work session meeting agenda for discussion and review, prior to being placed on a meeting agenda where action is taken. Submission of the proposed ordinance or resolution for work session agenda placement shall occur per the timelines stated in these rules. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2.  While the Governing Body is in session, no person shall disturb or cause a breach of the peace, pursuant to Municipal Code Section 131.05 Disturbing the Peace, or delay or interrupt the proceedings of the Governing Body.

3.  Electronic devices shall be kept in silent mode during the meeting.

4.  No signage, banners, posters, or props shall be held or displayed in the Governing Body Chambers, Overflow Room or the room where the meeting is occurring, if elsewhere, in a manner that blocks the view of others or creates a distraction from the business of the Governing Body.

5.  The Director of the Department of Public Safety (Police), or their designee, shall serve as sergeant-at-arms.

6. The Director of the Department of Fire and Rescue, or their designee, shall enforce the room capacity, ingress and egress of the room where the Governing Body meeting is occurring.

## 2.4    Ordinances and Resolutions

A. Ordinances ~~[illegible redacted text]~~

1. Pursuant to Municipal Code Section 30.08, an ordinance, other than an ordinance pertaining to a land use and zoning matter as authorized in 3-21-6 NMSA, 1978, shall have two readings prior to adoption.

    a.  An ordinance shall be adopted by no less than four (4) affirmative votes, pursuant to City Charter Section 2.11.

    b.  If approved on first reading, an ordinance shall be published one time, by title and general summary, as a legal advertisement in a newspaper of general circulation within the City, no later than seven (7) days prior to the meeting at which it is to be considered for adoption.

    c.  An ordinance is presented for consideration and adoption at second reading.

    d.  An ordinance is open to amendment on first reading or upon second reading, in accordance with these rules.

    e. Substantive amendments, which is defined as three (3) or more non-clerical and/or scrivener's error changes, offered at second reading shall require adoption of the ordinance to be postponed to a subsequent meeting to allow sufficient time for public notice.

    f. Zoning and land use ordinances as authorized in 3-21-6 NMSA 1978 shall be published one time, by title and subject, as a legal advertisement in a newspaper of general circulation within the City, no later than fifteen (15) days prior to the meeting at which it is to be considered for adoption.  Only one reading is required for zoning and land use ordinances, at which final action shall be taken, pursuant to Municipal Code Chapter Section 30.08.

2. Adopted ordinances shall become effective at the expiration of ten (10) days after adoption, or at any later date specified therein, pursuant to City Charter Section 2.11. Enacted ordinances shall be published one time, by title and general summary, as a legal advertisement in a newspaper of general circulation within the City, unless otherwise provided by law, pursuant to Municipal Code Section 30.08.

[text obscured by redaction]

1. A resolution may be adopted at the meeting at which it is introduced, pursuant to Municipal Code Section 30.08.

    a. Resolutions shall be adopted by no less than four (4) affirmative votes, pursuant to City Charter Section 2.11.

    b. Resolutions shall remain in effect until rescinded or replaced by a subsequent resolution on the same subject.

    c. Resolutions are open to amendment provided such amendment does not constitute a substantive change, which is defined as three (3) or more non-clerical and/or scrivener's error changes. Amendments shall be in accordance with these rules.

    d. Substantive amendments offered to resolutions require the resolution to be postponed to a subsequent meeting to allow sufficient time for public notice.

2. Adopted resolutions shall become effective upon adoption unless a later date is specified in the resolution, pursuant to Municipal Code Section 30.08.

C. Withdrawal of Ordinances and Resolutions. An ordinance or resolution which has been introduced, as defined in these rules, is in the possession of the Governing Body and may be withdrawn only with the consent of the Governing Body.

D. Substitutes for Ordinances and Resolutions.  A Governing Body member may recommend that every clause in an ordinance or resolution is changed and that entirely new matter is substituted, so long as the new matter is relevant to the title and subject of the originally introduced legislation. At least twenty-four (24) hours prior to the meeting date at which the matter is scheduled to be discussed, substitute language for an ordinance or resolution shall be submitted to the City Clerk, who will assign a substitute number and make available to Governing Body members.

E. Emergency Ordinances. An emergency ordinance is an ordinance adopted by the Governing Body to meet a public emergency affecting life, health, property, or the public peace.  Such ordinances may not levy taxes; grant, renew or extend a franchise; or regulate the rate charged by any public utility for its services, pursuant to City Charter Section 2.12.

    1. An emergency ordinance shall be introduced in the same manner as all other ordinances generally, except that it shall be titled an emergency ordinance and shall contain a declaration stating that an emergency exists and describing it in clear and specific terms. An emergency ordinance is subject to amendment and can be adopted at the meeting at which it was introduced.

    2. An adopted emergency ordinance shall be published and printed as all other adopted ordinances and shall become effective upon adoption or at a later time as it may specify.

F. Authentication. Enacted ordinances and resolutions shall be authenticated by signature of the Mayor and City Clerk and affixation of the City Seal, pursuant to City Charter Section 2.14 and Municipal Code Section 30.08.

2.5    Approval of Communication Documents

A. Communication documents are the class of action in which the Governing Body shall make the final determination upon the recommendation of the Mayor or the City Manager. Those items requiring



*Appendix A*

# Legislation Drafting Request Form

Date: _____          Elected Official Name: _____

1.  Resolution or Ordinance: _____

2.  Requested Meeting Date for Consideration: _____

3.  Subject: _____

    _____

4.  Intent: _____

    _____

5.  Proposed Effective Date: _____

6.  Background Information: _____

    _____

    _____

    _____

7.  Funding Source (if applicable): _____

    _____

8.  Other: _____

    _____

9.  List of Documentation Provided/Attached: _____

    _____

---

*City Manager (or designee) Response*

Requested Meeting Date Confirmation: _____

Alternate Meeting Date: _____

Reason(s) for Alternate Meeting Date: _____

_____

## EXHIBIT B

### Randomly Selected Ordinances from 2022, 2023, and 2024

This exhibit contains official copies of ordinances enacted by the City of Rio

Rancho in the years 2022, 2023, and 2024. These samples are represented to

demonstrate the city's consistent failure to comply with mandatory legislative

procedures specifically the absence of sponsor, proper presentation, and proper

notification of sponsor on the official record in accordance with governing body

rules of procedure 2.1 B.3 and 2.1 C.

Two ordinances from 2022: March 24, 2022 and October 13, 2022





**CITY OF RIO RANCHO**

**Legislation Item: O4**



AGENDA DATE:
   March 24, 2022

DEPARTMENT:
   Financial Services

SUBJECT:
   O4, Ordinance Authorizing the Issuance and Sale of City of Rio Rancho, New Mexico, Tax-Exempt General Obligation Improvement Bonds, Series 2022, in the principal amount of $15,250,000, Payable From Ad Valorem Taxes Levied on all Taxable Property Within the City, Levied Without Limit as to Rate or Amount; Providing for the Form, Certain, Terms and Conditions of the Bonds, the Manner of Their Execution, and the Method of and Security for Payment Thereof; Delegating Authority to Each of the Mayor, City Manager, and City Financial Services Director to Determine the Method of Sale of the Bonds and to Determine the Maturity Dates and Amounts, Interest Rates, Prices, Redemption Features and Other Final Terms of the Bonds in an Award Certificate; and Providing for Other Details Concerning the Bonds

BACKGROUND AND ANALYSIS:
   Rio Rancho's street system ongoing requirements for increased investment in all aspects of the road program (preventive maintenance, rehabilitation, reconstruction, etc.). The needs exceed the recurring resources currently available to the City's government. For example, the City's 2022 - 2027 Infrastructure Capital Improvement Plan (ICIP) has approximately $89 million listed in road work, of which $29.4 has no identified funding source.

   Additionally, current revenues are not keeping pace with the City's capital needs for vehicle and apparatus replacement and facilities, particularly for public safety departments. For example, approximately 9% of the Police Department's vehicles have over 100,000 miles, with an additional 7% of the vehicles likely reaching this mileage within the next year. The Fire and Rescue Department has $8.6 million in identified apparatus and vehicle needs and identified in the City's 2022 - 2027 ICIP.

   Finally, as the City grows, the need for quality of life-related improvements such as parks and recreational options and increased capacity at City libraries has become more of a priority with very limited means funding such improvements.

   The Governing Body discussed the needs, options, and placement of General Obligation bond questions on the March 2022 ballot at a work session meeting held on March 16, 2021, and as part of the biennial Citizen Survey discussion on August 12, 2021. On October 28, 2021, the Governing Body approved a Resolution authorizing placement of bond questions on the March 1, 2022 ballot and the proposed project list to seek voter approval of all three bond questions.

   Rio Rancho voters approved all three bond questions which, together, authorize the City to issue up to $15.25 million in General Obligation bonds. The voters approved (76% in favor) up to $10,610,000 of General Obligation bonds to be issued for improvements to the road system, voters approved (72% in favor) up to $3,600,000 for public safety facilities, equipment, and apparatus, and



*Regular Governing Body Meeting*
**City of Rio Rancho
AGENDA
March 24, 2022
6:00 PM
<u>Council Chambers</u>**

**Governing Body Members**

| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Jim Owen, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Daniel Stoddard, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Individual wishing to present verbal public comment may do so in-person or remotely via Zoom meeting software with the below access information:

Join by Computer:
https://us06web.zoom.us/j/96233897543?pwd=V1RZSWVrVkc2aE53UU1uTnBSMVo2dz09
Meeting ID: 962 3389 7543
Passcode: 215167

Join by Phone:
1 346 248 7799 US
Meeting ID: 962 3389 7543
Passcode: 215167

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**

**Comments by Councilors**

**Consent Calendar**
There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1.**  Minutes of March 10, 2022 Regular Meeting
    *Minutes of March 10, 2022 Regular Meeting*
    *Minutes of March 10, 2022 - Signed*

**2.**  R15, Authorizing the Disposal of Non-Working Office Furniture
    *Resolution*
    *Asset Disposal form.pdf*
    *Picture_2.jpg*
    *Picture_1.jpg*

1

*R15 - Signed*

**3.**  R16, Resolution Authorizing a Budget Adjustment to the Fire Protection Fund (250), the City Facilities Fund (313), and the State Appropriations Fund (315) for Fire Station 5 Renovations
*Resolution*
*R16 - Signed*

**Boards and Commissions**

**Public Hearings**

**4.**  D15, Site Plan approval for Slim Chickens at 1909 Wellspring Ave SE, Unit 10, Block 28, Lot 2
*Application and Authorization.pdf*
*Authorization*
*Zoning, Location.pdf*
*Site Plan*
*Reviewer Comments.pdf*
*Reproduction of Notices.pdf*
*Special Use Ordinance 12-23 O-23.pdf*

**5.**  Appeal 22-004, Howard Balmer as agent for Andrew DeTommaso, January 6, 2022 appeal of the Planning and Zoning Board's Denial of Subdivision Variances, Case #21-280-00006
*Subdivision Variance 21-280-00006 ABM for PZB meeting 12.14.2021.pdf*
*Preliminary-Final Plat 21-210-00020 ABM for PZB 12.14.2021.pdf*
*Appeal 1734_001.pdf*
*Andrew DeTommaso_CORR Appeal Letter (1).pdf*
*DRAFT 2 - GRADING Model (1).pdf*
*NMED ATS-2 letter.pdf*
*Public Notice of Appeal.pdf*
*Chapter 155 Subdivisions.pdf*
*3-20-8. Alternate summary procedure. _ ...r 3 - Municipalities _ NMOneSource.pdf*
*Comprehensive Plan 3-Annexations-Element-schbl.pdf*
*Planning and Zoning Board Minutes 12.14.2021.pdf*

**Second Reading of Ordinances**



**6.**  ████████████████ Issuance and Sale of City of Rio Rancho, New Mexico, Tax-Exempt General Obligation Improvement Bonds, Series 2022, in the principal amount of $15,250,000, Payable From Ad Valorem Taxes Levied on all Taxable Property Within the City, Levied Without Limit as to Rate or Amount; Providing for the Form, Certain, Terms and Conditions of the Bonds, the Manner of Their Execution, and the Method of and Security for Payment Thereof; Delegating Authority to Each of the Mayor, City Manager, and City Financial Services Director to Determine the Method of Sale of the Bonds and to Determine the Maturity Dates and Amounts, Interest Rates, Prices, Redemption Features and Other Final Terms of the Bonds in an Award Certificate; and Providing for Other Details Concerning the Bonds
*Ordinance*
*Disclosure_Memo_to_GB__S0077086xAB122_PW.DOCX*
*PW Edit 2022 POS 3.14.22 (S0076935xAB122).DOCX*

**Discussion and Deliberation**

**City Manager**



*Governing Body*
of the
City of Rio Rancho

**MINUTES**

MARCH 24, 2022
6:00 PM
Council Chambers, City Hall

**MEMBERS PRESENT:**
Greggory D. Hull, Mayor
Jim Owen, Councilor Dist. 1
Jeremy Lenentine, Councilor Dist. 2
Bob Tyler, Councilor Dist. 3
Daniel Stoddard, Councilor Dist. 6

**MEMBERS ABSENT:**
Paul Wymer, Councilor Dist. 4
Karissa Culbreath, Councilor Dist. 5

**STAFF PRESENT:**
Matt Geisel, City Manager
Peter Wells, Deputy City Manger
Greg Lauer, City Attorney
Rebecca Martinez, City Clerk
Connie Peterson, Director, Parks, Rec. & Comm
Carol Jaramillo, Dir. of Fin. Svcs. (Virtual)
Amy Rincon, Director of Development Svc.
James Defilippo, Acting Fire Chief
Yolanda Lucero, Deputy City Clerk

**CALL TO ORDER AND PLEDGE OF ALLEGIANCE**

Mayor Hull called the meeting to order at 6:00 p.m.

Mayor Hull stated his Governing Body Meeting will convene under the virtual format prescribed by the Attorney General's Office guidance issued for public meetings subject to the Open Meetings Act. This includes virtual or telephonic access via Zoom meeting software by members of the public who choose to participate in this fashion.

Each member stated their presence. Councilor Wymer and Culbreath have been excused from today's meeting.

Mayor Hull stated on March 21, 2022 at 3:00 p.m. the Governing Body held a Closed Session in accordance with Section 10-15-1 (H)(7) NMSA, 1978, meetings subject to the attorney-client privilege pertaining to threatened or pending litigation in which the public body is or may become a participant, to discuss complaint No. D-1329-CV-2022-00259. No action was taken during this session.

**PROCLAMATIONS AND AWARDS OF MERIT**

Mayor Hull read a Proclamation for Autism Awareness Month.

**PUBLIC FORUM**

The following individual spoke under this item:

1

1  Casey Brandt
2
3  **COMMENTS BY COUNCILORS**
4
5  **CONSENT CALENDAR**
6
7  1.) Minutes of March 10, 2022 Regular Meeting
8  2.) R15, Authorizing the Disposal of Non-Working Office Furniture
9  3.) R16, Resolution Authorizing a Budget Adjustment to the Fire Protection Fund (250),
10  the City Facilities Fund (313), and the State Appropriations Fund (315) for Fire Station 5
11  Renovations
12
13      Daniel Stoddard moved to approve consent calendar.  Seconded by Jeremy
14      Lenentine.
15
16      The motion carried by a vote of 5 FOR and 0 AGAINST.
17      YES:  Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Daniel Stoddard
18      NO:   None
19
20  **BOARDS AND COMMISSIONS**
21
22  **PUBLIC HEARINGS**
23
24  4.) D15, Site Plan approval for Slim Chickens at 1909 Wellspring Ave SE, Unit 10, Block
25  28, Lot 2
26
27  Ms. Rincon presented this item. The subject property is located at 1909 Wellspring Ave.
28  SE, legally described as Unit 10, Block 28, Lot 2, and consists of approximately 1.10
29  acres. The subject property is zoned SU: Special Use. Staff recommends the Governing
30  Body approve the applicant's request for Site Plan Approval with findings and
31  conditions.
32
33  Ronald Bohannan, Applicant gave a brief overview on the proposed project and was
34  available to answer any questions.
35
36  Jarrod Likar was available for questions.
37
38      Bob Tyler moved to approve D15.  Seconded by Jeremy Lenentine.
39
40      The motion carried by a vote of 5 FOR and 0 AGAINST.
41      YES:  Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Daniel Stoddard
42      NO:   None
43
44  5.) Appeal 22-004, Howard Balmer as agent for Andrew DeTommaso, January 6, 2022
45  appeal of the Planning and Zoning Board's Denial of Subdivision Variances, Case #21-

1  <u>280-00006</u>
2
3  Ms. Rincon presented this item. Subdivision variance case #21- 280-00006 was publicly
4  noticed and heard by the Planning and Zoning Board on December 14, 2021. The
5  Planning and Zoning Board voted zero in favor and five against approving the
6  subdivision variance. Without the approval of the subdivision variance the
7  preliminary/final plat could not meet the requirements of Chapter 155 and was
8  withdrawn by staff. The appeal letter disagrees with the determination for the applicant
9  to go through a preliminary/final plat process and to submit for subdivision variances. If
10 there was an issue with the application process, the applicant should have noted it prior
11 to the Planning and Zoning Board meeting so that the applicant could have appealed
12 the determination on the application process to the City Manager for further review and
13 consideration. This specific appeal is based upon the final action of the Planning and
14 Zoning Board, which was to deny subdivision variance request case #21-280-00006.
15 Staff recommends that the Governing Body considers the number of lot splits that would
16 be proposed along dirt roads without access to city water and sewer and how that would
17 impact existing residents and be contradictory to the goals and policies of the
18 Comprehensive Plan and the Chapter 155 Subdivisions. Development Services
19 Department staff recommends denial of the appeal.
20
21 Howard Balmer, Agent gave a brief overview of the proposal. He voiced concern with
22 the findings from staff and respectfully believes that there is an error of what the true
23 definition of what a subdivision is. Most construe a subdivision as various lots and not a
24 division of one lot into two. Historically most lot splits in the City of Rio Rancho have
25 been approved and there is precedent. The owner's goal is to build a house on one side
26 for himself and on the other side that will be for his children in order to build another
27 house here in the near future.
28
29 Andrew DeTommaso, Appellant was available for questions.
30
31         Daniel Stoddard <u>moved to approve Appeal 22-004 and overturning the Planning</u>
32         <u>and Zoning Boards decision.</u>  Seconded by Bob Tyler.
33
34         The motion carried by a vote of 5 FOR and 0 AGAINST.
35         YES:  Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Daniel Stoddard
36         NO:   None
37
38 **SECOND READING OF ORDINANCES**
39
40 ~~FIRST READING OF ORDINANCES~~
41
42 6.) <u>O4, Ordinance Authorizing the Issuance and Sale of City of Rio Rancho, New</u>
43 <u>Mexico, Tax-Exempt General Obligation Improvement Bonds, Series 2022, in the</u>
44 <u>principal amount of $15,250,000, Payable From Ad Valorem Taxes Levied on all</u>
45 <u>Taxable Property Within the City, Levied Without Limit as to Rate or Amount; Providing</u>
46 <u>for the Form, Certain, Terms and Conditions of the Bonds, the Manner of Their</u>

3

Execution, and the Method of and Security for Payment Thereof; Delegating Authority to Each of the Mayor, City Manager, and City Financial Services Director to Determine the Method of Sale of the Bonds and to Determine the Maturity Dates and Amounts, Interest Rates, Prices, Redemption Features and Other Final Terms of the Bonds in an Award Certificate; and Providing for Other Details Concerning the Bonds

████████████████████████████ Rio Rancho voters approved all three bond questions which, together, authorize the City to issue up to $15.25 million in General Obligation bonds. In order to issue General Obligation bonds, the Governing Body must approve an ordinance that outlines the parameters of the bonds to be issued. Once issued, the bonds will provide resources for road improvements, public safety improvements, and quality of life facilities improvements. There is no impact to the General Fund.

Daniel Stoddard moved to approve O4. Seconded by Jeremy Lenentine.

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES:  Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Daniel Stoddard
NO:   None

**DISCUSSION AND DELIBERATION**

**CITY MANAGER**

**COMMENTS BY COUNCILORS**

**ADJOURNMENT**

7:00 p.m.

APPROVED THIS APRIL 14, 2022

_____
Greggory D. Hull, Mayor

ATTEST:

Rebecca A. Martinez, City Clerk
        SEAL



**CITY OF RIO RANCHO
ORDINANCE**



ORDINANCE NO. 4                                    ENACTMENT NO. 22-04

**AN ORDINANCE AUTHORIZING THE ISSUANCE AND SALE OF CITY OF RIO RANCHO, NEW MEXICO, TAX-EXEMPT GENERAL OBLIGATION IMPROVEMENT BONDS, SERIES 2022, IN THE PRINCIPAL AMOUNT OF $15,250,000, PAYABLE FROM AD VALOREM TAXES LEVIED ON ALL TAXABLE PROPERTY WITHIN THE CITY, LEVIED WITHOUT LIMIT AS TO RATE OR AMOUNT; PROVIDING FOR THE FORM, CERTAIN TERMS AND CONDITIONS OF THE BONDS, THE MANNER OF THEIR EXECUTION, AND THE METHOD OF AND SECURITY FOR PAYMENT THEREOF; DELEGATING AUTHORITY TO EACH OF THE MAYOR, CITY MANAGER AND CITY FINANCIAL SERVICES DIRECTOR TO DETERMINE THE METHOD OF SALE OF THE BONDS AND TO DETERMINE THE MATURITY DATES AND AMOUNTS, INTEREST RATES, PRICES, REDEMPTION FEATURES AND OTHER FINAL TERMS OF THE BONDS IN AN AWARD CERTIFICATE; AND PROVIDING FOR OTHER DETAILS CONCERNING THE BONDS.**

WHEREAS,  At the general obligation bond election held for the City of Rio Rancho (the "City"), State of New Mexico, on the 1st day of March, 2022, the electors of the City authorized the Governing Body of the City (the "Governing Body") to contract bonded indebtedness on behalf of the City and upon the credit thereof by issuing general obligation bonds of the City (the "Bonds") to secure funds for the following purpose (the "Project"), in the following amounts:

| Purpose | Amount Authorized by election | Amount previously issued | Amount to be issued |
|---|---|---|---|
| Designing, constructing, repairing, preserving, rehabilitating, enhancing and otherwise improving roads and underlying utility infrastructure | $10,610,000 | -0- | $10,610,000 |
| Designing, constructing, repairing, | $3,600,000 | -0- | $3,600,000 |

1

**Section 21. Repealer Clause.** All acts and resolutions in conflict with this ordinance are hereby rescinded, annulled and repealed.

ADOPTED THIS 14th DAY OF APRIL, 2022.

_____
Greggory D. Hull, Mayor

ATTEST:

Rebecca A. Martinez, City Clerk

(SEAL)

19





**CITY OF RIO RANCHO**

**Legislation Item: O24**



AGENDA DATE:
October 13, 2022

DEPARTMENT:
Administration

SUBJECT:
O24, Ordinance Amending Chapter 33 Boards, Commissions, and Committees to Establish an Investment Advisory Board

BACKGROUND AND ANALYSIS:
Second reading of an Ordinance.

On March 1, 2022 Rio Rancho voters approved a City Charter amendment with 62 percent support to establish a Permanent Fund with an initial investment of $10,000,000, the principal of which shall remain intact in perpetuity, with 50 percent of the investment earning added to the principal and 50 percent of the investment earnings distributed annually to the City General Fund for general government purposes, and with guidelines concerning additional contributions, investments and responsibilities for the management and administration of the Permanent Fund to be determined pursuant to one or more ordinances adopted by the Governing Body.

On September 22, 2022, the Governing Body adopted an Ordinance setting the parameters for managing the Permanent Fund including utilization of an Investment Advisory Board. The investment policy statement (investment strategy considerations, permissible investments, safekeeping requirements, requirements for delivery versus payment of investment trades, collateralization requirements, and reporting) for the Permanent Fund was approved the Governing Body on September 22, 2022.

This Ordinance will establish a citizen Investment Advisory Board and the Board's specific duties. The Board will consist of seven members that are municipal residents; one member from each of the six City Council Districts and one at-large member. Knowledge or professional experience in public finance or public funds investing will be desirable for Board members to possess.

Pursuant to the City Charter, the Mayor will make appointments to the Board, subject to Governing Body confirmation.

The Board will provide input regarding the management of the Permanent Fund and associated investment policy.  In addition, the Board will assume duties/responsibilities previously allocated to an Investment Advisory Group for local government investment portfolios and associated policy.

Pursuant to Municipal Code Section 36.60, an Investment Advisory Group currently exists and consists of the Mayor, Deputy Mayor, City Manager or designee, the Treasurer (Director of Finance), another department head selected by the City Manager, and two residents of the City appointed by the Mayor with Governing Body approval who have expert knowledge or professional experience in public finance or public.

A separate Ordinance and Resolution will dissolve the Group and reassign its duties to the new Board.

IMPACT:
A new citizen Board will be created to provide input to the Governing Body regarding the management of the voter-approved City Charter Permanent Fund and associated investment policy, as well as other local government investment portfolios and associated policy.

ALTERNATIVES:
Approve the Ordinance.

Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
Staff recommendations approval of the Ordinance as presented.

ATTACHMENT: Ordinance
ATTACHMENT: O24 - Signed



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**October 13, 2022**
**6:00 PM**
**<u>Council Chambers</u>**

**Governing Body Members**

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Jim Owen, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Daniel Stoddard, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Individuals wishing to present public comment may do so in-person or remotely via Zoom meeting software with the access information below:

Join by Computer:
https://us06web.zoom.us/j/85302353741?pwd=bWp1QXliSGJoeHhJaGVOczF4MDN0UT09
Meeting ID: 853 0235 3741
Passcode: 789419

Join by Phone:
Dial   +1 720 707 2699 US then enter the Meeting ID and Passcode above

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**<u>1.</u>**   Walk to End Alzheimer's Day Proclamation

**Public Forum**

**Comments by Councilors**

**Consent Calendar**
There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**<u>2.</u>**   Minutes of September 22, 2022 Regular Meeting
***Minutes of September 22, 2022 Regular Meeting***
***Minutes of September 22, 2022 - Signed***

**<u>3.</u>**   Minutes of September 23, 2022 Special Work Session Meeting
***Minutes of September 23, 2022 Special Work Session Meeting***
***Minutes of September 23, 2022 - Signed***

1

**4.**    R91, Resolution Authorizing a Budget Adjustment to the Municipal Road Fund (270) and the Infrastructure Fund (305) for a New Mexico Department of Transportation (NMDOT) Local Government Road Fund (LGRF) Cooperative Project Grant
*Resolution*
*R91 - Signed*

**5.**    R92, Resolution Authorizing a Budget Adjustment to the Road Impact Fees Fund (351) for Northern Boulevard Expansion Phase B Design
*Resolution*
*R92 - Signed*

**6.**    R93, Resolution Accepting FY22 Justice Assistance Grant for the Purchase of Law Enforcement Equipment
*Resolution*
*R93 - Signed*

**7.**    R94, Resolution Authorizing a Budget Adjustment to the Police Department Major Furniture & Equipment Budget for the Purchase of a Mobile Surveillance Trailer
*Resolution*
*R94 - Signed*

**8.**    R95, Resolution Accepting FY 22 Patrick Leahy Bulletproof Vest Partnership Grant
*Resolution*
*R95 - Signed*

**9.**    R96, Resolution Accepting a Grant from the American Library Association, Public Library Association, and AT&T
*Resolution*
*R96 - Signed*

**10.**    R97, Resolution Authorizing a Budget Adjustment to the Public Safety Miscellaneous Revenue Fund (246) and the Equipment Replacement Fund (312) For Police Laptops
*Resolution*
*R97 - Signed*

**11.**    D55, Keep Rio Rancho Beautiful Advisory Board Annual Report to Governing Body
*KRRB 2022 Annual Report*

**12.**    R98, Resolution Approving the 2023 Holiday Schedule for Employees
*Resolution*
*R98 - Signed*

**Boards and Commissions**

**Public Hearings**

**13.**    R99, Public Hearing and Approval of Liquor License and Waiver for BZ Restaurant Group, LLC dba Joe's Pasta House, Located at 3201 Southern Blvd. SE, Rio Rancho, NM 87124
*Resolution*
*Application*
*Legal Publication*
*R99 - Signed*

**Second Reading of Ordinances**

2

━━━━━ Chapter 33 Boards, Commissions, and Committees to Establish an Investment Advisory Board
*Ordinance*
*O24 - Signed*

━━━━━ Chapter 36 Finance and Revenue
*Ordinance*
*O25 - Signed*

**First Reading of Ordinances**

**Discussion and Deliberation**

16. D56, Advice and Consent of the Governing Body to Award Contract No. 23-PW-023: King Boulevard Expansion for a total of $8,055,618.24 (including NMGRTs) to Albuquerque Asphalt, Inc.
*Contract 23-PW-023 revised 9-6-22*
*King Blvd Expansion PW2011 Map*

17. D57, Advice and Consent to Award a Construction Contract for Wastewater Treatment Plant 5 Headworks Improvements in the amount of $1,334,113.82 (including NMGRT) to TLC, Inc.
*Contract 23-UT-035 Final Draft*
*WW2172-Wastewater Treatment Plant5 GIS Site Map*

18. R100, Resolution Designating Cost Recovery Method for Public Service Company of New Mexico's Pachmann Distribution Feeders Project
*Resolution*
*Letter to the City of Rio Rancho September 1 2022*
*R100 - Signed*

**City Manager**

**Comments by Councilors**

**Adjournment**

3



*Governing Body*
of the
City of Rio Rancho

**MINUTES**

OCTOBER 13, 2022
6:00 PM
Council Chambers, City Hall

**MEMBERS PRESENT:**
Greggory D. Hull, Mayor
Jim Owen, Councilor Dist. 1
Jeremy Lenentine, Councilor Dist. 2
Bob Tyler, Councilor Dist. 3
Paul Wymer, Councilor Dist. 4
Karissa Culbreath, Councilor Dist. 5
Daniel Stoddard, Councilor Dist. 6(virtual)

**STAFF PRESENT:**
Matt Geisel, City Manager
Peter Wells, Deputy City Manager
Josh Rubin, Acting City Attorney
Rebecca Martinez, City Clerk
Carole Jaramillo, Director of Financial Svcs.
BJ Gottlieb, Director of Public Works
Jim Chiasson, Director of Utilities
Yolanda Lucero, Deputy City Clerk

**CALL TO ORDER AND PLEDGE OF ALLEGIANCE**

Mayor Hull called the meeting to order at 6:00 p.m.

**PROCLAMATIONS AND AWARDS OF MERIT**

1.) Walk to End Alzheimer's Day Proclamation

Mayor Hull read a proclamation for the Walk to End Alzheimer's Day Proclamation.

**PUBLIC FORUM**

**COMMENTS BY COUNCILORS**

**CONSENT CALENDAR**
2.) Minutes of September 22, 2022 Regular Meeting
3.) Minutes of September 23, 2022 Special Work Session Meeting
4.) R91, Resolution Authorizing a Budget Adjustment to the Municipal Road Fund (270) and the Infrastructure Fund (305) for a New Mexico Department of Transportation (NMDOT) Local Government Road Fund (LGRF) Cooperative Project Grant
5.) R92, Resolution Authorizing a Budget Adjustment to the Road Impact Fees Fund (351) for Northern Boulevard Expansion Phase B Design
6.) R93, Resolution Accepting FY22 Justice Assistance Grant for the Purchase of Law Enforcement Equipment
7.) R94, Resolution Authorizing a Budget Adjustment to the Police Department Major Furniture & Equipment Budget for the Purchase of a Mobile Surveillance Trailer

1  8.) R95, Resolution Accepting FY 22 Patrick Leahy Bulletproof Vest Partnership Grant
2  9.) R96, Resolution Accepting a Grant from the American Library Association, Public
3  Library Association, and AT&T
4  10.) R97, Resolution Authorizing a Budget Adjustment to the Public Safety
5  Miscellaneous Revenue Fund (246) and the Equipment Replacement Fund (312) For
6  Police Laptops
7  11.) D55, Keep Rio Rancho Beautiful Advisory Board Annual Report to Governing Body
8  12.) R98, Resolution Approving the 2023 Holiday Schedule for Employees
9
10      Jim Owen moved to approve consent calendar. Seconded by Paul Wymer.
11
12      The motion carried by a vote of 6 FOR and 0 AGAINST.
13      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
14      Daniel Stoddard
15      NO:   None
16
17  **BOARDS AND COMMISSIONS**
18
19  **PUBLIC HEARINGS**
20
21  13.) R99, Public Hearing and Approval of Liquor License and Waiver for BZ Restaurant
22  Group, LLC dba Joe's Pasta House, Located at 3201 Southern Blvd. SE, Rio Rancho,
23  NM 87124
24
25  Ms. Martinez presented this item. This is a request for a new liquor license due to new
26  ownership for Joe's Pasta House. Approving the Resolution will also grant a waiver to
27  operate the liquor license within three-hundred feet of a church. The City has granted
28  previous owners at this location a liquor license since 1999. The Alcohol Beverage
29  Control Division has given this application conditional preliminary approval.
30
31      Daniel Stoddard moved to approve R99. Seconded by Karissa Culbreath
32
33      The motion carried by a vote 6 FOR and 0 AGAINST.
34      YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
35      Daniel Stoddard
36      NO: NONE
37
38  **SECOND READING OF ORDINANCES**
39
40  14.) O31, Ordinance Amending Chapter 33 Boards, Commissions, and Committees to
41  Establish an Investment Advisory Board
42
43  ██████████████████████████. This is the second reading that seeks approval of an
44  ordinance to establish the Investment Advisory Board. The Board will consist of seven
45  members that are municipal residents; one member from each of the six City Council

Districts and one at-large member. Pursuant to the City Charter, the Mayor will make appointments to the Board, subject to Governing Body confirmation.

Karissa Culbreath moved to approve O24. Seconded by Jeremy Lenentine

The motion carried by a vote 6 FOR and 0 AGAINST.
YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Daniel Stoddard
NO: NONE

15.) ████████ Ordinance Amending Chapter 36 Finance and Revenue

████████████████████████████ The Ordinance will replace the current Investment Advisory Group with the Investment Advisory Board, and reassign applicable duties.

Jeremy Lenentine moved to approve O25. Seconded by Daniel Stoddard

The motion carried by a vote 6 FOR and 0 AGAINST.
YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Daniel Stoddard
NO: NONE

**FIRST READING OF ORDINANCES**

**DISCUSSION AND DELIBERATION**

16.) D56, Advice and Consent of the Governing Body to Award Contract No. 23-PW-023: King Boulevard Expansion for a total of $8,055,618.24 (including NMGRTs) to Albuquerque Asphalt, Inc.

Mr. Gottlieb presented this item. The King Boulevard Expansion project from Wilpett Drive to Unser Boulevard includes expanding King Boulevard from two lanes to four lanes, installing raised medians, curb and gutter, concrete sidewalk, concrete curb ramps which comply with the Americans with Disabilities Act, asphalt multi-use path, sanitary sewer main line and services, water line services, storm drain, intersection lighting, pavement markings, and landscape gravel. Additive alternates for the installation of a roundabout at the intersection of Wilpett Drive and King Boulevard, corridor lighting, and the use warm mix asphalt were included. The construction duration for this project is estimated to be six months. This project is funded by City General Funds, voter-approved 2022 G.O. Bond Funds, and the City Enterprise (Utilities Department) fund. The proposed contract for Albuquerque Asphalt, Inc. totals $8,055,618.24 including NMGRTs.

Greggory Hull moved to approve D56. Seconded by Jeremy Lenentine

The motion carried by a vote 6 FOR and 0 AGAINST.

3

1  YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
2  Daniel Stoddard
3  NO: NONE
4
5  1▮▮▮▮▮▮▮ and Consent to Award a Construction Contract for Wastewater
6  Treatment Plant 5 Headworks Improvements in the amount of $1,334,113.82 (including
7  NMGRT) to TLC, Inc.
8
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮astewater Treatment Plan currently treats up to
10 250,000-gallons of wastewater daily. Over time, the headworks screens have clogged
11 and the existing headworks drum screens have exceeded their life expectancy. The
12 funding source for this project, $1,334,113.82 is existing Utilities Department revenues
13 sources. The project work schedule to replace equipment is nine months. TLC, Inc. was
14 the low bidder.
15
16 Bob Tyler moved to approve D57. Seconded by Jeremy Lenentine
17
18 The motion carried by a vote 6 FOR and 0 AGAINST.
19 YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
20 Daniel Stoddard
21 NO: NONE
22
23 ▮▮▮▮▮▮▮▮lution Designating Cost Recovery Method for Public Service Company
24 of New Mexico's Pachmann Distribution Feeders Project
25
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮ the Public Service Company of New Mexico has notified
27 City of its intent to construct a new distribution project for electrical system reliability and
28 to account for growth in Rio Rancho, which is referred to as the Pachmann Distribution
29 Feeders. If the Resolution is approved and the NMPRC approves PNM's rate rider
30 request, all electricity customers within the City's jurisdiction will have a fixed rate rider
31 applied to their monthly bill for 36 months. The monthly amount will be based on
32 customer type and PNM's rate schedule.
33
34 Daniel Stoddard moved to approve R100. Seconded by Bob Tyler
35
36 Sherrick Roanhorse and Jeremy Tabet with PNM gave a brief overview and were
37 available for questions.
38
39 The motion carried by a vote 6 FOR and 0 AGAINST.
40 YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
41 Daniel Stoddard
42 NO: NONE
43
44 **CITY MANAGER**
45

4

1  Mr. Geisel stated the Fall Festival at City Center will be Saturday, October 22, 2022
2  from 2 p.m. to 8 p.m.
3
4  **COMMENTS BY COUNCILORS**
5
6  **ADJOURNMENT**
7
8  6:38 p.m.
9
10 **APPROVED THIS OCTOBER 27, 2022**
11
12
13                                                    **Greggory D. Hull, Mayor**
14 **ATTEST:**
15
16
17 **Rebecca A. Martinez, City Clerk**
18              **SEAL**

 **CITY OF RIO RANCHO**



**ORDINANCE NO.24**                                    **ENACTMENT NO.22-24**

### ORDINANCE AMENDING CHAPTER 33 BOARDS, COMMISSIONS, AND COMMITTEES TO ESTABLISH AN INVESTMENT ADVISORY BOARD

**WHEREAS:** on March 1, 2022 Rio Rancho voters approved a City Charter amendment to establish a Permanent Fund with an initial investment of $10,000,000, the principal of which shall remain intact in perpetuity, with 50 percent of the investment earning added to the principal and 50 percent of the investment earnings distributed annually to the City General Fund for general government purposes, and with guidelines concerning additional contributions, investments and responsibilities for the management and administration of the Permanent Fund to be determined pursuant to one or more ordinances adopted by the Governing Body; and

**WHEREAS:** the Governing Body has established via Ordinance the parameters for managing the Permanent Fund including utilization of an Investment Advisory Board; and

**WHEREAS:** the Governing Body desires to establish a new citizen Investment Advisory Board that will provide input regarding the management of the Permanent Fund and associated investment policy; and

**WHEREAS:** the Governing Body desires to assign duties/responsibilities previously assigned to an Investment Advisory Group for local government investment portfolios and associated policy to the new citizen Investment Advisory Board.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.**   An Ordinance titled, Investment Advisory Board, is hereby adopted to read:

**Chapter 33.XX INVESTMENT ADVISORY BOARD**

**§33.XX      BOARD ESTABLISHED.**
The Governing Body has determined that formal citizen input regarding the management of a voter-approved City Charter Permanent Fund and associated investment policy, as well as other local government investment portfolios and associated policy, is appropriate and advantageous.  An Investment Advisory Board is hereby established, comprised of citizens that will review applicable information and provide input to the Governing Body in the manner set forth in this section.

**§33.XX      MEMBERSHIP.**
(A)     The Board shall consist of seven members that are municipal residents. One member of the Board shall be appointed from each of the six (6) City Council Districts.

One member shall be appointed at-large. Knowledge or professional experience in public finance or public funds investing is desirable for Board members to possess.

(B)     The Mayor shall make appointments to the Board pursuant to Charter Articles 3.02 and 5.07.

(C)     Removal of a Board member shall be in accordance with Section 33.03.

(D)     Pursuant to Charter Article 5.07, no vacancy in the office of any member of the Board shall be caused by redistricting of City Council election districts.

(E)     Board members shall receive no compensation.

**§33.XX     TERMS OF SERVICE.**

(A)     Initial Board members shall be appointed in the following manner: One member shall serve a one-year term; three members shall serve a two-year term; and three members shall serve a three-year term. The designated initial term for each Board member shall be determined by lot and coordinated by the City Clerk.

(B)     The term of appointment for all Board members subsequent to initial appointments shall be three years.

**§33.XX     ORGANIZATION.**
(A)     The Board shall elect from its members a Chairperson and Vice-Chairperson. The Board shall elect its officers as the first order of business at the first regularly scheduled meeting of each fiscal year; the balance of such meeting shall be chaired by the newly elected Chairperson, if present, or the newly elected Vice-Chairperson in his or her stead.

(B)     Each officer's term shall be one year and a vacancy in any of the offices shall be filled by the Board as the first order of business at the first regularly scheduled meeting after the vacancy occurs for the unexpired term of the office to be filled.

(C)     The Chairperson shall preside at all meetings of the Board and, in the Chairperson's absence, the Vice-Chairperson shall preside.

**§33.XX     MEETINGS.**
(A)     The Board shall hold at minimum regular quarterly meetings.

(B)     All meetings of the Board shall be conducted pursuant to Section 33.04.

(C)     The Board and its meetings shall be subject to the Boards and Commissions Rules of Procedure established by the Governing Body.

(D)     A quorum of the Board shall be pursuant to Section 33.06.

**§33.XX     REPORTS TO GOVERNING BODY.**
(A)     The Board shall provide the Governing Body an annual report pursuant to Section 33.05.

2

(B)    The Board's required input to the Governing Body shall be limited to those matters approved by a vote of the Board at a duly noticed meeting, and shall be conveyed in a timely manner to the Governing Body by the Chairperson (or Vice-Chairperson in the Chairperson's absence), either in writing or in person at a Governing Body meeting.

§33.XX    STAFFING.
The City Manager shall assign appropriate personnel to present and provide information to the Board including, but not limited to, the City Treasurer, which is defined in Article 6.01 of the Charter as the Director of Finance.

§33.XX    DUTIES AND RESPONSIBILITIES.
The Board's duties and responsibilities regarding the City Charter Permanent Fund and other investment portfolios shall consist of only the following:

(A)    Review applicable investment policies annually and provide input to the Governing Body regarding proposed amendments, if any.

(B)    Beginning January 2024, and each January thereafter, provide input to the Governing Body regarding the general government purpose use of interest and dividend earnings that are fifty (50) percent above the prior year's Permanent Fund principal amount.

(C)    Beginning April 2024, and each April thereafter, provide input to the Governing Body regarding additional revenue contributions, if any, to the Permanent Fund principal amount.

(D)    Review investment holdings reports.

(E)    Review quarterly performance reports.

(F)    Review investments for compliance with applicable policies.

(G)    Review investment portfolio strategy, diversification, maturity, structure, and potential portfolio risks.

(H)    Review the efficacy of internal controls and procedures over investments.

(I)    Review any applicable compliance audits.

(J)    Review the selection of any investment advisor, broker/dealer or other investment consultant.

(K)    Adhere to any requirements outlined in applicable investment policies.

Section 2.    Severability Clause.  If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph,

1   clause, or provision shall not affect the validity of the remaining portions of this
2   Ordinance or the regulation so challenged.
3
4   **Section 3.    Compiling Clause.**  This Ordinance shall be incorporated in and compiled
5   as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).
6
7   **Section 4.    Effective Date.**  This Ordinance shall become effective ten days after
8   adoption.
9
10
11  ADOPTED THIS 13th DAY OF OCTOBER, 2022.
12
13
14  _____
15                                                    Greggory D. Hull, Mayor
16
17
18  ATTEST:
19
20
21  Rebecca A. Martinez, City Clerk
22  (SEAL)

4

Two ordinances from 2023: April 13, 2023 and October 26,2023



**CITY OF RIO RANCHO**



 **Legislation Item: O7**

AGENDA DATE:
    April 13, 2023

DEPARTMENT:
    Development Services

SUBJECT:
    O7, Ordinance of the City of Rio Rancho, New Mexico Amending the Zoning Classification and Official Zoning Map for the Property Legally Described as Unit 13, Block EE, Lots 18-20; Unit 13, Block 58, Lots 4-6 and Tract B, from R-1: Single-Family Residential and NC: Neighborhood Commercial to C-1: Retail Commercial; Providing for Severability and an Effective Date

BACKGROUND AND ANALYSIS:
    The applicant, Aragorn Properties, LLC; Legolas Properties, LLC; and X2D, LLC, through their agent, Matthew Carle, requests approval of a Zone Map Amendment for the property legally described as Unit 13, Block EE, Lots 18-20; Unit 13, Block 58, Lots 4-6 and Tract B from R-1: Single-Family Residential and NC: Neighborhood Commercial to C-1: Retail Commercial Zoning District.

    The subject property is 4.3306 acres and is zoned R-1: Single-Family Residential and NC: Neighborhood Commercial. Unit 13, Block 58, Tract B, Lots 4-6 are zoned R-1: Single-Family Residential under Ordinance No. 70, Enactment No. 97-068; Unit 13, Block EE, Lots 18-20 are zoned NC: Neighborhood Commercial under Ordinance No. 53, Enactment No. 08-53 and Ordinance No. 54, Enactment No. 08-54. The subject property has an underlying land use of "Mixed Use" within the Northern Unser Specific Area Plan, adopted April 28, 2010 under Resolution No. 36, Enactment No. 07-037, and "Commercial (Neighborhood, Community), Mixed-Use, Office" in the Generalized Land Use Map L-2 (GLUM) of the City Comprehensive Plan. Concurrent with this request is a request to amend the Northern Unser Specific Area Plan to update Map 2, Proposed Land Use Map, under case #23-410-00002.

    The Planning and Zoning Board recommended the Governing Body approve of the Zone Map Amendment requests at their March 14, 2023 meeting by a vote of six (6) for, 0 against, and one (1) abstention.

REVIEW CRITERIA:

Rio Rancho Code of Ordinances (R.O. 2003) § 150.07(A) states, "Proposed amendments shall be submitted to the Governing Body through the Planning and Zoning Board."

The zone map amendment application was submitted to the Development Services Department and received on February 20, 2023, for review by the Governing Body through the Planning and Zoning Board. Conforms.

R.O. 2003 § 150.07(B) states "The Board shall study the proposals at a regular meeting or at a special meeting, if necessary, and shall submit its recommendations to the Governing Body. Notice



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**April 13, 2023**
**6:00 PM**
**Council Chambers**

### Governing Body Members

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Jim Owen, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Daniel Stoddard, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

### Meeting Information

This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Individuals wishing to present public comment may do so in-person or remotely via Zoom meeting software with the access information below:

Join by Computer:
https://us06web.zoom.us/j/85302353741?pwd=bWp1QXliSGJoeHhJaGVOczF4MDN0UT09
Meeting ID: 853 0235 3741
Passcode: 789419

Join by Phone:
Dial 1-720-707-2699 US then enter the Meeting ID and Passcode above

### Call to Order and Pledge of Allegiance

### Proclamations and Awards of Merit

**1.**   Fair Housing Month Proclamation

### Public Forum

Pursuant to Section 30.06 of the Rio Rancho Municipal Code, this section of the agenda is for any person wishing to address the Governing Body on an item which is not on the agenda.

### Comments by Councilors

### Consent Calendar

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**2.**   Minutes of March 23, 2023 Regular Meeting
***Minutes of March 23, 2023 Regular Meeting***
***Minutes of March 23, 2023 - Signed***

**3.**   R49, Resolution Authorizing a Budget Adjustment to the Police Department Fleet Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 1913)
***Resolution***

*R49 - Signed*

4.  R50, Resolution Authorizing a Budget Adjustment to the Police Department Fleet Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 2114)
    *Resolution*
    *R50 - Signed*

5.  R51, Resolution Authorizing a Budget Adjustment to the Police Department Fleet Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 1919)
    *Resolution*
    *R51 - Signed*

6.  R52, Resolution Authorizing a Budget Adjustment to the Utilities Operations Fund (501) for Electronic Payment Services and Fleet Maintenance
    *Resolution*
    *R52 - Signed*

7.  R53, Resolution Authorizing the Recycling of Public Works Department Property
    *Resolution*
    *EXHIBIT_A*
    *R53 - Signed*

8.  R54, Resolution Authorizing the Disposal of Library and Information Services Department Property
    *Resolution*
    *Disposal_List_for_Library*
    *R54 - Signed*

9.  R55, Resolution Authorizing a Budget Adjustment to the General Fund (101), Local Economic Development Act (LEDA) Fund (223), and LEDA Reimbursements Fund (720) for the Purpose of Reimbursement
    *Resolution*
    *O15_No.22-14_Deluxe Design*
    *R55 - Signed*

10. R56, Resolution Authorizing the Disposal and Trade-in of Library Materials
    *Resolution*
    *2023Q1 Merged*
    *R56 - Signed*

11. R57, Resolution Authorizing the Disposal of Obsolete and Non-Working City Attorney's Office Property
    *Resolution*
    *Exhibit A Disposal List*
    *R57 - Signed*

## Boards and Commissions

## Public Hearings

12. R58, Resolution Amending the Northern Unser Specific Area Plan to Change Map 2, Proposed Land Use Map; Providing for Severability and an Effective Date
    *Resolution*
    *Northern-Unser SAP Current Proposed Land Use Map*
    *Exhibit A - Amended Proposed Land Use Map, Map 2*
    *R58 - Signed*

2

▓▓▓▓▓▓▓▓▓▓ of Rio Rancho, New Mexico Amending the Zoning Classification and Official Zoning Map for the Property Legally Described as Unit 13, Block EE, Lots 18-20; Unit 13, Block 58, Lots 4-6 and Tract B, from R-1: Single-Family Residential and NC: Neighborhood Commercial to C-1: Retail Commercial; Providing for Severability and an Effective Date
*Ordinance*
*LocationZoneMap_ZMA_Parcels*
*LocationZoneMap_SAPA_Parcels*
*ZMA Justification Letter_MatthewCarle*
*ApplicationForm*
*Herrera Authorization Letter*
*Northern Unser SAP*
*Land Use Element comp plan*
*Vision Element-comp plan*
*2023-0314_PZB_Minutes*
*ReviewerComments_GB*
*O7 - Signed*

**14.** Public Hearing: 2023-2027 CDBG Consolidated Plan and 2023 Annual Action Plan 30-Day Public Comment Period
*Notice of Public Comment Period Spanish*
*Notice of Public Comment Period English*

**Second Reading of Ordinances**

**First Reading of Ordinances**

**Discussion and Deliberation**

**15.** D20, Advice and Consent of the Governing Body to Award Contract No. 23-UT-077:  Re-Bid Well 13R Equipping and Site Improvements Project for a Total of $7,705,895.82 (including NMGRTs) to RMCI, Inc.
*Attachment I Contract for Well 13 Equip_Site Improv*

**16.** D21, Advice and Consent of the Governing Body to Award Contract 23-PD-080: Code 3 Technology, LLC, for Mark 43 RMS (Records Management System) Software
*Rio Rancho PD - Code 3 Technology LLC - Mark43 - OMNIA Partners - B. Agreement - clean with 4-5-23 adjustment*

**City Manager**

**Comments by Councilors**

**Adjournment**



*Governing Body*
City of Rio Rancho

**MINUTES**

APRIL 13, 2023
6:00 PM
Council Chambers, City Hall

| MEMBERS PRESENT: | STAFF PRESENT: |
|---|---|
| Jim Owen, Councilor Dist. 1 | Matt Geisel, City Manager |
| Jeremy Lenentine, Deputy Mayor | Peter Wells, Deputy City Manager |
| Bob Tyler, Councilor Dist. 3 (virtual) | Josh Rubin, City Attorney |
| Paul Wymer, Councilor Dist. 4 | Rebecca Martinez, City Clerk |
| Karissa Culbreath, Councilor Dist. 5 | Connie Peterson, Parks, Rec. & Comm Svcs. |
| | Carol Jaramillo Dir. of Financial Scvs. |
| **MEMBERS ABSENT:** | James Defillipo, Fire Chief |
| Greggory D. Hull, Mayor | BJ Gottlieb, Director of Public Works |
| Daniel Stoddard, Councilor Dist. 6 | Stewart Steele, Police Chief |
| | Amy Rincon, Dir. of Dev. Svcs. |
| | James Chiasson, Director of Utilities |
| | Jason Shoup, Library Director |
| | Yolanda Lucero, Deputy City Clerk |

**CALL TO ORDER AND PLEDGE OF ALLEGIANCE**

Deputy Mayor Lenentine called the meeting to order at 6:00 p.m.

Deputy mayor stated today at 5:00 p.m. the Governing Body held a Closed Session in accordance with: Section 10-15-1 (H)(7) NMSA 1978, meetings subject to the attorney-client privilege pertaining to threatened or pending litigation in which the public body is or may become a participant – U.S. EPA; and Section 10-15-1 (H)(8) NMSA 1978, meetings for the discussion of the purchase, acquisition or disposal of real property or water rights by the public body – Generally along Northern Blvd. No action was taken at this session.

**PROCLAMATIONS AND AWARDS OF MERIT**

1.) Fair Housing Month Proclamation

Deputy Mayor Lenentine read the Fair Housing Proclamation.

**PUBLIC FORUM**

The following individuals spoke under Public forum:

Oscar Solis

1   Michael Jackovich
2   Corrine Rios
3   Pamina Deutsch
4   Michael Baron
5   Nancy Koenigsberg
6   Brandon Johnson
7   Ivan Torrey
8   Hannah Herd
9   Rep. Kathleen Cates
10  Dr. Donna Tillman
11  Judith Gordon
12  Deb Dapson
13  June Anglin
14  Sandra Pierce
15  Dr. Carolyn Bell
16  Elise Rodriguez
17  Madigan ray
18  Kerry Scott
19  Casey Robinson
20  Tiffany Neas
21  Richard Mason
22  George Wilson
23  Jean Potabi
24  Emily Graham
25  Greg Bennett
26  Rosella Gonzales
27  Barbara Bodison
28  Katherine Perez
29  Alexis Jimenez
30  Judith Oeutset
31  Tanya Watkins
32  Katy Eagan
33
34  **COMMENTS BY COUNCILORS**
35
36  **CONSENT CALENDAR**
37
38  2.) <u>Minutes of March 23, 2023 Regular Meeting</u>
39  3.) <u>R49, Resolution Authorizing a Budget Adjustment to the Police Department Fleet</u>
40  <u>Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 1913)</u>
41  4.) <u>R50, Resolution Authorizing a Budget Adjustment to the Police Department Fleet</u>
42  <u>Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 2114)</u>
43  5.) <u>R51, Resolution Authorizing a Budget Adjustment to the Police Department Fleet</u>
44  <u>Maintenance Budget for Insured Repair of a Police Patrol Vehicle (Unit 1919)</u>
45  6.) <u>R52, Resolution Authorizing a Budget Adjustment to the Utilities Operations Fund</u>
46  <u>(501) for Electronic Payment Services and Fleet Maintenance</u>

1  7.) R53, Resolution Authorizing the Recycling of Public Works Department Property
2  8.) R54, Resolution Authorizing the Disposal of Library and Information Services
3  Department Property
4  9.) R55, Resolution Authorizing a Budget Adjustment to the General Fund (101), Local
5  Economic Development Act (LEDA) Fund (223), and LEDA Reimbursements Fund
6  (720) for the Purpose of Reimbursement
7  10.) R56, Resolution Authorizing the Disposal and Trade-in of Library Materials
8  11.) R57, Resolution Authorizing the Disposal of Obsolete and Non-Working City
9  Attorney's Office Property
10
11      Jim Owen moved to approve Consent Calendar.  Seconded by Paul Wymer.
12
13      The motion carried by a vote of 5 FOR and 0 AGAINST.
14      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath
15      NO:    None
16
17  **BOARDS AND COMMISSIONS**
18
19  **PUBLIC HEARINGS**
20
21  ███████ Resolution Amending the Northern Unser Specific Area Plan to Change Map
22  2, Proposed Land Use Map; Providing for Severability and an Effective Date
23
24  ████████████████████████████: The applicant, requests approval of an
25  amendment to the Northern Unser Specific Area Plan to change the Proposed Land
26  Use Map. A proposed Zone Map Amendment to change the zoning of Unit 13, Block 58,
27  Tract B & Lots 4 thru 6 and Unit 13, Block EE Lots 18 thru 20 is being heard
28  concurrently. Staff and the Planning and Zoning Board recommend approval
29
30  Michael Carle, Agent was present to answer questions.
31
32      Karissa Culbreath moved to approve R58.  Seconded by Paul Wymer.
33
34      The motion carried by a vote of 5 FOR and 0 AGAINST.
35      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath
36      NO:    None
37
38  ████████████████████ ncho, New Mexico Amending the Zoning
39  Classification and Official Zoning Map for the Property Legally Described as Unit 13,
40  Block EE, Lots 18-20; Unit 13, Block 58, Lots 4-6 and Tract B, from R-1: Single-Family
41  Residential and NC: Neighborhood Commercial to C-1: Retail Commercial; Providing for
42  Severability and an Effective Date
43
44      Karissa Culbreath moved to approve O7.  Seconded by Paul Wymer.
45      The motion carried by a vote of 5 FOR and 0 AGAINST.
46      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath

3

1     NO:   None
2
3    14.) <u>Public Hearing: 2023-2027 CDBG Consolidated Plan and 2023 Annual Action Plan</u>
4    <u>30-Day Public Comment Period</u>
5
6    **SECOND READING OF ORDINANCES**
7
8    **FIRST READING OF ORDINANCES**
9
10   **DISCUSSION AND DELIBERATION**
11
12   15.) <u>D20, Advice and Consent of the Governing Body to Award Contract No. 23-UT-</u>
13   <u>077:  Re-Bid Well 13R Equipping and Site Improvements Project for a Total of</u>
14   <u>$7,705,895.82 (including NMGRTs) to RMCI, Inc.</u>
15
16   ▉▉▉▉▉▉▉▉▉▉▉▉▉ Well 13 was re-drilled three years ago to replace a
17   partially collapsed original well column that had previously been in operation for over 30
18   years. The new well requires a motor and pump as well as new arsenic treatment
19   equipment before placing it back into operation. This project will fully equip the new well
20   and also provide various site work including fencing and security measures so that it
21   can be placed back into daily operation when completed. The construction duration for
22   this project is estimated to be 15 months. This project is funded with existing Utilities
23   Department revenue and Water Impact Fees.
24
25      Paul Wymer <u>moved to approve D20.</u>  Seconded by Karissa Culbreath.
26
27      The motion carried by a vote of 5 FOR and 0 AGAINST.
28      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath
29      NO:   None
30
31   16.) <u>D21, Advice and Consent of the Governing Body to Award Contract 23-PD-080:</u>
32   <u>Code 3 Technology, LLC, for Mark 43 RMS (Records Management System) Software</u>
33
34   ▉▉▉▉▉▉▉▉▉▉▉▉▉ Over the last year, staff has reviewed and
35   assessed existing and applicable records management system software solutions.
36   Code 3 Technology, LLC's, Mark43 RMS was identified as the best choice to meet the
37   present and future needs of the City of Rio Rancho.
38
39      Karissa Culbreath <u>moved to approve D21.</u>  Seconded by Paul Wymer.
40
41      The motion carried by a vote of 5 FOR and 0 AGAINST.
42      YES:  Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath
43      NO:   None
44
45   **CITY MANAGER**
46

4

1   **COMMENTS BY COUNCILORS**
2
3   **ADJOURNMENT**
4
5   7:54 p.m.
6
7   APPROVED THIS APRIL 27, 2023
8
9
10  ATTEST:
11
12
13  Rebecca A. Martinez, City Clerk
14          SEAL

Greggory D. Hull, Mayor

5



**CITY OF RIO RANCHO**



ORDINANCE NO. 7  ENACTMENT NO. 23-09

**ORDINANCE OF THE CITY OF RIO RANCHO, NEW MEXICO AMENDING THE ZONING CLASSIFICATION AND OFFICIAL ZONING MAP FOR THE PROPERTY LEGALLY DESCRIBED AS UNIT 13, BLOCK EE, LOTS 18-20 AND UNIT 13, BLOCK 58, LOTS 4-6 AND TRACT B FROM R-1: SINGLE-FAMILY RESIDENTIAL AND NC: NEIGHBORHOOD COMMERCIAL TO C-1: RETAIL COMMERCIAL, IDENTIFYING CONDITIONS OF DEVELOPMENT; PROVIDING FOR SEVERABILITY AND AN EFFECTIVE DATE**

**WHEREAS:** the Governing Body of the City of Rio Rancho has adopted zoning regulations and an official zone map in accordance with New Mexico Statutes Annotated 1978 (NMSA 1978) Chapter 3, Article 21; and

**WHEREAS:** in accordance with Rio Rancho Code of Ordinances (R.O. 2003) Section 150.07, an application to amend the zoning ordinance on the subject property has been submitted by Aragorn Properties, LLC, Legolas Properties, LLC, and X2D, LLC, and assigned City Case No. 23-100-00001; and

**WHEREAS:** the Governing Body of the City of Rio Rancho adopted the Northern Unser Specific Area Plan on April 28, 2010, with Resolution No. 37, Enactment No. 10-041; and

**WHEREAS:** the Governing Body of the City of Rio Rancho approved the amendment to the Northern Unser Specific Area Plan on April 13, 2023 with Resolution No. 58, Enactment No. 23-060; and

**WHEREAS:** the City of Rio Rancho Planning and Zoning Board held a duly noticed public hearing on March 14, 2023, regarding the proposed changes to the Official Zoning Map and, following study and consideration, has made findings (where applicable) whether or not the criteria in R.O. 2003 Section 150.07 are satisfied, and made these recommendations to the Governing Body regarding adoption of the changes; and

**WHEREAS:** the Governing Body received a report from the Planning and Zoning Board, and such report indicates the Planning and Zoning Board has studied and considered the proposed changes pursuant to R.O. 2003 Section 150.07, and said report includes specific findings related to the affected property; and

**WHEREAS:** a public hearing occurred, in accordance with procedures set forth in R.O. 2003 Section 150.07, and NMSA 1978 Section 3-21-6, on the proposed Official Zone Map changes hereinafter described were duly advertised and held by the Governing Body of the City of Rio Rancho on April 11, 2023 and the Governing Body heard interested parties and citizens for and

against the proposed amendments; and

**WHEREAS:** the proposed amendments to be adopted by this Ordinance comply with the statutory and regulatory requirements of the aforesaid Code of Ordinances and Statutes, and upon specific findings related to the subject property and determining the proposed amendment is consistent with the policies and criteria set forth in R.O. 2003 Section 150.07 (D) through (G), the Governing Body finds the amendments promote the health, safety, morals, and general welfare of the City.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.    Rezoning of Property and Change in Land Use.**
The Official Zone Map is hereby amended by assigning a zoning designation on approximately 4.3306 acres from R-1: Single-Family Residential and NC: Neighborhood Commercial to C-1: Retail Commercial on the land legally described as:
Unit 13 Rio Rancho Estates, Block 58, Lots 4-6 as shown on the plat entitled "S.W. Portion of Unit Thirteen Rio Rancho Estates Town of Alameda Grant Sandoval County, New Mexico, April – 1963", filed in the office of the County Clerk April 22, 1963, in Volume 1, Folio 49, (R.R.E. Book 1, Page 49); Unit 13 Rio Rancho Estates, Block 58, Tract B, as shown on the plat entitled "Correction Plat Summary Plat of Unser Boulevard Right-of-Way Northern Blvd. to 19th Ave. NE (Being a Replat of Easterly Portions of Unit 12 and Western Portions of Unit 13 Rio Rancho Estates) NMP TPU-4081(4)04 PCN 2150 City of Rio rancho Sandoval County, New Mexico March 2008", filed in the office of the County Clerk October 13, 2008, in Book 411, Page 31210, (R.R.E. Book 22, Page 19A-19E); and Unit 13, Rio Rancho Estates, Block EE, Lots 18-20, as shown on the plat entitled "Replat of Lots within Units Seven and Thirteen Rio rancho Estates Town of Alameda Grant Sandoval County, New Mexico June 1966 Blocks DD, EE, and Tract F; Unit 13 Rio Rancho Estates Town of Alameda Grant Sandoval County New Mexico", filed in the office of the County Clerk June 13, 1966, in Book 1, Page 69 (R.R.E. Book 1, Page 69).

**Section 2.    Land Use, Conditions, Development Standards/Regulations and use of PROPERTY:**
The property identified in Section 1, above, is subject to all requirements of the C-1: Retail Commercial Zoning District set forth in R.O. 2003 Section 154.24 (as of the effective date of this ordinance or as subsequently amended).

**Section 3.    Severability Clause.** If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph, clause, or provision shall not affect the validity of the remaining portions of this Ordinance or the regulation so challenged.

**Section 4.    Effective Date.**  This Ordinance shall become effective ten days after adoption.

ADOPTED THIS 13TH DAY OF APRIL, 2023.

_____
Greggory D. Hull, Mayor

ATTEST:

Rebecca A. Martinez, City Clerk

(SEAL)





**CITY OF RIO RANCHO**



**Legislation Item: O16**

AGENDA DATE:
October 26, 2023

DEPARTMENT:
Administration

SUBJECT:
O16, Ordinance Amending Ordinance No. 28, Enactment No. 22-29 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Atrisco Energy Storage LLC Project), In a Maximum Principal Amount of up to $420,000,000, for the Purpose of Approving Allocation of the Annual Payments In Lieu Of Taxes (PILOT) to Rio Rancho Public Schools (RRPS) and Albuquerque Public Schools (APS) in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance

BACKGROUND AND ANALYSIS:
This is the second reading of the Ordinance. The Governing Body approved the first reading at their September 28, 2023 meeting.

During the 2023 New Mexico Legislative Session, Section 3-32-6 of the IRB Act was amended to modify the formula for distributions of PILOT to school districts. Previously, this section stated that the annual PILOT required for electricity generation or transmission facilities "shall be shared among the school districts located within the municipality, equally if there is more than one school district in such municipality."

The 2023 amendment to Subsection A, Subparagraph A(2)(c) reads:

"the in-lieu payment shall be allocated as follows: 1) fifty percent allocated equally among all school districts in which the project is located; 2) forty percent allocated to the school districts within the municipality in proportion to the area of each school district within the municipality; and 3) ten percent allocated to the school districts in proportion to the average of each school district's student membership pursuant to the Public School Code reported on the second and third reporting dates for the most recent school year for which data is available as of the date of issuance of the bonds"

The Governing Body approved R-104 22-101, an IRB Inducement Resolution for Atrisco Solar LLC Project and Atrisco Energy Storage LLC Project on October 27, 2022, and adopted the original IRB ordinances (O-28 22-29 and O-29 22-30) on December 15, 2022. Because the issued bonds have not closed, the PILOT distributions for Rio Rancho Public Schools and Albuquerque Public schools must be consistent with the modified formula in Section 3-32-6 NMSA 1978, as amended.

The attached exhibits detail the calculations of the modified formula (Exhibit I) based on GIS data with RRPS boundary information via the RRPS web map (August 2023) and APS boundary information via cabq.gov (August 2023) (Exhibit II and III), and enrollment data from the New Mexico Public Education Department (Exhibit IV). Under the modified formula, APS will receive

64.24% and RRPS will receive 35.76% of the annual PILOT, compared to the previous 50%/50% distribution formula.

Legal notification of the second reading of the Ordinance was published on October 5, 2023 edition of the Albuquerque Journal.

IMPACT:
   Approval of this amendatory ordinance will bring the PILOT distribution formula into compliance with Section 3-32-6 NMSA 1978.

ALTERNATIVES:
   Approve the Ordinance.

   Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
   City Administration recommends approval of the Ordinance.

ATTACHMENT: Ordinance
ATTACHMENT: Exhibit_I_-_Atrisco_Solar_PILOT_Distribution_Calculation
ATTACHMENT: Exhibit_II_-_RRPS_APS_and_Solar_Location
ATTACHMENT: Exhibit_III_-_RRPS_and_APS_Boundary_Percentages
ATTACHMENT: Exhibit_IV_-_APS-RRPS_Enrollment_Reports
ATTACHMENT: O16 - Signed



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**October 26, 2023**
**6:00 PM**
**Council Chambers**

### Governing Body Members

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Jim Owen, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

### Meeting Information

This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Public comment on agenda items can be taken in-person or remotely via Zoom meeting software with the access information below.

Join by Computer: https://us06web.zoom.us/j/85302353741?pwd=bWp1QXliSGJoeHhJaGVOczF4MDN0UT09
Meeting ID: 853 0235 3741
Passcode: 789419

Join by Phone:
Dial +1 253 215 8782 US then enter Meeting ID and Passcode

### Call to Order and Pledge of Allegiance

### Proclamations and Awards of Merit

**1.**   Annual State of the City Report - Mayor Greggory D. Hull

**2.**   Mayor Hull's 2023 Fall Community Cleanup - Cleanup Team Winners Award Presentation

### Public Forum

Pursuant to Section 30.06 Rio Rancho Municipal Code, this section of the agenda is conducted as follows:

(A) Public forum. Any person wishing to address the governing body on any item which is not on the agenda, shall register with the City Clerk within 15 minutes before the beginning of the meeting. Speakers shall be recognized in the order of registration with the City Clerk.
(B) Manner of address. Each person shall seek the recognition of the presiding officer. Each person shall give his name and address. Comments or questions shall be addressed to the governing body as a whole through the presiding officer and not to any members thereof. No person shall enter into any discussion without the permission of the presiding officer.
(C) Time limit. The presiding officer may place a limit on the amount of time any person may speak after being recognized.

*Must be in-person to participate under Public forum. Remote access is not available.

**Comments by Councilors**

**Consent Calendar**
There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**3.**   Minutes of October 12, 2023 Regular Meeting
*Minutes of October 12, 2023 Regular Meeting*
*Minutes of October 12, 2023 - Signed*

**4.**   R125, Resolution Approving 2024 Holiday Schedule for City Employees
*Resolution*
*R125 - Signed*

**5.**   R126, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) to Plan, Design, and Construct City Center Campus Park Phase 2
*Resolution*
*R126 - Signed*

**6.**   R127, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) and Recreation Activities Fund (206) to Replace Rainbow Pool Sand Filter
*Resolution*
*R127 - Signed*

**7.**   R128, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) to Replace the Playground and Surfacing, Purchase and Install Shade Structures, and Improve Access at the Rio Rancho Sports Complex
*Resolution*
*R128 - Signed*

**8.**   R129, Resolution Authorizing a Budget Adjustment to the Utilities Equipment Replacement Fund (512) for a Two-Year Extended Warranty for the Hydro Excavator
*Resolution*
*R129 - Signed*

**9.**   R130, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) to Plan, Design, Construct, and Improve Parking Lots at the Rio Rancho Sports Complex
*Resolution*
*R130 - Signed*

**10**   R131, Resolution Authorizing the Disposal of Playground Structures at the Rio Rancho Sports Complex
*Resolution*
*R131 - Signed*

**11.**   R132, Resolution Authorizing the Disposal of Field 1 and 2 Parking Lot at the Rio Rancho Sports Complex
*Resolution*
*R132 - Signed*

**12.**   R133, Resolution Authorizing Disposal of the Rainbow Pool Filter
*Resolution*
*R133 - Signed*

2

**13.** R134, Resolution Authorizing a Budget Adjustment to the City Facility Improvement Fund (313) for Facility Improvements
*Resolution*
*R134 - Signed*

## Boards and Commissions

## Public Hearings

**14.** D40, Site Plan Approval for Townhouses at the Addresses of 700, 704, and 708 Southern Blvd. SE
*Zoning, Location*
*Site Plan*
*Application*
*Justification*
*Authorization, Lot 1*
*Authorization, Lots 2 & 3*
*Vesting Deed*
*Water/Wastewater Availability Letter*
*O-43, 07-42*
*O-20, 18-24 (Unit 10 Overlay)*
*154.76 Off-Street Parking Requirements*
*Reproduction_of_Notifications.pdf*
*Reviewer Comments*
*Public Comment - Romero, Angela*
*Public Comment - Babcock, Sue*
*Public Comment - Abramson, Codie*
*Public Comment - Ferryman, Patricia*
*Public Comment - Henderson, Perry & Carolyn*
*Public Comment - Hedin, Sonia and Greg*
*Public_Comments_700__704___708_Southern_Blvd_SE.pdf*

**15.** D41, Site Plan Approval for Proposed Overflow Parking at 1805 Wellspring Ave. SE
*Zoning, Location*
*Reproduction of Notices*
*Application*
*Site Plan*
*Legal Ad*
*Warranty Deed*
*Reviewer Comments*

## Second Reading of Ordinances

**1▮** ▮▮▮▮▮▮▮▮▮▮ding Ordinance No. 28, Enactment No. 22-29 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Atrisco Energy Storage LLC Project), In a Maximum Principal Amount of up to $420,000,000, for the Purpose of Approving Allocation of the Annual Payments In Lieu Of Taxes (PILOT) to Rio Rancho Public Schools (RRPS) and Albuquerque Public Schools (APS) in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance
*Ordinance*
*Exhibit_I_-_Atrisco_Solar_PILOT_Distribution_Calculation*
*Exhibit_II_-_RRPS_APS_and_Solar_Location*
*Exhibit_III_-_RRPS_and_APS_Boundary_Percentages*
*Exhibit_IV_-_APS-RRPS_Enrollment_Reports*
*O16 - Signed*

17. ▓▓▓▓▓▓▓▓▓▓▓ mending Ordinance No. 29, Enactment No. 22-230 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Atrisco Energy Solar LLC Project), In a Maximum Principal Amount of up to $430,000,000, for the Purpose of Approving Allocation of the Annual Payments In Lieu Of Taxes (PILOT) to Rio Rancho Public Schools (RRPS) and Albuquerque Public Schools (APS) in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance
*Ordinance*
*Exhibit I - Atrisco Solar PILOT Distribution Calculation*
*Exhibit II - RRPS APS and Solar Location*
*Exhibit III - RRPS and APS Boundary Percentages*
*Exhibit IV - APS-RRPS Enrollment Reports*
*O17 - Signed*

18. ▓▓▓, Ordinance Amending Chapter 36, Finance and Revenue, Sections 36.05 through 36.08
*Ordinance*
*O20 - Signed*

19. ▓▓▓▓▓▓▓▓▓▓▓ng Chapter 154, Planning and Zoning, for the Addition of Off-Premises Advertising Signs to Section 154.45; Providing for Severability and an Effective Date
*Ordinance*
*154.45 Off-Premises Advertising Signs*
*Legal Ad*
*O21 - Signed*

20. ▓▓▓▓ Ordinance Repealing and Replacing Chapter 156, Sign Regulations; Providing for Severability and an Effective Date
*Ordinance*
*Draft Sign Code (Clean Copy)*
*Draft Sign Code (Redline Copy)*
*Sign Code Working Group Meeting Date Table*
*Existing Ch 156 Sign Code*
*Legal Ad*
*O22 - Signed*

21. ▓▓▓▓▓▓▓▓▓▓ Granting Vexus Fiber, LLC, a Non-Exclusive Franchise to Operate a Telecommunications Network Within the City Limits by Utilizing Public Places Via the Payment of Franchise Fees for a Period of 10 Years
*Ordinance*
*O23 - Signed*

## First Reading of Ordinances

## Discussion and Deliberation

22. R135, Resolution Authorizing Placement of Ballot Questions on the March 5, 2024 City of Rio Rancho Municipal Officer Election Ballot for the Purpose of Voting on the Issuance of General Obligation Bonds; Describing the Purposes for Which the Bond Proceeds Would be Used; Providing the Form of the Ballot Questions; Providing for Notice of the Ballot Questions; and Ratifying Action Previously Taken in Connection Therewith
*Resolution*
*Exhibit A Roads Oct 26 2023*
*Exhibit B Public Safety Oct 26 2023*
*Exhibit C Quality of Life Oct 26 2023*

4

*R135 - Signed*

**City Manager**

**Comments by Councilors**

**Adjournment**



*Governing Body*
City of Rio Rancho

MINUTES
OCTOBER 26, 2023
6:00 PM
Council Chambers, City Hall

| MEMBERS PRESENT: | STAFF PRESENT: |
|---|---|
| Greggory D. Hull, Mayor | Matt Geisel, City Manager |
| Jim Owen, Councilor Dist. 1 | Peter Wells, Deputy City Manager |
| Jeremy Lenentine, Councilor Dist. 2 | Josh Rubin, City Attorney |
| Bob Tyler, Councilor Dist. 3 | Rebecca Martinez, City Clerk |
| Paul Wymer, Councilor Dist. 4 | Amy Rincon, Dir. of Development Svcs. |
| Nicole List, Councilor Dist. 6 | James DeFillippo, Fire Chief |
| | Carole Jaramillo, Director of Financial Svcs. |
| MEMBERS ABSENT: | Connie Peterson, Dir. of PR&C Svcs. |
| Karissa Culbreath, Councilor Dist. 5 | Stewart Steele, Police Chief |
| | Yolanda Lucero, Deputy City Clerk |

**Call to Order and Pledge of Allegiance**

Mayor Hull called the meeting to order at 6:00 p.m.

**Proclamations and Awards of Merit**

1.) Annual State of the City Report - Mayor Greggory D. Hull
2.) Mayor Hull's 2023 Fall Community Cleanup - Cleanup Team Winners Award
Presentation

Mayor Hull stated the Annual State of the City Report has been provided and posted on the
City website and City YouTube channel for review. Also, the 2023 Fall Clean-up presentation
will be postponed to the November 16, 2023 Governing Body Meeting.

**Public Forum**

**Comments by Councilors**

**Consent Calendar**

3.) Minutes of October 12, 2023 Regular Meeting
4.) R125, Resolution Approving 2024 Holiday Schedule for City Employees
5.) R126, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital
Fund (315) to Plan, Design, and Construct City Center Campus Park Phase 2
6.) R127, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital
Fund (315) and Recreation Activities Fund (206) to Replace Rainbow Pool Sand Filter

1

7.) R128, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) to Replace the Playground and Surfacing, Purchase and Install Shade Structures, and Improve Access at the Rio Rancho Sports Complex

8.) R129, Resolution Authorizing a Budget Adjustment to the Utilities Equipment Replacement Fund (512) for a Two-Year Extended Warranty for the Hydro Excavator

9.) R130, Resolution Authorizing a Budget Adjustment to the State Appropriation Capital Fund (315) to Plan, Design, Construct, and Improve Parking Lots at the Rio Rancho Sports Complex

10) R131, Resolution Authorizing the Disposal of Playground Structures at the Rio Rancho Sports Complex

11.) R132, Resolution Authorizing the Disposal of Field 1 and 2 Parking Lot at the Rio Rancho Sports Complex

12.) R133, Resolution Authorizing Disposal of the Rainbow Pool Filter

13.) R134, Resolution Authorizing a Budget Adjustment to the City Facility Improvement Fund (313) for Facility Improvements

Bob Tyler moved to approve consent calendar. Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: None

**Boards and Commissions**

**Public Hearings**

14.) D40, Site Plan Approval for Townhouses at the Addresses of 700, 704, and 708 Southern Blvd. SE

████████████████████████████████████████████ The applicant requests site plan approval for a townhouse development. The subject properties are located at 700, 704, and 708 Southern Blvd. SE and consist of approximately 3 acres. The subject properties were zoned in 2007 to allow for Townhouses through the adoption of SU: Special Use Multi-Family Residential District for Townhouses and are within the Unit 10 Specific Area Plan. The Planning and Zoning Board recommends approval with findings and conditions.

Matthew Herrera, Applicant gave a brief overview and was available for any questions.

Paul Wymer moved to approve D40. Seconded by Jeremy Lenentine

The motion carried by a vote of 6 FOR and 1 AGAINST.
YES: Greggory Hull, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: Jim Owen

15.) D41, Site Plan Approval for Proposed Overflow Parking at 1805 Wellspring Ave. SE

████████████████████████The applicant, Mechenbier Construction, Inc., requests site plan approval for the property of 1805 Wellspring Ave. SE. The Applicant seeks to provide

2

overflow parking for the adjacent parcel of 1817 Wellspring Ave SE (Eye Associates building). The site plan provides for forty-three 9' x 18' parking spaces, with a 24' drive aisle. Four parking spaces on the adjacent parcel of 1817 Wellspring Ave. SE will be removed to provide cross-access between 1805 and 1817 Wellspring Ave. SE. Staff recommends the Governing Body approve the request with findings of fact and conditions of approval.

Bob Tyler moved to approve D41. Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: None

**Second Reading of Ordinances**

███████████dinance Amending Ordinance No. 28, Enactment No. 22-29 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Atrisco Energy Storage LLC Project), In a Maximum Principal Amount of up to $420,000,000, for the Purpose of Approving Allocation of the Annual Payments In Lieu Of Taxes (PILOT) to Rio Rancho Public Schools (RRPS) and Albuquerque Public Schools (APS) in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance

███████████████████████████████████This is the second reading of both items. There are a couple non-substantive clerical changes that were discovered after the first reading and although the changes can be done administratively, staff is recommended the Governing Body amend the Ordinance. She went over the proposed amendments that staff if proposing.

Bob Tyler moved to approve O16. Seconded by Jeremy Lenentine

Bob Tyler moved to amend O16 to insert the work "Energy" on line 17, to read as Atrisco Energy Storage LLC. Seconded by Jeremy Lenentine

The motion to amend carried by a vote of 6 FOR and 0 AGAINST.
YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: None

The main motion as amended carried by a vote of 6 FOR and 0 AGAINST.
YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: None

███████████e Amending Ordinance No. 29, Enactment No. 22-230 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Atrisco Energy Solar LLC Project), In a Maximum Principal Amount of up to $430,000,000,

3

1    for the Purpose of Approving Allocation of the Annual Payments In Lieu Of Taxes (PILOT)
2    to Rio Rancho Public Schools (RRPS) and Albuquerque Public Schools (APS) in
3    Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution
4    and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance
5    and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions
6    Inconsistent with this Ordinance
7
8         Jeremy Lenentine moved to approve O17.  Seconded by Bob Tyler
9
10        Bob Tyler moved to amend O17, to delete the word "Energy" in the title on line 3 to
11        read as Atrisco Solar LLC Project and delete the word "Storage" on line 17 to read
12        as Atrisco Solar LLC. Seconded by Jeremy Lenentine
13
14        The motion to amend carried by a vote of 6 FOR and 0 AGAINST.
15        YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
16        List
17        NO: None
18
19        The main motion as amended carried by a vote of 6 FOR and 0 AGAINST.
20        YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
21        List
22        NO: None
23
24   18.) O20, Ordinance Amending Chapter 36, Finance and Revenue, Sections 36.05 through
25   36.08
26
27   Carol Jaramillo, Director of Financial Service's presented this item. This is the second reading
28   that amends Sections 36.05 through 36.08 of Municipal Code. Specifically, it addresses
29   certain limitations on expenditures, requirements of recording and reporting on the City's
30   finances, the payment of City funds, and audit requirements. The proposed amendments will
31   clarify and modernize the Municipal Code to enable compliant use of current technologies.
32
33        Bob Tyler moved to approve O20.  Seconded by Jim Owen
34
35        The motion carried by a vote of 6 FOR and 0 AGAINST.
36        YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
37        List
38        NO: None
39
40        ████████dinance Amending Chapter 154, Planning and Zoning, for the Addition of Off-
41   Premises Advertising Signs to Section 154.45; Providing for Severability and an Effective
42   Date
43
44   █████████████████████████████proposing to amend R.O. 2003 Chapter 154
45   Planning and Zoning for the addition of Off-Premises Digital Advertising Signs to Section
46   154.45, being moved from its existent location in R.O. 2003 Chapter 156.33.
47
48        Jim Owen moved to approve O21.  Seconded by Bob Tyler
49

4

1  The motion carried by a vote of 6 FOR and 0 AGAINST.
2  YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
3  List
4  NO: None
5
6  ██████████████ Repealing and Replacing Chapter 156, Sign Regulations; Providing for
7  Severability and an Effective Date
8
9  ████████████████████ repeal and replace of Rio Rancho Code of Ordinances
10  (R.O. 2003) Title XV Land Uses Chapter 156 Sign Regulations. The new sign code would be
11  effective January 1, 2024. For the first six months of 2024, Staff will focus on education of the
12  new sign code with applicants and stakeholders. The Planning and Zoning Board approved
13  the text amendment and recommend approval.
14
15  Paul Wymer moved to approve O22.  Seconded by Jeremy Lenentine
16
17  The motion carried by a vote of 6 FOR and 0 AGAINST.
18  YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
19  List
20  NO: None
21
22  ████████████████████ Fiber, LLC, a Non-Exclusive Franchise to Operate a
23  Telecommunications Network Within the City Limits by Utilizing Public Places Via the
24  Payment of Franchise Fees for a Period of 10 Years
25
26  ██████████████████████████ Vexus Fiber, LLC, desires to
27  obtain a franchise to operate a telecommunications network within the City limits by utilizing
28  certain public places the payment of franchise fees for a period of 10 years. Approval of the
29  Franchise Ordinance will help to facilitate options for citizens related to their internet service,
30  and it will generate revenue for the City that will be used to fund and provide a variety of public
31  services through the City's General Fund. Approval of the Ordinance does not prohibit
32  another telecommunications provider's potential deployment of a telecommunications
33  network and other services in Rio Rancho, should they desire to do so.
34
35  Jeremy Lenentine moved to approve O23.  Seconded by Bob Tyler
36  The motion carried by a vote of 6 FOR and 0 AGAINST.
37  YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole
38  List
39  NO: None
40
41  **First Reading of Ordinances**
42
43  **Discussion and Deliberation**
44
45  22.) R135, Resolution Authorizing Placement of Ballot Questions on the March 5, 2024 City
46  of Rio Rancho Municipal Officer Election Ballot for the Purpose of Voting on the Issuance of
47  General Obligation Bonds; Describing the Purposes for Which the Bond Proceeds Would be
48  Used; Providing the Form of the Ballot Questions; Providing for Notice of the Ballot
49  Questions; and Ratifying Action Previously Taken in Connection Therewith

Peter Wells, Deputy City Manager stated the City has the opportunity to place General Obligation Bond questions on the March 5, 2024 ballot. In consultation with the City's financial advisor, and based on property tax value estimates, a total of $16,000,000 in bond questions could be placed on the ballot. On April 18, 2023, a Governing Body work session meeting was held where a General Obligation Bonds overview and discussion took place. At this meeting, City staff presented information, options, and recommendations for bond questions for ballot consideration. What is presented in the Resolution is based on the information provided at the April meeting and corresponding Governing Body input, 2023 citizen survey data, and input from the citizen Library Advisory Board, Parks and Recreation Commission, and Public Infrastructure Advisory Board. If the Resolution is approved and the General Obligation Bonds questions for Roads ($10,600,000), Public Safety ($4,200,000) and Quality of Life Facilities ($1,200,000) are approved by voters on March 5, 2024, no corresponding property tax rate increase would occur. This is the case because previously issued bonds have been paid off and retired, and these new and approved bonds would replace them (i.e., a continuation of the bonding cycle). The City's long-range planning documents factor in continued use of bonds and maintaining a regular bonding cycle to address identified needs. Bonding provides a predictable source of funds that is considered the most secure form of municipal debt, is the most cost-efficient form of borrowing, and has favorable terms with no additional security or reserve funds required.

Jeremy Lenentine moved to approve R135. Seconded by Jim Owen

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Greggory Hull, Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Nicole List
NO: None

**City Manager**

**Comments by Councilors**

**Adjournment**

APPROVED THIS NOVEMBER 16, 2023

_____
Greggory D. Hull, Mayor

ATTEST:

Rebecca A. Martinez, City Clerk
        SEAL



**CITY OF RIO RANCHO**





**ORDINANCE NO. 16**                                    **ENACTMENT NO. 23-19**

1   **ORDINANCE AMENDING ORDINANCE NO. 28, ENACTMENT NO. 22-29 RELATING**
2   **TO THE ISSUANCE AND SALE OF CITY OF RIO RANCHO, NEW MEXICO TAXABLE**
3   **INDUSTRIAL REVENUE BONDS (ATRISCO ENERGY STORAGE LLC PROJECT), IN**
4   **A MAXIMUM PRINCIPAL AMOUNT OF UP TO $420,000,000, FOR THE PURPOSE OF**
5   **APPROVING ALLOCATION OF THE ANNUAL PAYMENTS  IN LIEU OF TAXES TO**
6   **RIO RANCHO PUBLIC SCHOOLS AND ALBUQUERQUE PUBLIC SCHOOLS IN**
7   **CONFORMITY WITH THE REQUIREMENTS OF SECTION 3-32-6 NMSA 1978;**
8   **AUTHORIZING EXECUTION AND DELIVERY OF THE BONDS WITH UPDATED**
9   **SERIES DESIGNATION TO REFLECT THE DATE OF ISSUANCE AND DELIVERY;**
10  **RATIFYING CERTAIN ACTIONS TAKEN PREVIOUSLY; AND REPEALING ALL**
11  **ACTIONS INCONSISTENT WITH THIS ORDINANCE**
12
13  **WHEREAS:**  the City of Rio Rancho (the "City") is a legally and regularly created,
14  established, organized and existing municipality under the general laws of
15  the State of New Mexico (the "State"); and
16
17  **WHEREAS:**  pursuant to the proposal of Atrisco Energy Storage LLC (the "Company"),
18  on December 15, 2022, the Governing Body of the City (the "Governing
19  Body") adopted Ordinance No. O28, Enactment No. 22-29 ("Ordinance
20  No. O28"),  authorizing the issuance of Taxable Industrial Revenue Bonds
21  (Atrisco Energy Storage LLC Project), Series 2022 (the "Bonds") for the
22  purpose of acquiring solar energy storage equipment and facilities to be
23  located within the corporate boundaries of the City, to be used by the
24  Company for the storage of electrical energy (the "Project"); and
25
26  **WHEREAS:**  the form of lease agreement presented to the Governing Body in
27  connection with its consideration and adoption of Ordinance No. O28
28  included payments in lieu of taxes ("PILOT") to each of the City, Rio
29  Rancho Public Schools ("RRPS") and Albuquerque Public Schools
30  ("APS") allocated according to the requirements of Section 3-32-6 NMSA
31  1978 in effect at that time, which provided for allocation of equal shares of
32  the portion of the PILOT payable to school districts to RRPS and APS;
33  and
34
35  **WHEREAS:**  Section 3-32-6 NMSA 1978 was amended by the Legislature of the State,
36  effective on April 5, 2023, to provide for that the PILOT payable to the
37  school districts within the boundaries of the municipality is to be allocated
38  as follows: fifty percent (50%) is to be allocated equally among all school
39  districts in which the project is to be located; forty percent (40%) is to be
40  allocated to each school district in proportion to the area of each school
41  district within the municipality; and ten percent (10%) allocated to the
42  school districts in proportion to each school district's student membership
43  pursuant to the Public School Code reported on the second and third
44  reporting dates for the most recent school year for which data is available

1

as of the date of issuance of the bonds; and

**WHEREAS:** the Governing Body has determined that it is necessary to approve PILOT allocations to RRPS and APS which are consistent with Section 3-32-6 NMSA 1978, as amended; and

**WHEREAS:** the Governing Body has determined that it is appropriate and advisable to authorize the Mayor of the City to execute and deliver the Bonds with a series designation that corresponds to the year in which the Bonds are executed and delivered; and

**WHEREAS:** the Governing Body intends that, except as expressly provided in this Amendatory Ordinance, all provisions of Ordinance O28 shall remain effective; and

**WHEREAS:** there has been published in Rio Rancho Observer, a newspaper of general circulation in the City, public notice of the City Council's intention to adopt this Amendatory Ordinance, which notice was published at least fourteen (14) days prior to final action upon this Bond Ordinance.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.    Ratification.** All actions not inconsistent with the provisions of this Amendatory Ordinance previously taken by the City Council and the officials of the City directed toward approval of the issuance and sale of the Bonds be approved and the same hereby are ratified, approved and confirmed.

**Section 2.    Amendment of Approval of Form of Lease Agreement.** The form of Lease Agreement approved in Ordinance O28 is hereby amended to delete the PILOT payment schedule attached as Exhibit D thereto, and to substitute in its place the PILOT payment schedule (Storage PILOT Payments Schedule) presented to the Governing Body in connection with its consideration of this Amendatory Ordinance.

**Section 3.    Delegation of Authority to Execute and Deliver Bonds with Updated Series Designation.** The Mayor is hereby authorized to execute and deliver the Bonds with a series designation that corresponds to the year in which execution and delivery of the Bonds occurs.

**Section 4.    Ordinance No. O28 Otherwise not Amended.** Except as expressly provided herein, all other provisions of Ordinance No. O28 shall remain effective.

**Section 5.    Recording; Authentication; Publication; Effective Date.** This Ordinance, immediately upon its final passage and approval, shall be authenticated by the signature of the Mayor, and by the signature of the City Clerk or any Deputy City Clerk, and shall be recorded in the Ordinance book of the City, kept for that purpose, and shall be in full force and in effect ten days after adoption, and notice of adoption thereof shall be published once in a newspaper which maintains an office in, and is of general circulation in the City.

1    ADOPTED THIS 26th DAY OF OCTOBER, 2023.

2

3

4                                         _____

5                                         Greggory D. Hull, Mayor

6

7

8    ATTEST:

9

10   _____

11   Rebecca A. Martinez, City Clerk

12   (SEAL)

13

Two ordinances from 2024: April 25, 2024 and October 24,2024



**CITY OF RIO RANCHO**


                               **Legislation Item: O5**

**AGENDA DATE:**
    April 25, 2024

**DEPARTMENT:**
    Administration

**SUBJECT:**
    O5, Ordinance Amending Chapter 34 Municipal Court

**BACKGROUND AND ANALYSIS:**
    Second reading of an Ordinance. The Governing Body approved the first reading of this Ordinance on April 11, 2024.

    As part of the 2023 New Mexico Legislature session, House Bill (HB) 139 was passed.

    HB 139, effective July 1, 2024, eliminates the State law requirement for municipalities to enact an ordinance requiring an assessment of corrections fees, judicial education fees, and court automation fees to be collected as Municipal Court costs, with a portion remitted to the State. For example, the City currently assesses and remit to the State a $3 judicial education fee, $6 court automation fee, and retains a $50 corrections fee.

    As a home-rule municipality pursuant to State law, the City of Rio Rancho can re-establish (effective July 1, 2024) and require a corrections fee (prisoner care fee) to be collected as Municipal Court costs.

    Historically, the assessment of a corrections fee (prisoner care fee) is mandatory for anyone convicted of violating any City ordinance related to the operation of a motor vehicle or any ordinance that may be enforced by the imposition of a term of imprisonment. The fee provides resources to help offset a portion of the expenses associated with housing municipal prisoners at the Sandoval County Detention Center.

    City staff recommends maintaining the assessment of a corrections fee (prisoner care fee) as a means to offset a portion of the costs charged by Sandoval County for housing prisoners at the Sandoval County Detention Center.

    Sandoval County recently increased the daily rate for housing prisoners from $95 to $130.  As a result, the current corrections fee (prisoner care fee) amount of $50 is now more insufficient related to accounting for the cost of housing municipal prisoners, and the annual General Fund transfer will need to increase. The corrections fee (prisoner care fee) has not been adjusted since 2019.

    The General Fund is the primary source of funding for municipal government public services including, but not limited to, police, fire/rescue, road maintenance, parks and recreation, and libraries. Ensuring that the General Fund does not have to offset more costs related to housing prisoners is advised because not doing so reduces available funding for other public services.



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**April 25, 2024**
**6:00 PM**
**Council Chambers**

### Governing Body Members

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Jim Owen, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer:https://us06web.zoom.us/j/85302353741?
pwd=bWp1QXliSGJoeHhJaGVOczF4MDN0UT09
Meeting ID:853 0235 3741
Passcode:789419

Join by Phone:
Dial: +1 253 215 8782 US

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

1

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**  Minutes of April 11, 2024 Regular Meeting
*Minutes of April 11, 2024 Regular Meeting*
*Minutes of April 11, 2024 - Signed*

**2**  R31, Resolution Authorizing a Budget Adjustment to the Infrastructure Fund (305) for Acceptance of Sandoval County Funds for the 15th Street SE Realignment Project
*Resolution*
*MOU between SC and the City of Rio Rancho*
*R31 - Signed*

**3**  R32, Resolution Authorizing a Budget Adjustment to the 2022 G.O. Bond Fund (333) for Police Vehicle Upfit and Equipping
*Resolution PD*
*R32 - Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**4**  R33, Resolution Amending the Los Diamantes Master Plan to Update Section 4. Design Standards and Section 10. Implementation and Phasing; Providing for Severability and an Effective Date
*Resolution_Los_Diamantes*
*Location Map*
*Reproduction of Notices, Legal Ad*
*LDMP Amendment Application Complete*
*LDMP Amendments as recommended by PZB - Clean*
*Reviewer Comments*
*(CURRENT) Los Diamantes Master Plan*
*Edmiston, Joe and Mary Beth_Public Comment*
*Comprehensive Los Diamantes Master Plan Amendments 2020 through 2023*
*LDMP Design Standards Redlines as recommended by PZB*

**5**  R34, Resolution Amending the Lomas Negras Specific Area Plan to Update the Land Use Map (Exhibit 13) and the Future Land Use Table (Exhibit 12)
*Resolution*
*Land Use Application*
*Location_Zoning Map*
*High Range 6 - ALTA Survey*
*Letter of Authorization*
*High Range 6 - Master Plan_updated*
*Reproduction of Notices*
*Exhibit A*
*R34 - Signed*

**6**  R35, Resolution Adopting the High Range 6 Master Plan
*Resolution*
*Location_Zoning Map*
*Land Use Application*
*Letter of Authorization*
*High Range 6 - ALTA Survey*
*Reproduction of Notices*
*High Range 6 - Master Plan_updated*
*R35 - Signed*

2

▓▓▓▓▓▓▓▓▓▓ding the Zoning Classification and Official Zoning Map for the Property Legally Described as Rio Rancho Estates Unit 13, Block 71, Lots 3-15, 20-22, 24-25, 28-35, 37-45, From O-1 and R-1 to R-5: Single-Family Residential; Identifying Conditions of Development; Providing for Severability and an Effective Date
*Ordinance*
*Location_Zoning Map*
*Land Use Application*
*Letter of Authorization*
*High Range 6 - ZMA Justification Letter*
*Reproduction of Notices*
*O6 - Signed*

## Second Reading of Ordinances

▓▓▓▓▓▓▓▓▓▓mending Chapter 131 Offenses Against Order and Safety & Chapter 154 Planning and Zoning
*Amended Ordinance*
*April 1 2024 GB Work Session PowerPoint*
*Online submission tracking with attachments*
*O2 - Public Comment*
*O2 - Public Comment*
*02 - Public Comment*
*02 - Public Comment*
*02- Public Comment*
*O2 Public Comment .pdf*
*Public Comment - O2.pdf*
*O2 - Signed*

▓▓▓▓▓▓ Ordinance Amending Chapter 34 Municipal Court
*Ordinance*
*O5 - Signed*

## First Reading of Ordinances

▓▓▓▓▓▓▓▓▓▓thorizing the Issuance and Sale of City of Rio Rancho, New Mexico, Tax-Exempt General Obligation Improvement Bonds, Series 2024, in the Principal Amount of $16,000,000, Payable from Ad Valorem Taxes Levied on all Taxable Property Within the City, Levied Without Limit as to Rate or Amount; Providing for the Form, Certain Terms and Conditions of the Bonds, the Manner of Their Executions, and the Method of and Security for Payment Thereof; Delegating Authority to Each of the Mayor, City Manager and City Financial Services Director to Determine the Method of Sale of the Bonds and to Determine the Maturity Dates and Amounts, Interest Rates, Prices, Redemption Features and Other Final Terms of the Bonds in an Award Certificate; and Providing for Other Details Concerning the Bonds
*Ordinance_Bond*
*Official Statement*
*Disclosure Responsibilities Memo*

## Discussion and Deliberation

11  R36, Resolution Establishing an Annual Schedule of Governing Body Meetings and Determining Reasonable Notice for Public Meetings of the City of Rio Rancho
*Resolution*
*R36 - Signed*

## City Manager

3

**Adjournment**



*Governing Body*
of the
City of Rio Rancho

MINUTES
APRIL 25, 2024
6:00 PM
Council Chambers, City Hall

**MEMBERS PRESENT:**
Greggory D. Hull, Mayor
Jim Owen, Councilor Dist. 1
Jeremy Lenentine, Councilor Dist. 2
Bob Tyler, Councilor Dist. 3
Paul Wymer, Councilor Dist. 4
Karissa Culbreath, Councilor Dist. 5
Nicole List, Councilor Dist. 6

**STAFF PRESENT:**
Matt Geisel, City Manager
Peter Wells, Deputy City Manager
Josh Rubin, City Attorney
Rebecca Martinez, City Clerk
Carol Jaramillo, Director of Financial Svcs.
Connie Peterson, Dir. of Parks, Rec & Comm Svcs.
James DeFillippo, Fire Chief
Amy Rincon, Director of Development Services
Jason Shoup, Library Director
Stewart Steele, Police Chief
Jason Shoup, Library Director
Yolanda Lucero, Deputy City Clerk

**Call to Order and Pledge of Allegiance**

Mayor Hull called the meeting to order at 6:00 p.m.

**Proclamations and Awards of Merit**

**Public Forum**

**Comments by Councilors**

The Governing Body members thanked Councilor Owen for his commitment as City Councilor, as his term is ending at the end of this month.

**Consent Calendar**

1) Minutes of April 11, 2024 Regular Meeting
2) R31, Resolution Authorizing a Budget Adjustment to the Infrastructure Fund (305) for Acceptance of Sandoval County Funds for the 15th Street SE Realignment Project
3) R32, Resolution Authorizing a Budget Adjustment to the 2022 G.O. Bond Fund (333) for Police Vehicle Upfit and Equipping

Bob Tyler moved to approve consent calendar. Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.

1

1    YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
2    Nicole List
3
4    **Boards/Commissions/Committee Reports**
5
6    **Public Hearings**
7
8    4) <u>R33, Resolution Amending the Los Diamantes Master Plan to Update Section 4.</u>
9    <u>Design Standards and Section 10. Implementation and Phasing; Providing for</u>
10   <u>Severability and an Effective Date</u>
11
12   Amy Rincon, Director of Development Services stated late this afternoon the applicant
13   requested this item be postponed. Staff will bring the item back, as a new item at a later
14   date when the applicant is ready to move forward.
15
16   Bob Tyler <u>moved to postpone R33, indefinitely.</u>  Seconded by Jim Owen
17
18   The motion carried by a vote of 6 FOR and 0 AGAINST.
19   YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
20   Nicole List
21
22   5) <u>R34, Resolution Amending the Lomas Negras Specific Area Plan to Update the Land</u>
23   <u>Use Map (Exhibit 13) and the Future Land Use Table (Exhibit 12)</u>
24
25   Ms. Rincon presented R34, R35, and O6 together. The applicant, LGI Homes, through
26   their agent, Coe & Van Loo Consultants, Inc., is requesting approval of an amendment
27   to the Lomas Negras Specific Area Plan to change the Land Use Map and Future Land
28   Use Table. A proposed Zone Map Amendment to change the zoning of Unit 13, Block
29   70, Lots 1-10, 12-36, 39-40, 47, 52-54, 58-60, 63-72, 74-96; as well as Block 71, Lots 3-
30   15, 20-22, 24-25, 28-35, 37-45. Lastly the High Range 6 Master Plan, details a
31   conceptual lot layout and roadway sections, identifies community amenities, and seeks
32   to change the zoning of all subject parcels so that it is compatible with the proposed
33   residential development. The subject properties comprise approximately 102 acres and
34   are currently zoned R-1: Single-Family Residential District, as well as O-1: Office
35   District.
36
37   Karissa Culbreath <u>moved to approve R34.</u>  Seconded by Bob Tyler
38
39   The motion carried by a vote of 6 FOR and 0 AGAINST.
40   YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath,
41   Nicole List
42
43   6) <u>R35, Resolution Adopting the High Range 6 Master Plan</u>
44
45   Paul Wymer <u>moved to approve R35.</u>  Seconded by Karissa Culbreath
46

2

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List

███████████████ the Zoning Classification and Official Zoning Map for the Property Legally Described as Rio Rancho Estates Unit 13, Block 71, Lots 3-15, 20-22, 24-25, 28-35, 37-45, From O-1 and R-1 to R-5: Single-Family Residential; Identifying Conditions of Development; Providing for Severability and an Effective Date

Karissa Culbreath moved to approve O6. Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List

**Second Reading of Ordinances**

████████████ter 131 Offenses Against Order and Safety & Chapter 154 Planning and Zoning

████████████████████████ The Governing Body first considered this item at its March 14, 2024 meeting and postponed taking any action until its April 11, 2024 meeting. At its April 11, 2024 meeting, the Governing Body approved an amended version of the Ordinance. At that meeting, four amendments were proposed and adopted. These amendments are reflected in the amended Ordinance document. In addition, a cross reference to applicable, existing appeal procedures found in Section 150.08 of Municipal Code has been added to the amended Ordinance document.

Bob Tyler moved to approve O2. Seconded by Karissa Culbreath

The following individual spoke under this item:

Daniel Gray

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Jim Owen, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List

██████████ending Chapter 34 Municipal Court

██████████████████████████████████. As part of the 2023 New Mexico Legislature session, House Bill (HB)139 was passed, which is effective July 1, 2024. It eliminates the State law requirement for municipalities to enact an ordinance requiring an assessment of corrections fees, judicial education fees, and court automation fees to be collected as Municipal Court costs, with a portion remitted

3



**CITY OF RIO RANCHO**


ENACTMENT NO. 24-05

ORDINANCE NO. 5

## ORDINANCE AMENDING CHAPTER 34 MUNICIPAL COURT

**WHEREAS:** as part of the 2023 New Mexico Legislature session, House Bill (HB)139 was passed; and

**WHEREAS:** HB 139, effective July 1, 2024, eliminates the State law requirement for municipalities to enact an ordinance requiring an assessment of a corrections fee, judicial education fee, and court automation fee to be collected as Municipal Court costs, with a portion remitted to the State; and

**WHEREAS:** as a home-rule municipality pursuant to State law, the City of Rio Rancho can re-establish (effective July 1, 2024) and require a corrections fee (prisoner care fee) to be collected as Municipal Court costs; and

**WHEREAS:** historically the assessment of a corrections fee (prisoner care fee) is mandatory for anyone convicted of violating any City ordinance related to the operation of a motor vehicle or any ordinance that may be enforced by the imposition of a term of imprisonment; and

**WHEREAS:** the corrections fee (prisoner care fee) provides resources to account for the expenses associated with housing municipal prisoners at the Sandoval County Detention Center; and

**WHEREAS:** the City of Rio Rancho desires to maintain the assessment of a corrections fee (prisoner care fee) as a means to offset a portion of the costs charged by Sandoval County for housing prisoners at the Sandoval County Detention Center; and

**WHEREAS:** Sandoval County recently increased the daily rate for housing prisoners from $95 to $130; and

**WHEREAS:** as a result of recent cost increases imposed by Sandoval County, the current corrections fee (prisoner care fee) of $50 is now more insufficient related to accounting for the total cost of housing municipal prisoners; and

**WHEREAS:** by increasing the corrections fee (prisoner care fee), the General Fund transfer that is necessary to fully account for housing municipal prisoners is projected not to increase.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.**    Chapter 34 Municipal Court, Section 34.06 Penalties and Fines; Bonds,

R.O. 2003, is hereby amended as follows (underline new text and strikethrough deleted text):

34.06 Penalties and Fines; Bonds

(A)(1)*Penalties.*

(a)The penalty for conviction of violating a municipal ordinance shall be as directed by the ordinance or code, and no single offense shall exceed a fine of $500 or 90 days' imprisonment or a combination of both the fine and imprisonment.

(b)A violation subject to trial in municipal court shall be a misdemeanor or petty misdemeanor.

(c)Notwithstanding any other provision of this code, where a defendant is charged with more than one offense arising out of a single transaction, act or occurrence, the maximum combined sentence that may be imposed for all offenses shall not exceed 179 days.

(d)This section shall apply to all offenses for which proceedings in the municipal court or appeals from it have not been concluded on the effective date of this section, whether or not the proceedings have been initiated, and shall apply to all offenses committed after its effective date.

(2)*Mandatory fees.*

(a)In addition to any fine or imprisonment described in subsection (A)(1) of this section, from any person convicted of a violation of any ordinance of the city relating to the operation of a motor vehicle, including penalty assessments, or any ordinance which may be enforced by the imposition of a term of imprisonment, the Municipal Judge shall collect the following mandatory fees: $75 Prisoner Care Fee.

1.Corrections fee: $50;
2.Judicial education fee: $3;
3.Court automation fee: $6.

(b)If the conviction is for a drug-related offense, in addition to mandatory fees prescribed herein above, the Municipal Judge shall collect:

1.Fee to be imposed upon conviction of provisions relating to the Controlled Substance Act or conviction of distribution or possession of a controlled substance: $75 per conviction.
2.If the conviction is for a traffic violation, in addition to subsections (A)(2)(a)(1) through (3) of this section the Municipal Judge shall collect a traffic safety education and enforcement fee: $15.
3.If conviction is for an animals ordinance violation, in addition to any of the above, the Municipal Judge shall collect a spay/neuter fee: $5.

2

(c)All money collected pursuant to this section as a ~~corrections~~ Prisoner Care ~~f~~Fee shall be deposited in a special fund in the Municipal Treasury and shall be used solely for the purpose of constructing, operating or maintaining the municipal jail or for paying for the cost of housing municipal prisoners in ~~the~~ a county jail or other detention facilities in the state.

~~(d)All judicial education fees collected shall be remitted monthly to the State Treasurer for credit to the judicial education fund and shall be used for the education and training, including production of bench books and other written materials, of municipal judges and other municipal court personnel.~~

~~(e)All court automation fees collected shall be remitted monthly to the State Treasurer for credit to the Municipal Court Automation Fund and shall be used for the purchase and maintenance of court automation systems in the municipal courts. The court automation systems shall have the capability of providing, on a timely basis, electronic records in a format specified by the Judicial Information System Council.~~

~~(f)~~(d) All traffic safety education and enforcement fees collected shall be distributed only by the Traffic Safety Advisory Committee, with approval of the governing body. The fund shall be used to institute and promote the program of traffic safety through education and enforcement to reduce serious and fatal traffic accidents and to provide for the purchase of equipment and support services as are necessary to establish and maintain the program. ('87 Code, § 5-6-1)

~~(g)~~(e) All spay/neuter fees collected shall be deposited into a segregated and separate fund established under the Animals Chapter, to be distributed with approval of the governing body. The fund shall be used by the Rio Rancho Animal Resource Center (RRARC) to implement and maintain programs associated with spaying and neutering of domestic pets within the city, and for equipment or services needed to support those initiatives.

~~(h)~~(f) The Municipal Judge shall collect the following mandatory fee from any person convicted of a violation of any ordinance of the city for purposes of funding Rio Rancho Municipal Court facility, equipment, technology, or program needs: $3.

~~(i)~~(g) In lieu of a fine for a traffic violation, the Municipal Judge may order (one time only) completion of a safe driving school program, and in doing so the Municipal Judge shall collect $75 in addition to all mandatory fees, as applicable, prescribed herein above.

(B)The Municipal Judge may designate specific offenses, not including breaches of the peace as defined by the Procedures for Municipal Courts, for which a voluntary plea of "guilty" or "no contest" together with the designated fine may be accepted by the court in lieu of a formal hearing. The court shall deliver a receipt for all fines paid whether voluntary or as a result of conviction. ('87 Code, § 5-6-2)

1   (C)If the circumstances do not warrant that the defendant be confined pending hearing,
2   but the Municipal Judge has reasonable doubt that the defendant will appear, the
3   Municipal Judge may require the posting of an appearance bond to exceed the
4   maximum fine allowed upon conviction of the violation charged. If the defendant
5   appears as summoned, the bond or cash shall be refunded; if the defendant does not
6   appear, the bond or cash is forfeited to the court. ('87 Code, §5-6-3)

7

8   **Section 2.**   **Severability Clause.**  If any section, paragraph, clause, or provision of
9   this Ordinance, or any section, paragraph, clause, or provision of any regulation
10   promulgated hereunder shall for any reason be held to be invalid, unlawful, or
11   enforceable, the invalidity, illegality, or unenforceability of such section, paragraph,
12   clause, or provision shall not affect the validity of the remaining portions of this
13   Ordinance or the regulation so challenged.

14

15   **Section 3.**   **Compiling Clause.**  This Ordinance shall be incorporated in and compiled
16   as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

17

18   **Section 4.**   **Effective Date.**  This Ordinance shall become effective July 1, 2024.

19

20   ADOPTED THIS 25TH DAY OF APRIL, 2024.

21

22

23

24                            Greggory D. Hull, Mayor

25

26

27   ATTEST:

28

29

30   Rebecca A. Martinez, City Clerk

31   (SEAL)



**CITY OF RIO RANCHO**





Legislation Item: O24

**AGENDA DATE:**
October 24, 2024

**DEPARTMENT:**
Development Services

**SUBJECT:**
O24, Ordinance Amending the Rio Rancho Code of Ordinances (R.O. 2003) Title XV "Land Usage", Chapter 154 Planning and Zoning, Sections 154.05, 154.08, 154.09, 154.10, 154.11, 154.12, 154.19 to add Short-Term Rentals

**BACKGROUND AND ANALYSIS:**
First reading of an Ordinance. Two readings with approval required for adoption.

At the Governing Body's October 10, 2024 meeting, a new section of Municipal Code (Title XI, Business Regulations, Chapter 123, Regulations for Short-Term Rentals) was established with an effective date of July 1, 2025.

Prior to the adoption of of Chapter 123, Municipal Code did not allow for short-term rentals. Specifically, Municipal Code did not define or address regulations for short-term rentals, and this created a commercial use of a residentially zoned property in violation of the City's permissive zoning uses in Chapter 154 Planning and Zoning.

As a result of considering and establishing a new chapter for short-term rental regulations, a related Ordinance amending Chapter 154 Planning and Zoning is required for clarity of permissive uses. Chapter 154 currently lacks language stating the permissive use for short-term rentals in single-family residential zoning districts: E-1, R-1, R-2, R-3, R-4, and R-5 as described in Chapter 154 under sections 154.05, 154.08, 154.09, 154.10, 154.11, 154.12, and 154.19.

At the October 8, 2024 Planning and Zoning Board meeting, the Text Amendment was heard and approved by the Planning and Zoning Board by a vote of five (5) for and 0 against.

The Planning and Zoning Board finds that the requested Text Amendment will clarify the permissive use of short-term rentals per the definitions and regulations established in Chapter 123. The amendment to Chapter 154 will allow for short-term rentals in single-family residential zoning districts and allow for clarity in enforcement and permissibility of short-term rentals, in accordance with the health, safety, morals, and general welfare of the City.

The effective date of the Ordinance is July 1, 2025, which corresponds with the new Chapter 123, Regulations for Short-Term Rentals.

**IMPACT:**
The Planning and Zoning Board recommends approval of the proposed text amendments to the

Governing Body, subject to the findings set forth below:

GENERAL FINDINGS OF FACT:
1. The Planning and Zoning Board may review and make a recommendation to the Governing Body on the request for text amendments to the Rio Rancho Municipal Code.
2. The City has the authority to make an application to request an amendment to the Rio Rancho Municipal Code.
3. The applicant and citizens of Rio Rancho have received due process, as proper notice of hearing was given.

SPECIFIC FINDINGS OF FACT:
1. The proposed Text Amendment meets the requirements of Rio Rancho Code of Ordinances (R.O. 2003) § 150.07 (D) Amendments.
2. The proposed amendment is consistent with the goals of promoting health, safety, morals, and general welfare of the City of Rio Rancho by permitting short-term rentals under the regulations and definitions listed in Chapter 123.

If the Governing Body denies the Ordinance, it is subject to the following Findings of Fact:
1. The proposed Text Amendment does not meet the requirements of Rio Rancho Code of Ordinances § 150.07 (D) Amendments.
2. The proposed amendment is not consistent with the goals of promoting health, safety, morals and general welfare of the City of Rio Rancho.


ALTERNATIVES:
    1. The Governing Body may approve the Ordinance.
    2. The Governing Body may deny the Ordinance.
    3. The Governing Body may modify the Ordinance and approve such modifications.
    4. The Governing Body may continue the public hearing to request additional information or to consider testimony provided at the public hearing.


DEPARTMENT RECOMMENDATION:
    The Planning and Zoning Board recommends the Governing Body adopt the Ordinance.

ATTACHMENT: Ordinance_O24
ATTACHMENT: Ordinance_O22
ATTACHMENT: Legal Notice



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**October 24, 2024**
**6:00 PM**
**Council Chambers**

**Governing Body Members**

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer: https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial: +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

1

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**    Minutes of October 10, 2024 Regular Meeting
*101024*
*Minutes of October 10, 2024 - Signed*

**2**    R90, Resolution Authorizing Budget Adjustments to the General Fund (101), Emergency Medical Services Fund (251), and 2022 G.O. Bond Fund (333)
*Resolution_R90*
*R90 - Signed*

**3**    R91, Resolution Authorizing Disposal of Library and Information Services Department Property
*Resolution_R91*
*Exhibit A*
*R91 - Signed*

**4**    R92, Resolution Authorizing a Budget Adjustment to the Keep Rio Rancho Beautiful Grant Fund (207)
*Resolution_R92*
*R92 - Signed*

**5**    R93, Resolution Approving 2025 Holiday Schedule for City Employees
*Resolution_R93*
*R93 - Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**6**    D42, Site Plan Approval for an Existing Commercial Building Expansion and Parking Lot Expansion at 1920 and 1910 Westside Blvd. SE, legally described as Petroglyph Medical Plaza, Block A, Lots 3A1 and 3A2
*Application*
*Applicant Letter*
*Location, Zoning Map*
*Petroglyph Medical Plaza Master Plan*
*Plans*
*Waste-Water Availability Statement*
*Ordinance 51_09-48*
*Parks Comments*
*Reproduction of Public Notices*

**7**    D43, Approval for Poke Serrano, LLC, DBA Poke Serrano & Sweet Cup (The "Applicant") located at 3755 Southern Blvd., SE, Rio Rancho, NM 87124 for a Restaurant B Beer, Wine & Spirts Liquor License with On-Premises Consumption Only with Patio Service
*Poke Serrano*

**8**    D44, Approval for LFG Enterprises, LLC, DBA Screaming Coyote Restaurant (the "Applicant") located at 2500 Mariposa Parkway Suite 200, Rio Rancho, NM 87144 for issuance of a Restaurant B, Beer, Wine and Spirts License
*LFG Enterprises*

**9**    D45, Approval for MSCHIODA, Inc. DBA Sprouts Farmers Market (the "Applicant") located at 3575 NM Highway 528, Rio Rancho, NM 87144 for transfer of New Mexico Dispenser License DIS-

2

000854 (formerly License No.1364)
*MSCHIODA*

## Second Reading of Ordinances

██████ ███████████ mending the Solid Waste and Recycling Management Franchise Agreement
Between the City of Rio Rancho and Waste Management of New Mexico, Inc.
*Ordinance_O23*
*Amendment WM Agreement 2024*
*Waste Management Franchise Agreement*
*O23 - Signed*

## First Reading of Ordinances

████████████████████ mending the Rio Rancho Code of Ordinances (R.O. 2003) Title XV "Land Usage",
Chapter 154 Planning and Zoning, Sections 154.05, 154.08, 154.09, 154.10, 154.11, 154.12,
154.19 to add Short-Term Rentals
*Ordinance_O24*
*Ordinance_O22*
*Legal Notice*

## Discussion and Deliberation

**12**    D46, Advice and Consent of the Governing Body to Award a Contract to All-Rite Construction
*Council Chambers Remodel*

**13**    D47, Advice and Consent of the Governing Body to Award a Contract to Musco Sports Lighting,
LLC
*2024 Renewal*
*2022 Contract*

**14**    Mayor Annual State of the City Report

## City Manager

## Adjournment

3



*Governing Body*
of the
City of Rio Rancho

MINUTES
OCTOBER 24, 2024
6:00 PM
Council Chambers, City Hall

**MEMBERS PRESENT:**
Greggory D. Hull, Mayor
Deb Dapson Councilor Dist. 1
Jeremy Lenentine, Councilor Dist. 2
Bob Tyler, Councilor Dist. 3
Paul Wymer, Councilor Dist. 4
Karissa Culbreath, Councilor Dist. 5
Nicole List, Councilor Dist. 6

**STAFF PRESENT:**
Matt Geisel, City Manager
Peter Wells, Deputy City Manager
Alexandra N. Lopez, Deputy City Attorney
Noel Davis, City Clerk
Carol Jaramillo, Director of Financial Svcs.
James DeFillippo, Fire Chief
Stewart Steele, Police Chief
Connie Peterson, Dir of Parks, Rec. & Comm Svcs.
Amy Rincon, Dir. of Development Services
BJ Gottlieb, Director of Public Works
Yolanda Lucero, Deputy City Clerk

**Call to Order and Pledge of Allegiance**

Mayor Hull called the meeting to order at 6:00 p.m.

Mayor Hull moved Item 14, Mayor Annual State of the City Report from Discussion and Deliberation to Proclamations and Awards of Merit and also move Public Forum to be heard next on the agenda before Proclamations and Awards of Merit.

**Public Forum**

The following individual spoke under public forum:

Michael Jackovich

**Proclamations and Awards of Merit**

1) Mayor Annual State of the City Report

Mayor Hull stated per the City Charter he will be presenting the Mayor Annual State of the City report via a video. He then briefly spoke of the accomplishments that have been made over the year and the overall progress of moving Rio Rancho forward.

**Comments by Councilors**

1

1  Councilor List thanked staff for the wonderful Fall Festival. It was a great well-organized
2  event.
3
4  **Consent Calendar**
5  1) Minutes of October 10, 2024 Regular Meeting
6  2) R90, Resolution Authorizing Budget Adjustments to the General Fund (101),
7  Emergency Medical Services Fund (251), and 2022 G.O. Bond Fund (333)
8  3) R91, Resolution Authorizing Disposal of Library and Information Services Department
9  Property
10  4) R92, Resolution Authorizing a Budget Adjustment to the Keep Rio Rancho Beautiful
11  Grant Fund (207)
12  5) R93, Resolution Approving 2025 Holiday Schedule for City Employees
13
14      Bob Tyler moved to approve consent calendar.  Seconded by Deb Dapson
15
16      The motion carried by a vote of 6 FOR and 0 AGAINST.
17      YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
18      Culbreath, Nicole List
19       NO: None
20
21  **Boards/Commissions/Committee Reports**
22
23  **Public Hearings**
24
25  6) D42, Site Plan Approval for an Existing Commercial Building Expansion and Parking
26  Lot Expansion at 1920 and 1910 Westside Blvd. SE, legally described as Petroglyph
27  Medical Plaza, Block A, Lots 3A1 and 3A2
28
29  Amy Rincon, Director of Development Services presented this item.
30
31      Deb Dapson moved to approve D42.  Seconded by Bob Tyler
32
33      The motion carried by a vote of 6 FOR and 0 AGAINST.
34      YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
35      Culbreath, Nicole List
36       NO: None
37
38  7) D43, Approval for Poke Serrano, LLC, DBA Poke Serrano & Sweet Cup (The
39  "Applicant") located at 3755 Southern Blvd., SE, Rio Rancho, NM 87124 for a
40  Restaurant B Beer, Wine & Spirts Liquor License with On-Premises Consumption Only
41  with Patio Service
42
43  Noel Davis, City Clerk presented this item. This application is for the issuance of a
44  Restaurant B, Beer, Wine & Spirts Liquor License with on premises consumption only to
45  include patio service for Poke Serrano. The Director of Alcohol Beverage Control

1    Division has granted this application conditional preliminary approval and has forwarded
2    it to the Governing Body of Rio Rancho for public hearing and action.
3
4        Karissa Culbreath moved to approve D43. Seconded by Nicole List
5
6        The motion carried by a vote of 6 FOR and 0 AGAINST.
7        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
8        Culbreath, Nicole List
9        NO: None
10
11    8) D44, Approval for LFG Enterprises, LLC, DBA Screaming Coyote Restaurant (the
12    "Applicant") located at 2500 Mariposa Parkway Suite 200, Rio Rancho, NM 87144 for
13    issuance of a Restaurant B, Beer, Wine and Spirts License
14
15    Mrs. Davis stated the application is for the issuance of a Restaurant B, Beer, Wine &
16    Spirts Liquor License with on premises consumption only for Screaming Coyote
17    Restaurant. The Director of Alcohol Beverage Control Division has granted this
18    application conditional preliminary approval and has forwarded it to the Governing Body
19    of Rio Rancho for public hearing and action.
20
21        Bob Tyler moved to approve D44. Seconded by Deb Dapson
22
23        The motion carried by a vote of 6 FOR and 0 AGAINST.
24        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
25        Culbreath, Nicole List
26        NO: None
27
28    9) D45, Approval for MSCHIODA, Inc. DBA Sprouts Farmers Market (the "Applicant")
29    located at 3575 NM Highway 528, Rio Rancho, NM 87144 for transfer of New Mexico
30    Dispenser License DIS-000854 (formerly License No.1364)
31
32    Mrs. Davis stated the application is for the transfer of location of NM Dispenser Liquor
33    License No. DIS-000854 with on-premises consumption and package sales at Sprouts
34    Famers Market. The Director of Alcohol Beverage Control Division has granted this
35    application conditional preliminary approval and has forwarded it to the Governing Body
36    of Rio Rancho for public hearing and action.
37
38        Bob Tyler moved to approve D45. Seconded by Nicole List
39
40        The motion carried by a vote of 6 FOR and 0 AGAINST.
41        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
42        Culbreath, Nicole List
43        NO: None
44
45    **Second Reading of Ordinances**
46

1 ████████████ Amending the Solid Waste and Recycling Management Franchise
2 Agreement Between the City of Rio Rancho and Waste Management of New Mexico,
3 Inc.
4
5 ████████████████████████████ The current agreement allows
6 Waste Management to petition the City at any time for a rate adjustment on the basis of
7 unusual extraordinary changes in the cost of operations or reduced revenues. They are
8 requesting a rate adjustment for increased recycling processing disposal cost
9 experienced since 2023. He briefly went over the cost impact over the next several
10 years. Staff is recommending approval.
11
12       Karissa Culbreath moved to approve O23.  Seconded by Deb Dapson
13
14       The motion carried by a vote of 6 FOR and 1 AGAINST.
15       YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Karissa
16       Culbreath, Nicole List
17       NO: Bob Tyler
18
19 **First Reading of Ordinances**
20
21 ████████████████ Amending the Rio Rancho Code of Ordinances (R.O. 2003) Title
22 XV "Land Usage", Chapter 154 Planning and Zoning, Sections 154.05, 154.08, 154.09,
23 154.10, 154.11, 154.12, 154.19 to add Short-Term Rentals
24
25 ████████████████ At the Governing Body's October 10, 2024 meeting, a
26 new section of Municipal Code (Title XI, Business Regulations, Chapter 123,
27 Regulations for Short-Term Rentals) was established with an effective date of July 1,
28 2025. Prior to the adoption of Chapter 123, Municipal Code did not allow for short-term
29 rentals. Specifically, Municipal Code did not define or address regulations for short-term
30 rentals, and this created a commercial use of a residentially zoned property in violation
31 of the City's permissive zoning uses in Chapter 154 Planning and Zoning. As a result of
32 considering and establishing a new chapter for short-term rental regulations, a related
33 Ordinance amending Chapter 154 Planning and Zoning is required for clarity of
34 permissive uses. The Planning and Zoning Board recommended approval at their
35 October 8, 2024 meeting.
36
37       Jeremy Lenentine moved to approve O24.  Seconded by Nicole List
38
39       The motion carried by a vote of 6 FOR and 0 AGAINST.
40       YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
41       Culbreath, Nicole List
42       NO: None
43
44 **Discussion and Deliberation**
45

4

1    ▓▓▓▓▓▓ce and Consent of the Governing Body to Award a Contract to All-Rite
2    Construction

3    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Staff has completed the
4    remodel design of security upgrades for the Governing Body Chambers. The remodel
5    project includes the replacement of the Governing Body dais and the installation of
6    secure entries and exits to access the dais. All public facing surfaces of the dais and
7    the entry and exit areas will be constructed with ballistic-rated materials. In addition,
8    new City staff worktables, public speaking podiums, flooring, paint, and ADA upgrades
9    are included. Project work is expected to take approximately two months to complete.
10
11
12        Bob Tyler moved to approve D46. Seconded by Deb Dapson
13
14        The motion carried by a vote of 6 FOR and 0 AGAINST.
15        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
16        Culbreath, Nicole List
17        NO: None
18
19    12) ▓▓▓▓▓▓ and Consent of the Governing Body to Award a Contract to Musco
20    Sports Lighting, LLC

21    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Governing
22    Body's approved 2024 New Mexico Legislature Capital Outlay Priorities Resolution
23    identified $600,000 to design, construct, and install Little League field lighting at the Rio
24    Rancho Sports Complex. As part of the regular Legislature session, $610,000 was
25    allocated. The City has allocated an additional $26,958.23 out of the Recreation
26    Activities Fund (206) to fully fund the project budget of $636,958.23. Project work will
27    be conducted by Musco Sports Lighting, LLC. Construction work is anticipated to begin
28    before the start of the 2025 Little League season in March 2025, with final delivery and
29    installation of the light poles and fixtures occurring shortly thereafter.
30
31
32        Nicole List moved to approve D47. Seconded by Paul Wymer
33
34        The motion carried by a vote of 6 FOR and 0 AGAINST.
35        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
36        Culbreath, Nicole List
37        NO: None
38
39    **City Manager**
40
41    Matt Geisel, City Manager successful Fall Festival Event.
42
43        • Dia de los Perros Pet Festival & Adopt-a-thon, Saturday, November 2
44        • Veterans Day Parade and Ceremony, Monday, November 11
45        • Holiday Arts and Crafts Festival, Saturday, November 23
46        • Winterfest, December 6

1    **Adjournment**
2
3    6:51 p.m.
4
5    APPROVED THIS NOVEMBER 14, 2024
6
7
8                                                        _____
9    ATTEST:                                             Greggory D. Hull, Mayor
10
11
12   Noel C. Davis, City Clerk
13            SEAL



## CITY OF RIO RANCHO





**ENACTMENT NO. 24-24**

**ORDINANCE NO. 24**

**ORDINANCE OF THE CITY OF RIO RANCHO, NEW MEXICO AMENDING THE RIO RANCHO CODE OF ORDINANCES TITLE XV LAND USAGE, CHAPTER 154 PLANNING AND ZONING, SECTIONS 154.05, 154.08, 154.09, 154.10, 154.11, 154.12, 154.19, TO ADD SHORT-TERM RENTALS AND PROVIDING FOR SEVERABILITY AND AN EFFECTIVE DATE**

**WHEREAS:** the Governing Body of the City of Rio Rancho has adopted zoning regulations and an official zone map in accordance with New Mexico Statutes Annotated 1978 (NMSA 1978) Chapter 3, Article 21; and

**WHEREAS:** the Governing Body of the City of Rio Rancho has adopted regulations and standards for Short-Term Rentals by creating Chapter 123, adopted October 10, 2024 under Ordinance No. 22, Enactment No. 24-22; and

**WHEREAS:** the Governing Body finds the need to amend sections 154.05, 154.08, 154.09, 154.10, 154.11, 154.12; 154.19 to add Short-Term Rentals as a permissive use; and

**WHEREAS:** in accordance with Rio Rancho Code of Ordinances (R.O. 2003) Section 33.15 (C) (2) (f), on October 8, 2024, the City of Rio Rancho Planning and Zoning Board reviewed the proposed amendments in a duly noticed public hearing regarding the proposed changes, and made these recommendations to the Governing Body regarding adoption to the changes; and

**WHEREAS:** the Governing Body received a recommendation from the Planning and Zoning Board, and such recommendation indicates the Planning and Zoning Board has studied and considered the proposed changes; and

**WHEREAS:** a first reading occurred, in accordance with procedures set forth in R.O. 2003 Section 150.07, and NMSA 1978 Section 3-21-6, on the proposed zoning regulation changes hereinafter described were duly advertised and held by the Governing Body of the City of Rio Rancho on October 24, 2024 and the Governing Body heard interested parties and citizens for and against the proposed amendments; and

**WHEREAS:** the proposed amendments to be adopted by this Ordinance comply with the statutory and regulatory requirements of the aforesaid Code of Ordinances and Statutes, and upon specific findings related to the subject property and determining the proposed amendments is consistent with the policies and criteria set forth in R.O. 2003 Section 150.07 (D) through (G), the Governing Body finds the amendments promote health, safety, morals and general welfare of the City.

NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:

**Section 1.**   Chapter 154, Section 154.05(B)(19) is hereby amended to add the following:

(19) Short Term rental unit; as defined and regulated in Chapter 123

**Section 2.**   Chapter 154, Section 154.08(B)(17) is hereby amended to add the following:

(17) Short Term rental unit; as defined and regulated in Chapter 123

**Section 3.**   Chapter 154, Section 154.09(B)(17) is hereby amended to add the following:

(17) Short Term rental unit; as defined and regulated in Chapter 123

**Section 4.**   Chapter 154, Section 154.10(B)(20) is hereby amended to add the following:

(20) Short Term rental unit; as defined and regulated in Chapter 123

**Section 5.**   Chapter 154, Section 154.11(B)(17) is hereby amended to add the following:

(17) Short Term rental unit; as defined and regulated in Chapter 123

**Section 6.**   Chapter 154, Section 154.12(B)(17) is hereby amended to add the following:

(17) Short Term rental unit; as defined and regulated in Chapter 123

**Section 7.**   Chapter 154, Section 154.19 is hereby amended to add the following below Senior transitional care facilities, senior living facility:

| Short-Term Rentals | P | P | P | P | P | P | | |
|---|---|---|---|---|---|---|---|---|

**Section 8.    Severability Clause.**  If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph, clause, or provision shall not affect the validity of the remaining portions of this Ordinance or the regulation so challenged.

**Section 9.    Compiling Clause.**  This Ordinance shall be incorporated in and compiled

as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

**Section 10.  Effective Date.**  This Ordinance has an immediate effective date of July 1, 2025.

ADOPTED THIS 14th DAY OF NOVEMBER, 2024.

_____
Greggory D. Hull, Mayor

ATTEST:

_____
Noel C. Davis, City Clerk
(SEAL)

3

**Exhibit B1**

**Condensed Summary of Ordinance Findings from Exhibit B**

This spreadsheet provides a simplified overview of the ordinances included in Exhibit B. It summarizes key procedural deficiencies for ease of reference, including missing sponsor information, improper presentation records, and no sponsorship noted in official records.

# Exhibit B1, Condensed Summary of Ordinance Findings

20. The exhibits (See Exhibit B) demonstrate that across the agenda listings, ordinance cover pages, meeting minutes, and signed ordinances (official record documents),

a. no legitimate sponsor (meaning a member of the Governing Body) listed in Ordinance Cover Page, Agenda, or in Meeting Minutes,

b. a legitimate sponsor, meaning a member of the Governing Body, did not present legislation to the governing body, and

c. sponsor's name is not listed on signed ordinance as required by the Rules of Procedure

| Ordinance No. | Date | Cover Page: Sponsor Listed? | Agenda: Sponsor Listed? | Meeting Minutes: Sponsor Presented? | Presenter Identified (if not sponsor) | Signed Ordinance: Sponsor Listed? |
|---|---|---|---|---|---|---|
| 4 | 03/24/22 | NO | NO | NO | Ms. Jaramillo, Dir. Of Fin. Svcs. | NO |
| 24 | 10/13/22 | NO | NO | NO | Ms. Jaramillo, Dir. Of Fin. Svcs. | NO |
| 7 | 04/13/23 | NO | NO | NO | Ms. Rincon, Dir. Of Dev. Svcs. | NO |
| 16 | 10/26/23 | NO | NO | NO | Rebecca Martinez, City Clerk | NO |
| 5 | 04/25/24 | NO | NO | NO | Peter Wells, Deputy City Manager | NO |
| 24 | 10/24/24 | NO | NO | NO | Ms. Rincon, Dir. Of Dev. Svcs. | NO |
| **Ordinances up for injunction** | | | | | | |
| 5 | 02/27/25 | NO | NO | NO | Peter Wells, Deputy City Manager | NO |
| 7 | 03/27/25 | NO | NO | NO | Steve Gallegos, Acting Dir. Of Utilities | NO |
| 8 | 03/27/25 | NO | NO see Ordinance 7 for minutes | NO | Peter Wells, Deputy City Manager | NO |
| 22 | 10/10/24 | NO | NO | NO | Matt Geisel, City Manager | NO |
| 18 | 08/22/25 | NO | NO | NO | Peter Wells, Deputy City Manager | NO |
| **Ordiance 016 First reading** | 06/12/25 | NO | NO | Online Minutes not available | Matt Geisel, City Manager Per online video | NOT YET passed |

**Exhibit C**

**Ordinances 05, 07, 022, 08, and 018 Referenced in this Complaint**

This exhibit contains copies of Ordinances 05, 07, 08, 022, O8, and 018, each of which

lacks any indication of sponsorship by a Governing Body member or evidence of

presentation by a sponsor, in violation of the Governing Body Rules of Procedure.

Ordinance 05

First Reading of 05 February 27, 2025

No sponsor noted on any document, no sponsor noted in signed legislation.

Meeting Minutes indicated Peter Wells, Deputy City Manager, presented Ordinance 05 at

First Reading February 27, 2025.



**CITY OF RIO RANCHO
COVER PAGE**



Legislation 

AGENDA DATE:
February 27, 2025

DEPARTMENT:
Administration

SUBJECT:
O5, Ordinance Amending Chapter 37.02 Lodger's Tax

BACKGROUND AND ANALYSIS:
First reading of an ordinance. Two readings with approval required for adoption.

On October 10, 2024, the Governing Body of the City of Rio Rancho adopted Ordinance No. O22, establishing Chapter 123, Regulations for Short-Term Rentals, which was subsequently amended via Ordinance No. 01 on February 13, 2025. The regulations establish standards and procedures for the issuance of a permit to operate Short-Term Rental Units within the City. The regulations further enable the City to collect a five percent (5%) occupancy or lodger's tax on short-term rental stays.

Consequently, corresponding changes to Chapter 37.02, Lodger's Tax are recommended to include and account for short-term rental units as taxable premises on which an occupancy tax may be collected. These amendments include:
• expanding the meaning of "lodgings" in §37.02(B);
• adding "short-term rental unit" to the definition of "Taxable Premises" in §37.02(C); and
• exempting short-term rental operators from the requirement to obtain a vendor license in §37.02(E), as the requirements to obtain a short-term rental
    permit under Chapter 123 are inclusive of and more extensive than the requirements to obtain a vendor license.

Additional updates to the Lodger's Tax Section are recommended to more closely conform to the language of the Lodger's Tax Act NMSA §§ 3-38-13 50 3-38-25. These amendments include:
• updating the permissible penalty for failure to properly remit occupancy tax to the City at §37.02(I)(1);
• requiring the City Clerk or Treasurer to furnish property owners with a certificate showing lien amounts upon request at §37.02(I)(4); and
• eliminating duplicative provisions describing the appointment and responsibilities of the lodger's tax board that are described in §33.25.

The effective date of the Ordinance is July 1, 2025, to coincide with the implementation of the short-term rental regulations.

IMPACT:
If the Ordinance is adopted, the City will collect occupancy tax on stays in permitted short-term

rental units.

Based on the number and frequency of short-term rental stays at the time the regulations were adopted, it is estimated that the collection of occupancy/lodgers tax on short-term rental stays will generate $150,000 in revenue annually. Under State statute, half of this revenue is required to be spent on publicizing and promoting tourist-related facilities and attractions and tourist-related events. The remaining revenue can be used for administration, including salaries and capital expenditures. However, all lodger's tax proceeds are required to be used within two years of the close of the fiscal year.

ALTERNATIVES:
Approve to the Ordinance.

Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
Staff recommends approval of the Ordinance as presented

ATTACHMENT: Ordinance_O5



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**February 27, 2025**
**6:00 PM**
**Council Chambers**

**Governing Body Members**

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer: https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

1

**Consent Calendar**
There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**    Minutes of February 13, 2025 Regular Meeting
*Minutes of February 13, 2025 Regular Meeting*
*Minutes of February 13, 2025-Signed*

**2**    Minutes of February 18, 2025 Work Session Meeting
*Minutes of February 18, 2025 Work Session Meeting*
*Minutes of February 18, 2025 -Signed*

**3**    R14, Resolution Authorizing a Budget Adjustment to the State Appropriations Capital Fund (315)
*Resolution_R14*
*R14-Signed*

**4**    R15, Resolution Authorizing a Budget Adjustment to the Federal Grant Fund (259)
*Resolution_R15*
*Award Document*
*R15-Signed*

**5**    R16, Resolution Authorizing the Disposal of Damaged and/or Obsolete Public Works Department Property
*Resolution_R16*
*EXHIBIT A*
*R16-Signed*

**6**    R17, Resolution Decommissioning and Allowing for Disposal of a Vehicle
*Resolution_R17*
*R17-Signed*

**7**    R18, Resolution Authorizing Disposal (Transfer to Handler) of Police Department Property (K-9)
*Resolution_R18*
*Exhibit A*
*R18-Signed*

**8**    R19, Resolution Authorizing Budget Adjustments to the State Grants Fund (252) and the Federal Grants Fund (259)
*Resolution_R19*
*Award Letter*
*R19-Signed*

**9**    R20, Resolution Authorizing the Disposal of Office Furniture and Equipment
*Resolution_R20*
*Exhibit A*
*R20-Signed*

**10**    D15, Appointment of Anand Iyer to the Public Infrastructure Advisory Board
*A. Iyer Resume*

**11**    R21, Resolution Authorizing a Budget Adjustment to the Convention and Visitors Bureau Fund (225)
*Resolution_R21*
*R21-Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**12**  R22, Resolution Amending the Impact Fee Capital Improvement Plan (IFCIP) Per the Impact Fee
Capital Improvement Policy
*Resolution_R22*
*Map*
*R22-Signed*

**13**  O4, Ordinance Amending the Zoning Classification and Official Zoning Map for the Property Legally
Described as Rio Rancho Estates Unit 13, Block 77, Lots 39 and 40, From R-4: Single-Family
Residential to C-1: Retail Commercial; Identifying Conditions of Development, Providing for
Severability and an Effective Date
*Ordinance_O4*
*Application*
*Justification*
*Land Use*
*Zoning Map*
*Reproduction of Notices*
*O4-Signed*

**Second Reading of Ordinances**

**14**  O3, Ordinance Amending Chapter 96 Use of Public Right-of-Way
*Ordinance_O3*
*ROW Fee Calculator*
*ROW Comparison*
*Chapter 96 Fee Schedule Analysis*
*City of Anaheim*
*Colorado Springs*
*O3-Signed*

**First Reading of Ordinances**

mending Chapter 37.02 Lodger's Tax
*Ordinance_O5*

**Discussion and Deliberation**

**16**  D16, Advice and Consent of the Governing Body to Award a Contract to US Digital Designs
*Quote*
*Procurement Request*
*Intergovernmental Agreement*

**17**  R23, Resolution to Write-Off and Remove Uncollectible Ambulance, Utilities, Parks and Recreation,
Alarm, and Library Accounts from the City's Accounts Receivable
*Resolution_R23*
*ATTACHMENT I*
*ATTACHMENT II Ambulance Services*
*ATTACHMENT III - Utilities Collection*
*ATTACHMENT IV - Parks & Rec*
*ATTACHMENT V - Alarms*
*ATTACHMENT VI - Library and Information Services*
*R23-Signed*

**City Manager**



*Governing Body*
*of the*
*City of Rio Rancho*

**MINUTES**

February 27, 2025
6:00 PM
Council Chambers, City Hall

Governing Body Members Greggory D. Hull, Mayor Paul Wymer, Councilor District 4 Deb Dapson, Councilor District 1 Karissa Culbreath, Councilor District 5 Jeremy Lenentine, Councilor District 2 Nicole List, Councilor District 6 Bob Tyler, Councilor District 3

Meeting Information

**MEMBERS PRESENT:**
Deb Dapson
Jeremy Lenentine
Bob Tyler
Paul Wymer
Karissa Culbreath
Nicole List

**STAFF PRESENT:**
None.

**MEMBERS ABSENT:**
Greggory Hull

Call to Order and Pledge of Allegiance

Proclamations and Awards of Merit

Public Forum

The following individual spoke under this item:

Jeff Lopez

Comments by Councilors

Consent Calendar

1)    Minutes of February 13, 2025 Regular Meeting

Cover Page

Minutes of February 13, 2025 Regular Meeting

2)    Minutes of February 18, 2025 Work Session Meeting

Cover Page

Minutes of February 18, 2025 Work Session Meeting

3)    R14, Resolution Authorizing a Budget Adjustment to the State Appropriations Capital Fund (315)

Cover Page

Resolution_R14

4)    R15, Resolution Authorizing a Budget Adjustment to the Federal Grant Fund (259)

Cover Page

Resolution_R15

Award Document

5)    R16, Resolution Authorizing the Disposal of Damaged and/or Obsolete Public Works Department Property

Cover Page

Resolution_R16

EXHIBIT A

6)    R17, Resolution Decommissioning and Allowing for Disposal of a Vehicle

Cover Page

Resolution_R17

7)    R18, Resolution Authorizing Disposal (Transfer to Handler) of Police Department Property (K-9)

Cover Page

Resolution_R18

Exhibit A

8)    R19, Resolution Authorizing Budget Adjustments to the State Grants Fund (252) and the Federal Grants Fund (259)

Cover Page

Resolution_R19

Award Letter

9)    R20, Resolution Authorizing the Disposal of Office Furniture and Equipment

Cover Page

Resolution_R20

Exhibit A

10)    D15, Appointment of Anand Iyer to the Public Infrastructure Advisory Board

Cover Page

A. Iyer Resume

11)    R21, Resolution Authorizing a Budget Adjustment to the Convention and Visitors Bureau Fund (225)

Cover Page

Resolution_R21

Deb Dapson moved to approve consent calendar.  Seconded by Karissa Culbreath

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES:    Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

Boards/Commissions/Committee Reports

Public Hearings

12)    R22, Resolution Amending the Impact Fee Capital Improvement Plan (IFCIP) Per the Impact Fee Capital Improvement Policy

Cover Page

Resolution_R22

Map

Matt Geisel, City Manager presented this item. The Infrastructure Capital Improvement Plan (ICIP) is created to present projections on infrastructure needs of the City and to prioritize projects and funding. The projects are the Idalia Rd. NE is a minor arterial that diagonally bisects Rio Rancho from Southern Blvd. SW to NM 528 NE and provides "east/west" connectivity through the City with connections to the major north/south corridors. The system level improvement for the expansion of Idalia from Northern Blvd. NE to Iris Rd. NE is identified in the Idalia Road Corridor Study. Idalia Rd. reconstruction from Iris Rd to NM 528 was completed in the fall of 2016. This expansion will continue the access management from the previous Idalia Rd. project and to accommodate future traffic demands, improve safety, provide multi-modal travel options, and correct physical deficiencies. Along with the road expansion, improvements of water and sewer infrastructure are necessary to accommodate new development along Idalia Rd. and the second project is Sierra Norte II Park is located off of Pine Rd. NE, in between Sierra Norte Units 1 and 2. It is approximately 7.17 acres in size but is still largely undeveloped. The system level improvement for the expansion of Sierra Norte II Park is necessary to accommodate new development and incoming residents to the area, including Vista Grande Phases 1 through 3. The Capital Improvement Plan Citizens Advisory Committee reviewed this Resolution on January 27, 2025 and recommended approval.

Karissa Culbreath moved to approve R22.  Seconded by Nicole List

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES:    Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

13)    O4, Ordinance Amending the Zoning Classification and Official Zoning Map for the Property Legally Described as Rio Rancho Estates Unit 13, Block 77, Lots 39 and 40, From R-4: Single-Family Residential to C-1: Retail Commercial; Identifying Conditions of Development, Providing for Severability and an Effective Date

Cover Page

Ordinance_O4

Application

Justification

Land Use

Zoning Map

Reproduction of Notices

Mr. Geisel stated The applicant, is requesting approval of a Zone Map Amendment physically located at 1724 and 1732 Inca Rd NE. The subject property totals approximately 2 acres and is zoned R-4: Single-Family Residential. The request is to change the zoning from R-4: Single-Family Residential, to C-1: Retail Commercial. The Planning and Zoning Board reviewed this item at their January 28, 2025 and recommended approval.

Deb Dapson moved to approve O4.  Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES:     Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

Second Reading of Ordinances

14)    O3, Ordinance Amending Chapter 96 Use of Public Right-of-Way

Cover Page

Ordinance_O3

ROW Fee Calculator

ROW Comparison

Chapter 96 Fee Schedule Analysis

City of Anaheim

Colorado Springs

Mr. Geisel explained this is the second reading amending Chapter 96 Use of Public Right-of-Way. There have been new franchise agreements that necessitate the use of public right-of-way by internet providers to put in new fiber line infrastructure in the public utility easements. While evaluating these new agreements, staff reviewed Municipal Code Chapter 96. As the right-of way permits are being processed and inspected, it is important to account for the large volume of staff time that is needed to regulate, review, inspect and ensure proper adherence to City standards. Increased fees for cost recovery purposes, and increased clarity on procedures. The proposed ordinance would have an effective date of July 1, 2025.

Paul Wymer moved to approve O3.  Seconded by Deb Dapson

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES:     Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

First Reading of Ordinances

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓Chapter 37.02 Lodger's Tax

Cover Page

▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓s the first reading proposing an amendment to Chapter 37.02, Lodgers Tax. The ordinance necessitated after the recent approval to allow for short-term rental in July. changes to Chapter 37.02, Lodger's Tax are recommended to include and account for short-term rental units as taxable premises on which an occupancy tax may be collected. If the Ordinance is adopted, the City will collect occupancy tax on stays in permitted short-term rental units. Based on the number and frequency of short-term rental stays at the time the regulations were adopted, it is estimated that the collection of occupancy/lodgers tax on short-term rental stays will generate $150,000 in revenue annually. Under State statute, half of this revenue is required to be spent on publicizing and promoting tourist-related facilities and attractions and tourist-related events. The remaining revenue can be used for administration, including salaries and capital expenditures. However, all lodger's tax proceeds are required to be used within two years of the close of the fiscal year. Again the effective date of the

Ordinance is July 1, 2025, to coincide with the implementation of the short-term rental regulations.

Karissa Culbreath moved to approve O5.  Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.

YES:    Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

Discussion and Deliberation

16)    D16, Advice and Consent of the Governing Body to Award a Contract to US Digital Designs

Cover Page

Quote

Procurement Request

Intergovernmental Agreement

Fire Chief DeFilippo  The G2 Fire Alerting System provided by US Digital Designs will replace a system currently in use that is used to alert and dispatch fire and rescue personnel to emergency response calls. The replacement system will provide enhancements related to dispatching staff across the City to varying calls for service with backup protocols established. In addition, the replacement system will isolate and notify necessary staff for call response needs, which will eliminate potential redundancy and confusion. Funding for this contract (one-time setup and installation), $545,000, was included in Mid-Year 2025 Budget approved by the Governing Body. The contract was secured utilizing a Cooperative Agreement procurement.

Paul Wymer moved to approve D16.  Seconded by Deb Dapson

The motion carried by a vote of 6 FOR and 0 AGAINST.

YES:    Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

17)    R23, Resolution to Write-Off and Remove Uncollectible Ambulance, Utilities, Parks and Recreation, Alarm, and Library Accounts from the City's Accounts Receivable

Cover Page

Resolution_R23

ATTACHMENT I

ATTACHMENT II Ambulance Services

ATTACHMENT III - Utilities Collection

ATTACHMENT IV - Parks & Rec

ATTACHMENT V - Alarms

ATTACHMENT VI - Library and Information Services

Carol Jaramillo, Director of Financial Services presented this item. The proposed Resolution will allow for the write-off and removal of $429,220.62 in uncollectible ambulance, utilities, parks and recreation, alarm, and library accounts from the City's financial records. Accounts proposed to be written off are four years old, or in some cases, older. The proposed Resolution will remove uncollectible accounts from the City's financial books and records to more accurately reflect its financial condition.

Paul Wymer moved to approve R23.  Seconded by Deb Dapson

The motion carried by a vote of 6 FOR and 0 AGAINST.

YES:    Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, and Nicole List.

City Manager

Mr. Geisel welcomed the Boy and Girl Scouts for attending the meeting today.

Adjournment

6:39 p.m.

**APPROVED THIS**

_____

**Greggory D. Hull, Mayor**

**ATTEST:**

_____

**Rebecca A. Martinez, City Clerk**



**CITY OF RIO RANCHO**



                                          **ENACTMENT NO. 25-05**

## ORDINANCE AMENDING CHAPTER 37.02 LODGER'S TAX

**WHEREAS:** the City of Rio Rancho collects a 5% lodger's tax on hotel lodging receipts, which is used to fund the advertising, publicizing and promoting of tourist-related attractions, facilities and events of the City; and

**WHEREAS:** on October 10, 2024, the Governing Body of the City of Rio Rancho adopted Ordinance No. O22, establishing Chapter 123, Regulations for Short-Term Rentals, which was subsequently amended via Ordinance No. 01 on February 13, 2025; and

**WHEREAS:** these regulations enable the City to collect Lodger's Tax on short-term rental stays to aid in administration and enforcement; and

**WHEREAS:** changes to the Lodger's Tax Section are necessary to include and account for Short-Term rental units as taxable premises.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.**     Chapter 37.02 LODGER'S TAX, is hereby amended as follows (underline new text and strikethrough deleted text):

**37.02 LODGER'S TAX.**

(A) This section shall be known as and may be cited as the "Lodger's Tax Section." ('87 Code, § 7-8-1)

(B) The purpose of this section is to impose a tax which will be borne by persons using ~~commercial~~ lodgings ~~accommodations~~, which tax will provide revenues for the purpose of advertising, publicizing and promoting facilities authorized in division (M) of this section, tourist attractions, and acquisition, construction and maintenance of tourist attractions and recreational facilities. (~~'87 Code, § 7-8-2~~)

(C) For the purpose of this section, the following definitions shall apply unless the context clearly indicates or requires a different meaning:

~~**BOARD.** The Advisory Board established herein to make recommendations to the governing body, keep complete minutes of its proceedings, and submit its recommendations, correspondence and other pertinent documents to the governing body.~~

**GROSS TAXABLE RENT.** The total amount of rent paid for lodging, not including the state gross receipts tax or local sales tax.

1

(O) Any person violating this chapter shall be subject to the penalty described in Section 10.99 of the Code.

~~Penalty, see § 10.99~~

**Section 2.    Severability Clause.**  If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph, clause, or provision shall not affect the validity of the remaining portions of this Ordinance or the regulation so challenged.

**Section 3.    Compiling Clause.**  This Ordinance shall be incorporated in and compiled as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

**Section 4.    Effective Date.**  This Ordinance shall become effective July 1, 2025.

ADOPTED THIS 13TH DAY OF MARCH, 2025.

Greggory D. Hull, Mayor

ATTEST:

Noel C. Davis, City Clerk
(SEAL)

7

Ordinance 07

Second Reading March 13, 2025

No sponsor noted on any document, no sponsor noted in signed legislation.

Meeting Minutes indicated Steve Gallegos, Acting Director of Utilities presented this item. Pag 3 of Meeting Minutes.



**CITY OF RIO RANCHO**







AGENDA DATE:
March 13, 2025

DEPARTMENT:
Utilities

SUBJECT:
O7, Ordinance Amending Chapter 51 Water and Wastewater Rules and Rates

BACKGROUND AND ANALYSIS:
First reading of an Ordinance. Two readings with approval required for adoption.

The last time the Governing Body adopted a 5-year rate adjustment schedule was Fiscal 2020 (effective July 1, 2019) that spanned June 30, 2024 (Fiscal Year 2024). This rate adjustment schedule included a 1.75 percent annual adjustment to water rates and 0 percent for wastewater rates.

For the current fiscal year (2025) that began on July 1, 2024, the Governing Body adopted a 1.75 percent adjustment to water rates and 0 percent for wastewater rates.

City staff has discussed with the Governing Body a need to perform an updated comprehensive review of water and wastewater rates, and recommended the establishment of a new 5-year schedule at the following Governing Body work session meetings: October 2023, April 2024, October 2024, and February 2025.

At the Governing Body's February 18, 2025 work session meeting, City staff presented an updated 5-year water and wastewater rate adjustment schedule, effective July 1, 2025, spanning Fiscal Years 2026-2030 (see attached). In addition, adjustments to the water rights acquisition fee and bulk fill water station were presented.

Based on projected expense and revenue needs in order to maintain and operate a reliable and safe water/wastewater system, which accounts for growth, inflation, capital projects, and state/federal requirements, an annual 3 percent adjustment to water and wastewater rates is recommended between Fiscal Years 2026-2030.

It is recommended that the water rights acquisition fee is increased 3 percent annually between Fiscal Years 2026-2030. This fee has not been adjusted since 2013, and is currently either a minimum of $6 per month or $0.50 per 1,000 gallons (over 10,000 gallons), whichever is greater.

It is recommended that the bulk fill water station fee is increased 5 percent annually between Fiscal Years 2026-2030. This fee has not been adjusted since 2012, and is currently $10 per 1,000 gallons.



2024 (lack of quorum).

IMPACT:
    Water and wastewater service rates will be adjusted effective July 1, 2025, and a 5-year (Fiscal Years 2026-2030) rate adjustment schedule will be established.

    The proposed water and wastewater rates would adjust the average residential monthly water/wastewater bill (currently $103.88) by $2.92 in Fiscal Year 2026. By Fiscal Year 2030, the proposed total rate adjustment would add $15.54 per month to the average bill.

    The proposed water rights acquisition fee would adjust the average residential monthly bill $0.30 in Fiscal Year 2026. By Fiscal Year 2030, the proposed fee adjustment would add $1.66 per month to the average bill.

    The proposed bulk fill water station fee would adjust the cost by $0.50 per 1,000 gallons in Fiscal Year 2026. By Fiscal Year 2030, the proposed fee adjustment would added $2.76 to the cost per 1,000 gallons.

    If the proposed Ordinance is not adopted, current Municipal Code (no further action required by the Governing Body) has water rates adjusting annually (July 1st) by 1.75 percent and wastewater rates at 0 percent.

    As detailed in the February 18, 2025 Governing Body work session presentation, this level of rate adjustment will be insufficient to operate and properly maintain the City's water and wastewater system between Fiscal Years 2026-2030.

ALTERNATIVES:
    Approve the Ordinance.

    Amend and approve the Ordinance.

    Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
    Staff recommends approval of the Ordinance as presented.

ATTACHMENT: Ordinance_O7
ATTACHMENT: February Work Session Rate Study Presentation
ATTACHMENT: M. Jackovich Public Comment



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**March 27, 2025**
**6:00 PM**
<u>**Council Chambers**</u>

**Governing Body Members**

| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
|---|---|
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**

This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer: https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

1

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**   Minutes of March 13, 2025 Regular Meeting
*031325.docx*
*Minutes of March 13, 2025- Signed*

**2**   R28, Resolution Authorizing a Budget Adjustment to the Recreation Activities Fund (206)
*Resolution_R28*
*R28-Signed*

**3**   R29, Resolution Authorizing the Disposal of Senior Services Division Property
*Resolution_R29*
*Exhibit A*
*R29-Signed*

**4**   R30, Resolution Authorizing a Budget Adjustment to the General Fund (101)
*Resolution_R30*
*R30-Signed*

**5**   R31, Resolution Authorizing a Budget Adjustment to the Drainage Impact Fee Fund (355)
*Resolution_R31*
*Location*
*R31-Signed*

**6**   R32, Resolution Authorizing Disposal of Library and Information Services Department Property
*Resolution_R32*
*Exhibit A*
*R32-Signed*

**7**   R33, Resolution Authorizing a Budget Adjustment to the Senior Center Programs Fund (216)
*Resolution_R33*
*R33-Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**8**   D17, Public Hearing for Community Development Block Grant (CDBG) Proposed Amendment to Action Plans 2018, 2019, and 2022
*Legal Ad Amendment Engilish*
*Legal Ad Amendment Spanish*

**Second Reading of Ordinances**

**9**   O6,Ordinance Authorizing the Issuance and Sale of the City of Rio Rancho, New Mexico Gross Receipts Tax Improvement Revenue Bonds, Series 2025 in an Aggregate Principal Amount Not to Exceed $32,000,000 (Excluding Premium, if any, Paid in Connection with the Original Purchase of the Bonds) for the Purposes of Paying Costs of (1) the Design, Construction, Acquisition, Installation and Equipping of (a) Road and Street Improvements and Related Utility Infrastructure Within the City, and (b) City Buildings and Public Facilities, (2) the Funding of a Debt Service Reserve Fund, to the Extent Applicable, and (3) Expenses Relating to the Issuance of the Bonds; Approving the Form of and Other Details Concerning the Bonds, Including but not Limited to Covenants and Agreements in Connection with the Bonds; Providing for the Payment of the Principal of, Interest, and Premium, if Any, on the Bonds; Providing that Bonds will be Payable from

Certain Gross Receipts Taxes Distributed to the City; Delegating Authority to Certain Authorized Officers of the City to Determine the Final Terms and Related Features of the Bonds Pursuant tot Section 6-14-10.25 NMSA 1978; Ratifying Action Previously Take in Connection Therewith; Repealing All Actions in Conflict Herewith; and Authorizing the Taking of Other Actions in Connection with the Issuance and Sale of the Bonds
*Ordinance_O6 Amended*
*Ordinance_O6*
*2025 Revenue Bond Timeline*
*Disclosure Responsibilities Memo*
*Amended Preliminary Official Statement*
*Preliminary Official Statement*
*O6-Signed*

▓▓▓▓▓▓▓mending Chapter 51 Water and Wastewater Rules and Rates
*Ordinance_O7*
*February Work Session Rate Study Presentation*
*O7-Signed*

**11**  O8, Ordinance Amending Chapter 30 Governing Body, Chapter 31 City Officials, & Chapter 34 Municipal Court
*Ordinance_O8*
*Municipal Judge Salary Discussion*
*O18 2024 Signed*
*2024 Constitutional Amendment*
*4-44-4 NMSA 1978*
*O8-Signed*

**12**  O9, Ordinance Amending Ordinance No. 8, Enactment No. 24-08 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Quail Ranch Energy Storage LLC Project), in a Maximum Principal Amount of up to $140,000,000, for the Purpose of Updating and Approving the Annual Payments In Lieu Of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance
*Ordinance_O9*
*O8 2024 Signed*
*2024 Pilot Payment Distribution Schedule*
*Affidavit of Publicationon*
*O9-Signed*

**13**  O10, Ordinance Amending Ordinance No. 9, Enactment No. 24-09 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Quail Ranch Solar LLC Project), in a Maximum Principal Amount of up to $110,000,000, for the Purpose of Updated and Approving the Annual Payments in Lieu of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance
*Ordinance_O10*
*O9 2024 Signed*
*2024 Pilot Payment Distribution Schedule*
*Affidavit of Publication*
*O10-Signed*

**First Reading of Ordinances**

3

**Discussion and Deliberation**

**14**  R34, Resolution Authorizing Community Development Block Grant (CDBG) Substantial Amendment and a Budget Adjustment to the CDBG Fund (375)
*Resolution_R34*
*Public Notice*
*R34-Signed*

**City Manager**

**Adjournment**

4



1
2
3
4
5
6
7
8

*Governing Body*
of the
City of
Rio Rancho
**MINUTES**
MARCH 13, 2025
6:00 p.m.
Council Chambers

| **MEMBERS PRESENT:** | **STAFF** |
|---|---|
| Greggory D. Hull, Mayor | Matt Geisel, City Manager |
| Deb Dapson, Councilor Dist. 1(virtual) | Peter Wells, Deputy City Manager |
| Jeremy Lenentine, Dist. 2 | Josh Rubin, City Attorney (virtual) |
| Paul Wymer, Councilor Dist. 4 | Noel Davis, City Clerk |
| Nicole List, Councilor Dist. 6 | Carol Jaramillo, Director of Financial Services |
| | Connie Peterson, Director of Parks, Rec. & Comm. Services |
| **MEMBERS ABSENT:** | James DeFillippo, Fire Chief |
| Bob Tyler, Councilor Dist. 3 | Stewart Steele, Police Chief |
| Karissa Culbreath, Councilor Dist. 5 | Steve Gallegos, Acting Utilities Director |
| | Yolanda Lucero, Deputy City Clerk |

9
10 **Call to Order and Pledge of Allegiance**
11
12 Mayor Hull called the meeting to order at 6:00 p.m.
13
14 Mayor Hull stated Councilor Tyler and Culbreath will be absent from the meeting.
15
16 **Proclamations and Awards of Merit**
17
18 **Public Forum**
19
20 The following individual spoke under public forum:
21
22   • David Starr
23
24 **Comments by Councilors**
25
26 **Consent Calendar**
27
28 1) Minutes of February 27, 2025 Regular Meeting
29 2) R24, Resolution Authorizing the Donation of a Vehicle to La Clinica Del Pueblo De
30 Rio Arriba EMS/Ambulance Special Hospital District Board
31 3) R25, Resolution Authorizing a Budget Adjustment to the General Fund (101)
32 4) R26, Resolution Authorizing a Budget Adjustment to the State Appropriations Capital
33 Fund (315)
34
35    Jeremy Lenentine moved to approve consent calendar.  Seconded by Nicole List
36

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List

NO: None
ABSENT: Bob Tyler, Karissa Culbreath

**Boards/Commissions/Committee Reports**

**Public Hearings**

**Second Reading of Ordinances**

5) O5, Ordinance Amending Chapter 37.02 Lodger's Tax

Peter Wells, Deputy City Manager stated this is the second reading. The proposed
Ordinance will allow for the City will collect occupancy tax on stays in permitted short-
term rental units. Staff is recommending approval.

Paul Wymer moved to approve O5. Seconded by Jeremy Lenentine

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
NO: None
ABSENT: Bob Tyler, Karissa Culbreath

**First Reading of Ordinances**

6) O6,Ordinance Authorizing the Issuance and Sale of the City of Rio Rancho, New
Mexico Gross Receipts Tax Improvement Revenue Bonds, Series 2025 in an
Aggregate Principal Amount Not to Exceed $32,000,000 (Excluding Premium, if any,
Paid in Connection with the Original Purchase of the Bonds) for the Purposes of Paying
Costs of (1) the Design, Construction, Acquisition, Installation and Equipping of (a)
Road and Street Improvements and Related Utility Infrastructure Within the City, and
(b) City Buildings and Public Facilities, (2) the Funding of a Debt Service Reserve Fund,
to the Extent Applicable, and (3) Expenses Relating to the Issuance of the Bonds;
Approving the Form of and Other Details Concerning the Bonds, Including but not
Limited to Covenants and Agreements in Connection with the Bonds; Providing for the
Payment of the Principal of, Interest, and Premium, if Any, on the Bonds; Providing that
Bonds will be Payable from Certain Gross Receipts Taxes Distributed to the City;
Delegating Authority to Certain Authorized Officers of the City to Determine the Final
Terms and Related Features of the Bonds Pursuant to Section 6-14-10.25 NMSA 1978;
Ratifying Action Previously Take in Connection Therewith; Repealing All Actions in
Conflict Herewith; and Authorizing the Taking of Other Actions in Connection with the
Issuance and Sale of the Bonds
Carole Jaramillo, Director of Financial Services presented this item. Adoption of the
Ordinance will enable the City to leverage Federal funding for the widening of Unser

Boulevard from Cherry Road to Paseo del Volcan, enable construction of Fire Station 8, and allow for contingency and/or design of a multi-generational or other facility for the benefit of the residents of the City. Debt service will come from the State shared GRT (General Fund) and has been programmed into the five-year financial plan. Staff is recommending approval.

Jeremy Lenentine moved to approve O6. Seconded by Nicole List

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
NO: None
ABSENT: Bob Tyler, Karissa Culbreath

████████████████████ ▓pter 51 Water and Wastewater Rules and Rates

████████████████████████████████████████████. Water and wastewater service rates will be adjusted effective July 1, 2025, and a 5-year rate adjustment schedule will be established. The proposed water and wastewater rates would adjust the average residential monthly water/wastewater bill by $2.92 in Fiscal Year 2026. By Fiscal Year 2030, the proposed total rate adjustment would add $15.54 per month to the average bill. The proposed water rights acquisition fee would adjust the average residential monthly bill $0.30 in Fiscal Year 2026. By Fiscal Year 2030, the proposed fee adjustment would add $1.66 per month to the average bill. The proposed bulk fill water station fee would adjust the cost by $0.50 per 1,000 gallons in Fiscal Year 2026. By Fiscal Year 2030, the proposed fee adjustment would add $2.76 to the cost per 1,000 gallons. Mr. Gallegos stated if the proposed ordinance is not approved, the current level of rate adjustment will be insufficient to operate and properly maintain the City's water and wastewater system between fiscal year 2026-2030.

Jeremy Lenentine moved to approve O7. Seconded by Nicole List

The following individual spoke under this item:

• Stephan vanHorn

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
NO: None
ABSENT: Bob Tyler, Karissa Culbreath

8) O8, Ordinance Amending Chapter 30 Governing Body, Chapter 31 City Officials, & Chapter 34 Municipal Court

Mr. Wells presented this item. The City Charter delegates authority to the Governing Body to set the elected Municipal Judge's salary by Ordinance. Municipal Code prescribes that the Governing Body shall review the Municipal Judge salary one year

1    prior to the next Municipal Judge election, and make any adjustment no later than
2    eleven months prior to election day. The next election for the Municipal Judge position
3    is scheduled for March 2026. The proposed Ordinance adds clarifying language related
4    to the salary for someone appointed or elected to complete the four-year term of an
5    elected City Councilor or Mayor. Because Governing Body compensation is no longer
6    tied to State law related to County official compensation, which was adjusted
7    periodically, a cost-of-living/inflation increase of 8 percent applied every four years is
8    included in the proposed Ordinance. The Municipal Judge annual salary will be
9    increased from $70,000 to $80,500 and begins at the new four-year term in 2026. The
10   Alternate Municipal Judge salary will be increased from $175 to $200 per day, and take
11   effect 10 days after adoption of the Ordinance. Again, the changes will not be
12   applicable to current elected officials, only new or re-elected officials beginning in 2026.
13
14        Paul Wymer moved to approve O8.  Seconded by Jeremy Lenentine
15
16        The motion carried by a vote of 5 FOR and 0 AGAINST.
17        YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
18        NO: None
19        ABSENT: Bob Tyler, Karissa Culbreath
20
21   9) O9, Ordinance Amending Ordinance No. 8, Enactment No. 24-08 Relating to the
22   Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue
23   Bonds (Quail Ranch Energy Storage LLC Project), in a Maximum Principal Amount of
24   up to $140,000,000, for the Purpose of Updating and Approving the Annual Payments
25   In Lieu Of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and
26   Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6
27   NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series
28   Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions
29   Taken Previously; and Repealing All Actions Inconsistent with this Ordinance
30
31   Albert Solis, Economic Development Manager presented O9 and O10 jointly. The
32   proposed ordinance will amend both Bond Ordinances originally adopted on June 13,
33   2024. The project intends to proceed with issuing the Industrial Revenue Bonds within
34   the next few months. As such, the Annual Payments in Lieu of Taxes (PILOT) schedule
35   shall be updated based on the Tax Year 2024 mill levies and most recent student
36   enrollment data. Mr. Solis went over the updated PILOT schedule.
37
38        Nicole List moved to approve O9.  Seconded by Paul Wymer
39
40        The motion carried by a vote of 5 FOR and 0 AGAINST.
41        YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
42        NO: None
43        ABSENT: Bob Tyler, Karissa Culbreath
44
45   10) O10, Ordinance Amending Ordinance No. 9, Enactment No. 24-09 Relating to the
46   Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue

Bonds (Quail Ranch Solar LLC Project), in a Maximum Principal Amount of up to $110,000,000, for the Purpose of Updated and Approving the Annual Payments in Lieu of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance

Paul Wymer moved to approve O10.  Seconded by Jeremy Lenentine

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
NO: None
ABSENT: Bob Tyler, Karissa Culbreath

**Discussion and Deliberation**

11) R27, Resolution Authorizing a Budget Adjustment to the General Fund (101) and the City Facility Improvement Fund (313)

Jolene Madrid, Communications 911 Manager presented this item. The Emergency Communications Center is currently housed within the Rio Rancho Police Department. Several facility deficiencies exist and upgrades have been identified. Needed improvements include electrical, uninterrupted power supply, isolation of the septic access room away from the general entry, two additional administrative offices, restroom remodel, addition of employee locker area, kitchen/break room remodel, roof, lighting, flooring, and fire suppression system. Approval of the Resolution would transfer $720,000 from General Fund Unreserved Ending Fund Balance to the appropriate building replacement budget line item in order to facilitate project work.

Jeremy Lenentine moved to Approve R27.  Seconded by Nicole List

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Paul Wymer, Nicole List
NO: None
ABSENT: Bob Tyler, Karissa Culbreath

**City Manager**

Matt Geisel, City Manager stated the seasonal hiring for the Parks and Recreation has begun and there will be a shop local event at Sabana Grande on March 29. Also, the Library has secured a Smithsonian Exhibit from March 22 – June 1.

**Adjournment**
6:33 p.m.

1   APPROVED THIS MARCH 27, 2025
2
3
4                                            Jeremy Lenentine, Deputy Mayor
5   ATTEST:
6
7
8   Noel Davis, City Clerk
9     (SEAL)



**CITY OF RIO RANCHO**


**ENACTMENT NO. 25-07**

## ORDINANCE AMENDING CHAPTER 51 WATER AND WASTEWATER RULES AND RATES

**WHEREAS:** in 2019, the Governing Body adopted a 5-year rate adjustment schedule for Fiscal Years 2020-2024 that included a 1.75 percent water rate increase and a 0 percent wastewater rate increase; and

**WHEREAS:** until a comprehensive water and wastewater system rate study and review could be undertaken, the Governing Body adopted a 1.75 percent water only rate adjustment in May 2024 for Fiscal Year 2025; and

**WHEREAS:** the updated 5-year water and wastewater rate adjustment schedule presented at the February 2025 Governing Body work session was based on projected operating expenditures, inflation, capital outlay, and revenues required to operate dependable water and wastewater systems that will also meet federal and state requirements; and

**WHEREAS:** to provide the funding necessary for operations, a 3 percent water and wastewater rate adjustment schedule for Fiscal Years 2026 through 2030 is recommended; and

**WHEREAS:** an annual 3 percent increase to the water rights acquisition fee is recommended for Fiscal Years 2026-2030; and

**WHEREAS:** an annual 5 percent increase to the bulk fill water station fee is also recommended for Fiscal Years 2026-2030; and

**WHEREAS:** the water, wastewater, water rights acquisition fee and bulk fill water station fee increase will be effective July 1, 2025.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.**    Subsection 51.12(A)(1), R.O. is amended as follows (underline new text and strikethrough deleted text):

~~(1) The rates charged by and paid to the utility for municipal water and sewer service will be the rates legally in effect and approved by the Governing Body. Beginning on July 1, 2025, the rates described in subsection (B) of this section, Monthly water service charges Schedule 1, and subsection (C) of this section, Water volume charges Schedule 2, shall increase by 1.75% annually until a comprehensive water/wastewater utility system rate study is completed in order to adopt a more accurate multi-year rate schedule. The effective date of the rate increase shall be July 1st of each year. Complete rate schedules will be kept at the City Clerk's Office and the utility office at City Hall as well as on the city~~

1

Ordinance or the regulation so challenged.

**Section 8.    Compiling Clause.**  This Ordinance shall be incorporated in and compiled as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

**Section 9.    Effective Date.**  This Ordinance shall become effective July 1, 2025.

ADOPTED THIS 27TH DAY OF MARCH, 2025.

_____

Jeremy Lenentine, Deputy Mayor

ATTEST:

_____

Noel C. Davis, City Clerk
(SEAL)

Ordinance 022

Second Reading of 022 October 10, 2024

No sponsor noted on any document, no sponsor noted in signed legislation.

Meeting Minutes indicated Matt Geisel, City Manager, presented Ordinance 022 at

Second Reading on October 10, 2024.



**CITY OF RIO RANCHO**





 **Legislation Item: O22**

AGENDA DATE:
    October 10, 2024

DEPARTMENT:
    Administration

SUBJECT:
    O22, Ordinance Amending the Municipal Code of the City of Rio Rancho; Adding a Chapter
    Establishing Regulations for Short-Term Rentals

BACKGROUND AND ANALYSIS:
    Second reading of an Ordinance. The Governing Body considered and approved on first reading at
    their September 26, 2024 meeting. Two readings with approval required for adoption.

    While existing Municipal Code does not specifically define or address short-term rentals, such
    rentals are not currently permitted to operate in the City, as they create a commercial use of a
    residentially zoned property in violation of the City's permissive zoning uses in Chapter 154
    Planning and Zoning of the Municipal Code. Because the status of short-term rentals is not explicitly
    defined in the Municipal Code, adherence and enforcement are challenging and short-term rentals
    continue to operate within the City.

    The proposed Ordinance establishes standards and procedures for the issuance of a permit to
    operate short-term rental units within the City. Short-term rentals will be allowed to operate as a
    permissive use in single-family residential zoning districts E-1, R-1, R-2, R-3, R-4, and R-5. Based
    on research and review, including an analysis of other neighboring municipalities, the provisions of
    the proposed Ordinance are tailored to address the City's specific housing, health and safety, and
    character needs.

    A permit will be required to operate, rent, offer to rent, or advertise a short-term rental within the
    City. Short-term rental permits will be issued to natural persons only, with a limit of two permits, per
    natural person. Permits will be capped annually at one percent (1%) of the total housing units in the
    City as determined by the U.S. Census Bureau, with current data yielding a permit availability of
    420. Occupancy is limited to a maximum of two people per bedroom, plus an additional two people
    per unit, excluding children under two years of age. Gatherings are limited to double the overnight
    occupancy limits and units may only be limited once within a seven-day period.

    To obtain a permit, short-term rental operators will be required to:
-   Maintain a valid business registration;
-   Provide a site plan;
-   Meet all building, fire and safety codes;
-   Carry short-term rental insurance;
-   Pass an annual safety inspection;
-   Be available 24 hours per day, 7 days per week, to respond to complaints;
-   Notify all guests in writing of relevant City ordinances; and
-   Provide sufficient off-street parking.

The proposed Ordinance will enable the City to collect application ($100) and permit ($300 annually) fees, and Gross Receipts and Lodger's Tax to aid in administration and enforcement. Additionally, permit holders can be administratively fined up to $500 per day for non-compliance, with continued non-compliance resulting the in revocation of the permit. Advertising or operating a short-term rental without a permit will subject the operator to the standard Municipal Code penalty via Municipal Court:

*10.99 General Penalty: Any person found guilty of violating any of the provisions of this code shall be fined not more than $500 or imprisoned for a period of not more than 90 days, or by both such fine and imprisonment, and each day this code is violated shall constitute a separate offense, provided, however, that if a specific penalty is provided therefor in any particular and individual section of this code, then the specific penalty shall prevail.*

The Development Services Department will be responsible for issuing permits, conducting inspections, and enforcing short-term renal regulations.

The effective date of the Ordinance is July 1, 2025. This will allow City staff time to fill two new positions necessitated to administer short-term rental permitting, create applicable forms and processes, secure the services of a third-party vendor to assist with compliance matters, and provide notice to property owners currently engaged in short-term rental business activities.

If the Ordinance is adopted, related Ordinances updating Municipal Code Chapter 154 Planning and Zoning (Residential Districts) and Chapter 37 Taxation (Section 37.02 Lodger's Tax) will be brought before the Governing Body for consideration and adoption at a later date.

Short-term rental regulations were discussed by the Governing Body at work session meetings held in February and August 2024.


IMPACT:
The procedures outlined in the proposed Ordinance provide clear guidance to citizens on the status of short-term rentals and create enforceable standards for the safe an consistent operation of short-term rentals in the City.

If adopted, City staff will request two new positions for the Development Services Department as part of the Midyear 2025 Budget, which will be considered in January 2025. The estimated salary and benefit costs for the positions is $104,000 (annual). It is anticipated that the services of a third-party vendor to assist with compliance matters will be secured, with an annual cost of $35,000.

It is unknown how much annual revenue will be generated for local government related to short-term rental permitting fees and taxation. If approximately 150 of the 300 properties currently engaged in this type of activity come into compliance, the estimated revenue generated would be $208,000. The majority of that revenue would stem from Lodger's Tax, which has limitations on its use pursuant to State law.


ALTERNATIVES:
Approve the Ordinance.

Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
    City staff recommends approval of the Ordinance as presented.


ATTACHMENT: Ordinance_O22
ATTACHMENT: Public Comment - George & Peggy Wilson
ATTACHMENT: O22 - Signed



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**October 10, 2024**
**6:00 PM**
**Council Chambers**

**Governing Body Members**

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer:https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial: +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

1

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**    Minutes of September 26, 2024 Regular Meeting
*Minutes of September 26, 2024 Regular Meeting*
*Minutes of September 26, 2024 - Signed*

**2**    Minutes of September 27, 2024 Special Work Session Meeting (Strategic Plan)
*Minutes of September 27, 2024 Special Work Session Meeting (Strategic Plan)*
*Minutes of September 27, 2024 - Signed*

**3**    Minutes of September 27, 2024 Special Work Session Meeting
*Minutes of September 27, 2024 Special Work Session Meeting*
*Minutes of September 27, 2024 - Signed*

**4**    R87, Resolution Authorizing a Budget Adjustment to the State Grant Fund (252)
*Resolution_R87*
*FY25 Rio Rancho Warrant Fund Award Letter*
*R87 - Signed*

**5**    R88, Resolution Authorizing Budget Adjustments to the General Fund (101), Library Fund (220), 2022 G.O. Bond Fund (333), and 2024 G.O. Bond Fund (334)
*Resolution_R88*
*R88 - Signed*

**6**    R89, Resolution Authorizing a Budget Adjustment to the Regional Emergency Communication Center Fund (280) for Repair of the Uninterrupted Power Supply
*Resolution_R89*
*Bid Proposal*
*JPA Minutes 9-26-2024*
*R89 - Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**7**    D41, Approval for Venas Fifth Number Three, LLC, DBA Top of the Block (the "Applicant") located at 7805 Enchanted Hills Blvd., Rio Rancho, NM 87144 for transfer of New Mexico Dispenser License DIS-001032 (formerly License No.2639).
*Top of Block Application*

**Second Reading of Ordinances**

~~████████████████████~~ding the Municipal Code of the City of Rio Rancho; Adding a Chapter Establishing Regulations for Short-Term Rentals
*Ordinance_O22*
*Public Comment - George & Peggy Wilson*
*O22 - Signed*

**First Reading of Ordinances**

**9**    O23, Ordinance Amending the Solid Waste and Recycling Management Franchise Agreement Between the City of Rio Rancho and Waste Management of New Mexico, Inc.
*Ordinance_O23*
*Amendment WM Agreement 2024*

*Waste Management Franchise Agreement*

**Discussion and Deliberation**

**City Manager**

**10** 2024 Bond Question Presentation, Central New Mexico Community College

**Adjournment**

1
2
3
4
5      *Governing Body*
       of the
       City of Rio Rancho

       MINUTES
       OCTOBER 10, 2024
       6:00 PM
       Council Chambers, City Hall
9

**MEMBERS PRESENT:**                          **STAFF PRESENT:**
Greggory D. Hull, Mayor                        Matt Geisel, City Manager
Deb Dapson Councilor Dist. 1                   Alexandra N. Lopez, Deputy City Attorney
Jeremy Lenentine, Councilor Dist. 2(virtual)   Noel Davis, City Clerk
Bob Tyler, Councilor Dist. 3(virtual)          Carol Jaramillo, Director of Financial Svcs.(virtual)
Karissa Culbreath, Councilor Dist. 5           James DeFillippo, Fire Chief
Nicole List, Councilor Dist. 6                 Connie Peterson, Dir of Parks, Rec. & Comm Svcs.
                                               Jason Shoup, Director of Library & Info. Services
**MEMBERS ABSENT:**                            Yolanda Lucero, Deputy City Clerk
Paul Wymer, Councilor Dist. 4

10
11  **Call to Order and Pledge of Allegiance**
12
13  Mayor Hull called the meeting to order at 6:00 p.m.
14
15  **Proclamations and Awards of Merit**
16
17  Mayor Hull recognized the winners of the fall community clean-up.
18
19  **Public Forum**
20
21  No individuals spoke under this item.
22
23  **Comments by Councilors**
24
25  **Consent Calendar**
26
27  1) Minutes of September 26, 2024 Regular Meeting
28  2) Minutes of September 27, 2024 Special Work Session Meeting (Strategic Plan)
29  3) Minutes of September 27, 2024 Special Work Session Meeting
30  4) R87, Resolution Authorizing a Budget Adjustment to the State Grant Fund (252)
31  5) R88, Resolution Authorizing Budget Adjustments to the General Fund (101), Library
32  Fund (220), 2022 G.O. Bond Fund (333), and 2024 G.O. Bond Fund (334)
33  6) R89, Resolution Authorizing a Budget Adjustment to the Regional Emergency
34  Communication Center Fund (280) for Repair of the Uninterrupted Power Supply
35

1

1   Deb Dapson moved to approve consent calendar.  Seconded by Karissa
2   Culbreath
3
4   The motion carried by a vote of 6 FOR and 0 AGAINST.
5   YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Bob Tyler, Karissa
6   Culbreath, Nicole List
7   NO: None
8
9   **Boards/Commissions/Committee Reports**
10
11  **Public Hearings**
12
13  7) D41, Approval for Venas Fifth Number Three, LLC, DBA Top of the Block (the
14  "Applicant") located at 7805 Enchanted Hills Blvd., Rio Rancho, NM 87144 for transfer
15  of New Mexico Dispenser License DIS-001032 (formerly License No.2639)
16
17  Noel Davis, City Clerk presented this item. The Director of Alcohol Beverage Control
18  Division has granted this application conditional preliminary approval and has forwarded
19  it to the Governing Body for public hearing and action. This application is for the
20  Transfer of Location Only of a Dispenser Liquor License to the Block located at 7805
21  Enchanted Hills Blvd., Rio Rancho, NM 87144. This Dispenser Liquor License will
22  provide service throughout The Block property including: Top of The Block, Tavern on
23  The Green and Mini Bar.
24
25      Bob Tyler moved to approve D41.  Seconded by Nicole List
26
27  The motion carried by a vote of 6 FOR and 0 AGAINST.
28  YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Bob Tyler, Karissa
29  Culbreath, Nicole List
30  NO: None
31
32  **Second Reading of Ordinances**
33
34  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓icipal Code of the City of Rio Rancho; Adding a
35  Chapter Establishing Regulations for Short-Term Rentals
36
37  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓s,is the second reading proposing to
38  establish regulations for Short-Term Rentals. The procedures outlined in the proposed
39  Ordinance provide clear guidance to citizens on the status of short-term rentals and
40  create enforceable standards for the safe and consistent operation of short-term rentals
41  in the City.
42
43      Karissa Culbreath moved to approve O22.  Seconded by Nicole List
44
45  The following individuals spoke under this item
46

2

1  George Wilson
2  Debbie Smith
3
4  Councilor Dapson provided the City Clerk with written public comment she received
5  from George Wilson a citizen.
6
7  Councilor Lenentine would like staff to provide an overview with data approximately six
8  months after the ordinance takes effect.
9
10  Mayor Hull proposed a working group and invited Councilor Dapson and Tyler to be part
11  of the work group and take input from citizens to possible formulate ideas. Again, the
12  proposed ordinance will take effect in July 2025, and if there are any potential
13  amendments between now and the effective date it can be provided to staff to analyze
14  and prepare for the Governing Body at a future meeting for discussion and potential
15  approval.
16
17        The motion carried by a vote of 6 FOR and 0 AGAINST.
18        YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Bob Tyler, Karissa
19        Culbreath, and Nicole List
20        NO: None
21
22  **First Reading of Ordinances**
23
24  9) O23, Ordinance Amending the Solid Waste and Recycling Management Franchise
25  Agreement Between the City of Rio Rancho and Waste Management of New Mexico,
26  Inc.
27
28  Peter Wells, Deputy City Manager presented this item. The current Franchise
29  agreement allows Waste Management to petition the City at any time for a rate
30  adjustment on the basis of unusual extraordinary changes in the cost of operations or
31  reduced revenues. They are requesting a rate adjustment due to increased recycling
32  processing disposal costs experienced since 2023. Recycling processing disposal costs
33  have significantly increase over time due to policy changes made by China in relation to
34  the importation of recycled materials, depressed commodity market pricing, inflation,
35  and vendor price escalation. In 2019, Waste Management petitioned the City for a rate
36  adjustment of an additional $0.68 per month/residential customer to account for a
37  vendor cost of $75.78 ton to process recycling. The Governing Body approved the
38  addition of $0.18 per month/residential customer to rates and reduced recycling pickup
39  from weekly to every other week. This created operational savings for Waste
40  Management to apply to recycling processing disposal cost increases charged by their
41  vendor. In 2023, Waste Management's recycling processing disposal vendor made
42  operational changes and began charging $125 per ton instead of $75.78. The overall
43  cost increase for recycling processing disposal has gone from $15 per ton to $125. This
44  is a 733% increase. Staff and Waste Management have discussed how to account for
45  the additional expense. An alternative to account for cost increases was to back
46  payment for years 2023 and 2024 and add $0.75 per month to all residential service

3

1  accounts effective January 1, 2025. To minimize the impact of a rate increase to
2  residents due to recycling processing disposal cost increases, another alternative was
3  discussed at the work session meeting, which is presented in the proposed ordinance.
4  The City will utilize the General Fund Unreserved Ending Fund Balance to make
5  payment to Waste Management no later than February 2025 to reimburse Waste
6  Management for the recycling processing disposal cost increases incurred in calendar
7  year 2023 and 2024. For calendar year 2025, the City will make payment to Waste
8  Management for recycling processing disposal cost expenses incurred by Waste
9  Management that exceed Franchise agreement rates for those services. Then effective
10 January 2026, $0.25 will be added per month to all residential service accounts for
11 recycling processing disposal costs. The City will make payment to Waste Management
12 by February 2027. Effective January 2027, $0.50 will be added per month to all
13 residential service accounts and the City will make payment by February 2028.
14
15 Dan Darnell, with Waste Management was available for questions.
16
17      Deb Dapson moved to approve O23.  Seconded by Nicole List
18
19 Mayor Hull asked staff for further breakdown on the cost and for clarification of the
20 language in the Franchise agreement contract. He has many concerns with the
21 continued increases in recycling.
22
23 Councilor Tyler voiced concerns with the increase and the constant changes. At this
24 point he is not in favor of the proposal.
25
26 Councilor Lenentine stated his concern with the recycling cost increase and would like
27 to ensure all the different options are thoroughly reviewed and discussed.
28
29 Councilor Culbreath is encouraged by the options that Waste Management provided
30 during a previous work session. The hope is that those options being explored, going
31 forward can help to optimize the benefits that we have for recycling.
32
33 Mr. Wells explained there are potentially things on the horizon that Waste Management
34 is looking at and it might be beneficial for Rio Rancho. There is a value in recycling
35 programs and as things change down the road there are different options staff will
36 continue to explore.
37
38      The motion carried by a vote of 5 FOR and 1 AGAINST.
39      YES: Greggory Hull, Deb Dapson, Jeremy Lenentine, Karissa Culbreath, Nicole
40      List
41      NO: Bob Tyler
42
43 **Discussion and Deliberation**
44
45 **City Manager**
46

4

10) <u>2024 Bond Question Presentation, Central New Mexico Community College</u>

Mr. Geisel stated Angelo Gonzales, Chief of Staff with CNM would provide a brief overview of the upcoming Bond Questions on the ballot in November.

Angelo Gonzales, Chief of Staff with CNM gave an overview of the upcoming questions on the November General Election Ballot. The Higher Ed Bond 3 is at no tax rate increase and invests in higher education throughout NM, will create 2,300 new jobs in trades, architecture, science and related fields across NM, contributes to economies of 29 communities, helps colleges modernize facilities to meet the demand for the future of education and future of work, supports entrepreneurs and local businesses. Mr. Gonzales went over the breakdown of how the funding will be used.

Mr. Geisel stated that with the final week of the balloon fiesta, he encouraged all to enjoy the views, but also be caution and safe on the roads in the Rio Rancho metro area. Also, the most recent newsletter is out and provides some great information.

**Adjournment**

7:01 p.m.

APPROVED THIS OCTOBER 24, 2024

_____
Greggory D. Hull, Mayor

ATTEST:

_____
Noel C. Davis, City Clerk
        SEAL



**CITY OF RIO RANCHO
ORDINANCE**



~~ORDINANCE NO. 22~~                           **ENACTMENT NO. 24-22**

1  **ORDINANCE AMENDING THE MUNICIPAL CODE OF THE CITY OF RIO RANCHO;**
2  **ADDING A CHAPTER ESTABLISHING REGULATIONS FOR**
3  **SHORT-TERM RENTALS**
4
5  **WHEREAS:** the proliferation of private dwelling units in residentially zoned districts
6  being offered for rent for short periods ("short-term rentals) presents
7  unique challenges to the public health, safety and well-being of City
8  residents; and
9
10 **WHEREAS:** the City of Rio Rancho (the "City") has the ability and desire to enact
11 regulations to protect the public health, safety and well-being of its
12 residents; and
13
14 **WHEREAS:** the regulations adopted by this Ordinance ensure that the operation of
15 short-term rental units does not disrupt the character of the City's
16 residential neighborhoods, increase public safety risks and public
17 nuisances associated with short-term rental units, or permit speculators to
18 purchasing multiple homes for the purpose of operating multiple short-
19 term rental units, thereby reducing the availability of long-term housing;
20 and
21
22 **WHEREAS:** private property owners have the opportunity to generate supplemental
23 income by utilizing their homes and accessory dwelling units as short-term
24 rental units; and
25
26 **WHEREAS:** short-term rentals increase the available lodging in the City that can be
27 utilized by tourists and contract employees; and
28
29 **WHEREAS:** the City is permitted to collect lodger's tax on short-term rental stays
30 pursuant to the Lodger's Tax Act 3-38-13 NMSA 1978; and
31
32 **WHEREAS:** the City desires to provide clarity and uniformity to short-term rental
33 operators and renters.
34
35 **NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF**
36 **RIO RANCHO:**
37
38 **Section 1.    Title XI, Business Regulations, is hereby amended by adding Chapter**
39 **123, Regulations for Short-Term Rentals, to read as follows:**
40
41 **123.01      Title.**
42 This chapter shall be known as "Regulations for Short-term Rentals in the City of Rio
43 Rancho" and is referred to elsewhere herein as "these regulations." The City of Rio
44 Rancho shall hereafter be referred to as "the city."

1

Ordinance 08

Second Reading March 27, 2025

No sponsor noted on any document, no sponsor noted in signed legislation.

Meeting Minutes indicated Peter Wells, Deputy City Manager, presented this item. Page 4 of Meeting Minutes.



**CITY OF RIO RANCHO**






AGENDA DATE:
    March 27, 2025

DEPARTMENT:
    Administration

SUBJECT:
    O8, Ordinance Amending Chapter 30 Governing Body, Chapter 31 City Officials, & Chapter 34 Municipal Court

BACKGROUND AND ANALYSIS:
    Second reading of an Ordinance. Two readings with approval required for adoption. The Governing Body approved the first reading at its March 13, 2025 meeting.

    The City Charter delegates authority to the Governing Body to set the elected Municipal Judge's salary by Ordinance. Municipal Code prescribes that the Governing Body shall review the Municipal Judge salary one year prior to the next Municipal Judge election, and make any adjustment no later than 11 months prior to election day. The next election (four-year term) for the Municipal Judge position is scheduled for March 2026.

    The Governing Body reviewed the Municipal Judge salary at its regular meeting on February 13, 2025 (see attachment). As a result of the analysis and discussion that occurred on February 13, the proposed Ordinance raises the Municipal Judge salary by 15 percent, which is an increase from $70,000 to $80,500 annually. If an adjustment is approved by the Governing Body, the new Municipal Judge salary would be effective at the start of the new four-year term for the Judge, which is currently scheduled to occur in 2026.

    The proposed Ordinance adds clarifying language related to the salary for someone appointed or elected to complete the four-year term of an elected Municipal Judge, as well as reference to the New Mexico Constitution.

    In regards to the compensation for the Alternate Municipal Judge, the current amount established in Municipal Code is $175 per session. Adjusting the amount requires Governing Body approval via Ordinance.

    Current Municipal Court Judge Robert Cook has requested that the Governing Body increase the amount from $175 to $200, which is an approximately 14 percent increase. The Alternate Municipal Judge compensation rate was last adjusted in 2006. Rio Rancho currently does not have any education and/or professional requirements in order to serve as an Alternate Municipal Judge, which mirrors the requirements of the elected Municipal Judge. In calendar year 2024, an Alternate Judge (two exist) presided over Rio Rancho Municipal Court approximately 16 percent of the time, with a compensation cost of approximately $5,700.

    Staff review of other municipalities in New Mexico found a wide range of amounts, compensation models, and minimum requirements (e.g., licensed attorney) for alternate municipal judges.

The proposed Ordinance adds clarifying language related to compensation for the Alternate Municipal Judge in relation per day as opposed to per session. The past practice of Municipal Court has been to pay an Alternate Municipal Judge $175 per day and not, for example, $175 for a morning court session and $175 for an afternoon court session.

Pursuant to the City Charter, the Governing Body (Mayor and City Council) determine the salary for the Mayor and City Council members via Ordinance. The Governing Body, effective for new or re-elected officials, adopted salary increases in August 2024 similar to comparable New Mexico municipalities and tied to State law language pertaining to elected County Commission compensation and numeric rates (see attached documents).

As part of the November 2024 General Election, voters approved (66 percent in favor) a modification to the New Mexico Constitution eliminating the State Legislature's oversight and authority to set salaries of elected County officials (see attached documents). As a result of the constitutional amendment, the State law language referenced in Municipal Code establishing Governing Body compensation is no longer applicable and subject to deletion/removal from State law as a periodic cleanup to statute in the future (see attached documents).

The constitutional amendment necessitates that the Governing Body modify Municipal Code via Ordinance and establish annual compensation for future Mayors and City Councilors by numeric value instead of by reference to State law. The numeric values in the proposed Ordinance ($39,106 for City Councilors and $97,765 for the Mayor) match what was adopted by the Governing Body in August 2024 when referencing/utilizing State law for County officials. The changes noted will not be applicable to current elected officials, only new or re-elected officials beginning in 2026 (an election for Mayor and three City Councilors is scheduled for March 2026) and beyond.

Please note, when the Governing Body approved changes to Municipal Code in August 2024 and tied future elected official compensation to State law language pertaining to elected County Commission compensation, the rate of compensation for local Sandoval County Commissioners was $39,106. After the November 2024 constitutional amendment was approved giving County Commissioners the ability to set the salary for future County elected officials, in December 2024 the Sandoval County Commission raised Commissioner annual compensation from $39,106 to $44,971.90 (15 percent increase), effective January 1, 2025.

The proposed Ordinance adds clarifying language related to the salary for someone appointed or elected to complete the four-year term of an elected City Councilor or Mayor.

Because Governing Body compensation is no longer tied to State law related to County official compensation, which was adjusted periodically, a cost-of-living/inflation increase of 8 percent applied every four years is included in the proposed Ordinance.

IMPACT:
The Municipal Judge annual salary will be increased from $70,000 to $80,500 (15 percent) and take effect when the next Municipal Judge begins a new four-year term in 2026. The Alternate Municipal Judge salary will be increased from $175 to $200 per day (14 percent), and take effect 10 days after adoption of the Ordinance. City staff's current 5-year budget projections have sufficient revenue available to account for these costs.

Governing Body (Mayor and City Councilor) annual salary will be reflected by a numeric value as opposed to State law reference in Municipal Code. The numeric values match changes made in August 2024 by the Governing Body related to future (not current) elected official compensation. An election for Mayor and three City Councilors is scheduled for March 2026. Because Governing

Body compensation is no longer tied to State law related to County official compensation, which was adjusted periodically, a cost-of-living/inflation increase of 8 percent applied every four years has been added. City staff's current 5-year budget projections have sufficient revenue available to account for these costs.

ALTERNATIVES:
Approve the Ordinance.

Amend and approve the Ordinance.

Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
Governing Body policy decision.  Administration recommends approval of the Ordinance as presented.

ATTACHMENT: Ordinance_O8
ATTACHMENT: Municipal Judge Salary Discussion
ATTACHMENT: O18 2024 Signed
ATTACHMENT: 2024 Constitutional Amendment
ATTACHMENT: 4-44-4 NMSA 1978

*Governing Body*
*of the*
*City of*
*Rio Rancho*
**MINUTES**
MARCH 27, 2025
6:00 p.m.
Council Chambers

| **MEMBERS PRESENT:** | **STAFF** |
|---|---|
| Greggory D. Hull, Mayor (virtual) | Matt Geisel, City Manager |
| Deb Dapson, Councilor Dist. 1 | Peter Wells, Deputy City Manager |
| Jeremy Lenentine, Deputy Mayor, Dist. 2 | Josh Rubin, City Attorney |
| Bob Tyler, Councilor Dist. 3 (virtual) | Noel Davis, City Clerk |
| Paul Wymer, Councilor Dist. 4 | Carol Jaramillo, Director of Financial Services |
| Karissa Culbreath, Councilor Dist. 5 | Connie Peterson, Director of Parks, Rec. & Comm. Services |
| Nicole List, Councilor Dist. 6 | James DeFillippo, Fire Chief |
| | Stewart Steele, Police Chief |
| | Steve Gallegos, Acting Utilities Director |
| | Yolanda Lucero, Deputy City Clerk |

**Call to Order and Pledge of Allegiance**

Deputy Mayor Lenentine called the meeting to order at 6:00 p.m.

Deputy Mayor Lenentine stated he will be presiding over the meeting this evening as Mayor Hull is traveling and will be in attendance remotely.

**Proclamations and Awards of Merit**

**Public Forum**

The following individual spoke under Public Forum:

- Kristelle Siarza Moon

**Comments by Councilors**

Deputy Mayor Lenentine stated he will be moving O7 to be heard directly after the Consent Calendar and R34, to be heard directly after Public Hearing D17, if there are no objections. There were no objections.

**Consent Calendar**

1) Minutes of March 13, 2025 Regular Meeting
2) R28, Resolution Authorizing a Budget Adjustment to the Recreation Activities Fund (206)
3) R29, Resolution Authorizing the Disposal of Senior Services Division Property

1   4) R30, Resolution Authorizing a Budget Adjustment to the General Fund (101)
2   5) R31, Resolution Authorizing a Budget Adjustment to the Drainage Impact Fee Fund
3   (355)
4   6) R32, Resolution Authorizing Disposal of Library and Information Services Department
5   Property
6   7) R33, Resolution Authorizing a Budget Adjustment to the Senior Center Programs
7   Fund (216)
8
9         Deb Dapson moved to approve consent calendar.  Seconded by Nicole List
10
11        The motion carried by a vote of 6 FOR and 0 AGAINST.
12        YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa
13        Culbreath, Nicole List
14        NO: None
15
16  8) O7, Ordinance Amending Chapter 51 Water and Wastewater Rules and Rates
17
18  Steve Gallegos, Acting Utilities Director presented this item. This is the second reading
19  requesting a rate adjustment. The rates proposed will ensure the Utilities Department
20  has the revenue required to maintain and operate a safe and reliable water and
21  wastewater system.
22
23        Karissa Culbreath moved to approve O7.  Seconded by Nicole List
24
25        The motion carried by a vote of 5 FOR and 1 AGAINST.
26        YES: Deb Dapson, Jeremy Lenentine, Paul Wymer, Karissa Culbreath, Nicole
27        List
28        NO: Bob Tyler
29
30  Mayor Hull left the meeting at 6:18 p.m.
31
32  **Boards/Commissions/Committee Reports**
33
34  **Public Hearings**
35
36  9) D17, Public Hearing for Community Development Block Grant (CDBG) Proposed
37  Amendment to Action Plans 2018, 2019, and 2022
38
39  Deputy Mayor Lenentine opened this item up for public hearing. No individual spoke on
40  this item.
41
42  **Discussion and Deliberation**
43
44  10) R34, Resolution Authorizing Community Development Block Grant (CDBG)
45  Substantial Amendment and a Budget Adjustment to the CDBG Fund (375)
46

2

Carole Jaramillo, Director of Financial Service presented this item. The Resolution adopts the proposed amendment to reallocate $25,971.44 of Federal Community Development Block Grant funds, primarily from the Down Payment Assistance Program, to the Safelight Boulevard ADA Ramp Remediation project. The funds will be reallocated to fully fund ADA Ramp Remediation and to fully expend CDBG funds from Program Year 2018, which will expire on September 27, 2025. Funds will be reallocated within the CDBG Fund (375) with no impact to the General Fund.

Deb Dapson moved to approve R34.  Seconded by Karissa Culbreath

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List
NO: None

**Second Reading of Ordinances**

11) O6,Ordinance Authorizing the Issuance and Sale of the City of Rio Rancho, New Mexico Gross Receipts Tax Improvement Revenue Bonds, Series 2025 in an Aggregate Principal Amount Not to Exceed $32,000,000 (Excluding Premium, if any, Paid in Connection with the Original Purchase of the Bonds) for the Purposes of Paying Costs of (1) the Design, Construction, Acquisition, Installation and Equipping of (a) Road and Street Improvements and Related Utility Infrastructure Within the City, and (b) City Buildings and Public Facilities, (2) the Funding of a Debt Service Reserve Fund, to the Extent Applicable, and (3) Expenses Relating to the Issuance of the Bonds; Approving the Form of and Other Details Concerning the Bonds, Including but not Limited to Covenants and Agreements in Connection with the Bonds; Providing for the Payment of the Principal of, Interest, and Premium, if Any, on the Bonds; Providing that Bonds will be Payable from Certain Gross Receipts Taxes Distributed to the City; Delegating Authority to Certain Authorized Officers of the City to Determine the Final Terms and Related Features of the Bonds Pursuant to Section 6-14-10.25 NMSA 1978; Ratifying Action Previously Take in Connection Therewith; Repealing All Actions in Conflict Herewith; and Authorizing the Taking of Other Actions in Connection with the Issuance and Sale of the Bonds

Carole Jaramillo, stated this is the second reading. Adoption of the Ordinance will enable the City to leverage Federal funding for the widening of Unser Boulevard from Cherry Road to Paseo del Volcan, enable construction of Fire Station 8, and allow for contingency and/or design of a multi-generational or other facility for the benefit of the residents of the City. Debt service will come from the State Shared GRT (General Fund) and has been programmed into the five-year financial plan.

Nicole List moved to approve O6.  Seconded by Deb Dapson
The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List

NO: None

~~12) O8, Ordinance Amending~~ Chapter 30 Governing Body, Chapter 31 City Officials, & Chapter 34 Municipal Court

~~Dale Valdez, Management Analyst, presented O8.~~ This is the second reading proposing to amend Chapter 30, of the Municipal Code. The Municipal Judge annual salary will be increased from $70,000 to $80,500 (15 percent) and take effect when the next Municipal Judge begins a new four-year term in 2026. The Alternate Municipal Judge salary will be increased by 14 percent, and take effect 10 days after adoption of the Ordinance. Governing Body annual salary will be reflected by a numeric value as opposed to State law reference in Municipal Code. The numeric values match changes made in August 2024 by the Governing Body related to future (not current) elected official compensation. An election for Mayor and three City Councilors is scheduled for March 2026. Because Governing Body compensation is no longer tied to State law related to County official compensation, which was adjusted periodically, a cost-of-living/inflation increase of 8 percent applied every four years has been added.

Deb Dapson moved to approve O8.  Seconded by Paul Wymer

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List
NO: None

13) O9, Ordinance Amending Ordinance No. 8, Enactment No. 24-08 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Quail Ranch Energy Storage LLC Project), in a Maximum Principal Amount of up to $140,000,000, for the Purpose of Updating and Approving the Annual Payments In Lieu Of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance

Albert Solis, Economic Development Manager presented O9 and O10 jointly. The proposed ordinance will amend both Ordinances. The project intends to proceed with issuing the Industrial Revenue Bonds within the next few months. As such, the Annual Payments in Lieu of Taxes (PILOT) schedule shall be updated based on the Tax Year 2024 mill levies and most recent student enrollment data.

Karissa Culbreath moved to approve O9.  Seconded by Deb Dapson
The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List
NO: None

14) O10, Ordinance Amending Ordinance No. 9, Enactment No. 24-09 Relating to the Issuance and Sale of City of Rio Rancho, New Mexico Taxable Industrial Revenue Bonds (Quail Ranch Solar LLC Project), in a Maximum Principal Amount of up to $110,000,000, for the Purpose of Updated and Approving the Annual Payments in Lieu of Taxes to the City of Rio Rancho, Rio Rancho Public Schools and Albuquerque Public Schools in Conformity with the Requirements of Section 3-32-6 NMSA 1978; Authorizing Execution and Delivery of the Bonds with Updated Series Designation to Reflect the Date of Issuance and Delivery; Ratifying Certain Actions Taken Previously; and Repealing All Actions Inconsistent with this Ordinance

Deb Dapson moved to approve O10.  Seconded by Nicole List

The motion carried by a vote of 6 FOR and 0 AGAINST.
YES: Deb Dapson, Jeremy Lenentine, Bob Tyler, Paul Wymer, Karissa Culbreath, Nicole List
NO: None

**First Reading of Ordinances**

**City Manager**

Matt Geisel, City Manager highlighted the following events:

- Spring Vendor and Craft Fair on Saturday at Sabana Grande Recreation Center
- Loma Colorado Library an exhibition from 3/22 – 6/1 on Why We Serve: Native Americans in the United States Armed Forces. Highlighting contributions Native Americans have made to the US military throughout our country's history.
- Cabezon Park next Saturday will host a Shop Local Market.

**Adjournment**

6:31 p.m.

APPROVED THIS APRIL 10, 2025

_____
Greggory D. Hull, Mayor

ATTEST:

_____
Noel C.  Davis, City Clerk
    (SEAL)



**CITY OF RIO RANCHO**



ORDINANCE NO. 8                                              **ENACTMENT NO. 25-08**

# ORDINANCE AMENDING CHAPTER 30 GOVERNING BODY, CHAPTER 31 CITY OFFICIALS, & CHAPTER 34 MUNICIPAL COURT

**WHEREAS:** the City Charter delegates authority to the Governing Body to set the elected Municipal Judge's salary by Ordinance; and

**WHEREAS:** Municipal Code prescribes that the Governing Body shall review the Municipal Judge salary one year prior to the next Municipal Judge election, and make any adjustment no later than 11 months prior to election day; and

**WHEREAS:** the Governing Body reviewed the Municipal Judge salary on February 13, 2025, and desires to raise the current salary by 15 percent; and

**WHEREAS:** the Municipal Judge has requested that the compensation for the Alternate Judge position is increased by the Governing Body; and

**WHEREAS:** pursuant to the City Charter, the Governing Body (Mayor and City Council) determine the salary for the Mayor and City Council members via Ordinance; and

**WHEREAS:** the Governing Body, effective for new or re-elected officials, adopted salary increases in August 2024 similar to comparable New Mexico municipalities and tied to State law language pertaining to elected County Commission compensation and numeric rates; and

**WHEREAS:** as part of the November 2024 General election, voters approved a modification to the New Mexico Constitution eliminating the State Legislature's oversight and authority to set salaries of elected County officials; and

**WHEREAS:** as a result of the constitutional amendment, the State law language referenced in Municipal Code establishing Governing Body compensation is no longer applicable and subject to deletion/removal from State law as a periodic cleanup to statute in the future; and

**WHEREAS:** the constitutional amendment necessitates that the Governing Body modify Municipal Code via Ordinance and establish compensation for future Mayors and City Councilors by numeric value instead of by reference to State law.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.** Chapter 30, Governing Body, Section 30.03 Compensation, is hereby amended as follows (strikethrough is deleted text and underline is new text):

(A) Effective July 1, 2025, when a City Councilor begins a new, elected four-year term, the City Councilor shall receive an annual salary of $39,106. Thereafter, every four years, when a new four-year office term begins, the annual salary for a City Councilor shall be adjusted by eight (8) percent to serve as a cost-of-living/inflation adjustment. ~~On the day each City Councilor is sworn into office, the annual salary of a City Council member shall be equal to the maximum amount authorized by the New Mexico Legislature to be paid to County Commissioners in Class "A" counties, as provided in Section 4-44-4 NMSA 1978, and as may be amended thereafter.~~

(B) Any individual that is appointed or elected to complete the four-year term of a City Councilor shall receive the same annual salary as their immediate predecessor.

~~(B)~~ (C) Councilors and eligible family members shall have the option to participate in city-sponsored elective insurance coverages for medical, dental, vision, and life, with the same conditions and terms as offered to classified city employees. City Councilors shall not be eligible for leave benefits offered to classified city employees.

~~(C)~~ (D) The annual salary of a Councilor shall not be increased or decreased during their respective term of office, pursuant to Article IV, Section 27 of the New Mexico Constitution.

**Section 2.** Chapter 31, City Officials, Section 31.15 Mayor, is hereby amended as follows (strikethrough is deleted text and underline is new text):

(A) The Mayor is the chief executive as provided in § 3.01.B(2) of the City Charter and shall:
  (1) Sign all ordinances and resolutions adopted by the Governing Body;
  (2) Sign all commissions, licenses and permits approved by the Governing Body;
  (3) Execute all contracts, legal processes and bonds approved by the Governing Body by ordinance; and
  (4) Upon an immediate danger to the public health, safety or welfare of the community, declare that a state of emergency exists within the city.

(B)(1) The Mayor shall continually reside within the city throughout his term of office.
  (2) The Mayor shall be elected for a term of four years.
  ~~('87 Code, § 2-1-2)~~

(C) Effective July 1, 2025, when a Mayor begins a new, elected four-year term, the Mayor shall receive an annual salary of $97,765. Thereafter, every four years, when a new four-year office term begins, the annual salary for the Mayor shall be adjusted by eight (8) percent to serve as a cost-of-living/inflation adjustment. ~~On the day the Mayor is sworn into office, the annual salary of the Mayor shall be equal to two and one-half times the maximum amount authorized by the New~~

~~Mexico Legislature to be paid to County Commissioners in Class "A" counties, as provided in Section 4-44-4 NMSA 1978, and as may be amended thereafter.~~

(D) Any individual that is appointed or elected to complete the four-year term of the Mayor shall receive the same annual salary as their immediate predecessor.

~~(D)~~ (E) The Mayor and eligible family members shall have the option to participate in city-sponsored elective insurance coverages for medical, dental, vision, and life, with the same conditions and terms as offered to classified city employees. The Mayor shall not be eligible for leave benefits offered to classified city employees.

~~(E)~~ (F) The annual salary of the Mayor shall not be increased or decreased during their respective term of office, pursuant to Article IV, Section 27 of the New Mexico Constitution.

~~(F)~~ (G) The Mayor shall be provided a city vehicle.

**Section 3.** Chapter 34 Municipal Court, Section 34.02, Municipal Judge, is hereby amended as follows (strikethrough is deleted text and underline is new text):

(B)(1) Effective from the date the Municipal Judge begins a new, elected four-year term, ~~takes the oath of office in 2018,~~ the Municipal Judge shall receive an annual salary of ~~$70,000~~ $80,500. Any individual that is appointed or elected to complete the four-year term of the Municipal Court Judge shall receive the same annual salary as their immediate predecessor.

(2) ~~Beginning with the 2022 municipal election for Municipal Judge and thereafter, o~~One year prior to the ~~regular municipal~~ election day where the office of the Municipal Judge, a four-year term, shall be voted on, the Governing Body shall review the annual Municipal Judge salary. If the Governing Body, by majority vote, decides to adjust the annual salary for the Municipal Judge, it shall do so no later than 11 months prior to the ~~regular municipal~~ election day where the office of Municipal Judge shall be voted on. The adjusted ~~Municipal Judge~~ salary shall become effective when the person elected begins their new four-year term as Municipal Judge ~~for the applicable Municipal Judge term (the oath of office day beginning a four-year term).~~

(3) The Municipal Judge shall have the option to participate in any city-sponsored life insurance and health insurance programs on the same conditions and terms as any other city employee.

(4) The annual salary of the Municipal Judge shall not be increased or decreased during their respective term of office, pursuant to Article IV, Section 27 of the New Mexico Constitution.

**Section 4.** Chapter 34, Section 34.03, Alternate Judge is hereby amended as follows (strikethrough is deleted text and underline is new text):

(A)(1) The Mayor, with the advice and consent of a majority of the members of the City Council, shall appoint a qualified elector of the municipality to serve as acting, alternate Municipal Judge in the absence of the elected Municipal Judge.

(2) The alternate Municipal Judge shall exercise all powers and perform all duties of the Municipal Judge until the return of the Municipal Judge. (~~'87 Code, § 5-9-1~~)

(B) The alternate Municipal Judge must be a registered voter of the city and shall continually retain residency within the city throughout ~~his~~ their term of office pursuant to the requirements of NMSA § 35-14-5. (~~'87 Code, § 5-9-2~~)

(C) The alternate Municipal Judge shall receive compensation of ~~$175~~ $200 ~~per session,~~ for each ~~session~~ day the alternate judge serves as acting Municipal Judge. (~~'87 Code, § 5-9-3~~)

**Section 5.  Severability Clause.**  If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph, clause, or provision shall not affect the validity of the remaining portions of this Ordinance or the regulation so challenged.

**Section 6.  Compiling Clause.**  This Ordinance shall be incorporated in and compiled as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

**Section 7.  Effective Date.**  This Ordinance shall become effective ten days after adoption.

ADOPTED THIS 27TH DAY OF MARCH, 2025.

_____

Jeremy Lenentine, Deputy Mayor

ATTEST:

_____

Noel C. Davis, City Clerk

(SEAL)

4

Ordinance 018

Second Reading August 22, 2025

No sponsor noted on any document, no sponsor noted in signed legislation.

Meeting Minutes indicated/implied Peter Wells, Deputy City Manager, spoke on behalf of Ordinance 018. "Peter Wells, Deputy City Manager stated that this is the second reading."

Peter Wells presented Ordinance 018 at its First Reading on August 8, 2024. Minutes include.




**CITY OF RIO RANCHO**

 

AGENDA DATE:
> August 22, 2024

DEPARTMENT:
> Administration

SUBJECT:
> O18, Ordinance Amending Chapter 30 Governing Body and Chapter 31 City Officials

BACKGROUND AND ANALYSIS:
> Second reading of an Ordinance. The Governing Body approved of this item at first reading on August 8, 2024. Two readings with approvals required for adoption.
>
> Pursuant to the City Charter Article II, Section 2.04, the Governing Body (Mayor and City Council) determine the salary for the Mayor and City Council members.
>
> The last time the Ordinance establishing the annual salary for the Mayor and City Council was reviewed and amended occurred in 2016. Just as regular market/compensation analysis occurs related to non-elected City personnel (with adjustments made), City staff recently reviewed Rio Rancho elected official compensation.
>
> Municipal Code Section 30.03 states that beginning in 2018 and thereafter, the annual salary of City Council members shall be 28 percent of the most current estimated median household income, as reported by the United States Census Bureau, on the day each Councilor is sworn into office. The median income for Rio Rancho, as reported by the United States Census Bureau, has been the figure used as that was the legislative intent stated in supporting documentation at the time of adoption in 2016.
>
> Municipal Code Section 31.15 states that beginning in 2018 and thereafter, the annual salary of the Mayor shall be the most current estimated median household income, as reported by the United States Census Bureau, on the day the Mayor is sworn into office. The median income for Rio Rancho, as reported by the United States Census Bureau, has been the figure used as that was the legislative intent stated in supporting documentation at the time of adoption in 2016.
>
> Currently, the Mayor of Rio Rancho's annual salary is $66,733 (established using 2022 data; if 2024 data was used the amount would be $78,978). Pursuant to the City Charter Article III, Section 3.01, the Mayor is a full-time equivalent position with outside employment allowed only if approved by the Governing Body.
>
> The District 1, 4, and 6 City Councilor annual salary is currently $22,114.84 (established using 2024 data). The District 2, 3 and 5 City Councilor annual salary is currently $18,685.24 (established using 2022 data). City Council member positions are not defined in the City Charter or Municipal Code as either full-time or part-time equivalent, but are generally considered to be part-time positions (City Councilors in other communities and County Commissioners are considered part-time positions), and no outside employment limitation exists.

A current review of peer cities in New Mexico and Sandoval County government finds that current Rio Rancho elected official compensation is significantly lower by comparison.

| Current | Rio Rancho | Las Cruces | Santa Fe | Sandoval County | Albuquerque | Roswell |
|---|---|---|---|---|---|---|
| Mayor | $66,733 | $97,765 | $110,000 current; $117,000 beginning 2026 | --- | $132,500 current; $146,081 beginning 2026 | $30,196 |
| Councilor | $18,685.24 or $22,114.84 | $39,106 | $39,106 | --- | $62,843 | $7,549 |
| County Commissioner | --- | --- | --- | $39,106 | --- | --- |

| 5 Largest Cities by Population | U.S. Census Update as of July 1, 2023 |
|---|---|
| (1) Albuquerque | 560,274 |
| (2) Las Cruces | 114,892 |
| (3) Rio Rancho | 110,660 |
| (4) Santa Fe | 89,167 |
| (5) Roswell | 47,109 |

Las Cruces is the City in New Mexico that most closely mirrors Rio Rancho in terms of population and form of government (i.e., council-manager).

The Las Cruces City Charter states that the City Council sets the salary of the Mayor and Councilors. The Mayor salary is equal to 2.5 times the compensation a City Councilor receives, and City Councilors receive the maximum amount authorized by State law paid to Board of Commissioners in Dona Ana County.

The Santa Fe City Charter establishes an independent commission that evaluates and sets the Mayor salary every four years. City Councilor salary is established by ordinance with the rate being the maximum amount authorized by the New Mexico Legislature paid to County Commissioners in Class A Counties.

State law (Section 4-44-1 NMSA 1978) defines a Class A County as those having a final, full assessed valuation of over seventy-five million dollars ($75,000,000) and a population of 100,000 persons or more as determined by the most current annual population data or estimate available from the U.S. Census Bureau. Sandoval County is a Class A County.

State law (Section 4-44-4 NMSA 1978) establishes that the annual salary for a County Commissioner in a Class A County shall not exceed $39,106. The current maximum was established in 2018. Previously, the maximum was $34,005. State government periodically reviews and adjusts this compensation level.

The proposed Ordinance would amend Municipal Code so that, following the March 2026 local election and beyond (assuming no office vacancy occurs prior), the pay structure and rate for the Rio Rancho Mayor and City Councilors would mirror that of the City of Las Cruces, and partially mirror that of the City of Santa Fe.

Based on past research conducted in 2015/2016 related to adjusting Rio Rancho elected official pay, as a matter of best practices for public policy and representative democracy/government, elected official compensation should be based on several factors. These factors include time spent performing job duties, constituency size, responsibility level, and ensuring that a wide variety of qualified individuals with diverse backgrounds and experiences with differing levels of income/wealth seek and can hold elected office. Furthermore, as a matter of best practices for any entity/organization/employer, a periodic review of compensation with adjustment related to inflationary and other factors should occur.

For example, since 2010, 25 times a City Council seat was subject to an election. Sixteen (16) percent of the time, someone ran unopposed.

The proposed Ordinance also clarifies that elected officials, and family members as applicable, are eligible to participate in elective insurance coverages for medical, dental, vision, and life that are offered to classified employees at any given time. In addition, clarification is provided that elected officials are not eligible for leave benefits (e.g., vacation, sick, and holiday).


IMPACT:

Should the Governing Body approve the proposed Ordinance, no current member of the Governing Body would have their salary adjusted. Pursuant to Article IV, Section 27 of the New Mexico Constitution, no municipal elected official can have their salary increased or decreased during their respective term of office.

Should the Governing Body approve the proposed Ordinance, following the March 2026 local election, the annual salary for City Councilor Districts 2, 3, and 5 would increase from $18,685.24 to $39,106 (based on the current amount specified in State law). Should a City Council seat become vacant, with a replacement appointed/confirmed prior to the March 2026 local election, the pay adjustment would go into effect at that time.

Should the Governing Body approve the proposed Ordinance, following the March 2028 local election, the annual salary for City Councilor Districts 1, 4 and 6 would increase from $22,114.84 to $39,106 (based on the current amount specified in State law). Should a City Council seat become vacant, with a replacement appointed/confirmed prior to the March 2028 local election, the pay adjustment would go into effect at that time.

Should the Governing Body approve the proposed Ordinance, following the March 2026 local election, the annual salary for the Mayor would increase from $66,733 to $97,765 (based on the current amount specified in State law). Should the Mayor seat become vacant, with a replacement appointed/confirmed prior to the March 2026 local election, the pay adjustment would go into effect at that time.

Following the March 2026 local election, an estimated additional $92,300 (based on the current amount specified in State law) in annual elected official compensation will have to be budgeted. Following the March 2028 local election, an estimated additional $51,000 (based on the current amount specified in State law) in annual elected official compensation will have to be budgeted. Additional benefit costs (associated with higher compensation and premium costs), as applicable, would have to be calculated and accounted for as well. City staff's current 5-year budget projections have sufficient revenue available to account for these costs.

ALTERNATIVES:
    Approve the Ordinance.

    Do not approve the Ordinance.


DEPARTMENT RECOMMENDATION:
    Governing Body policy decision. City Administration recommends approval.

ATTACHMENT: Ordinance_O18
ATTACHMENT: O18 - Signed



***Regular Governing Body Meeting***
**City of Rio Rancho**
**AGENDA**
**August 22, 2024**
**6:00 PM**
**Council Chambers**

**Governing Body Members**

| | |
|---|---|
| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer: https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

<u>**1**</u>     Minutes of August 8, 2024 Regular Meeting
       ***Minutes of August 8, 2024 Regular Meeting***

<u>**2**</u>     R65, Resolution Authorizing the Disposal of Obsolete and Damaged Office Furniture
       ***Resolution_R65***
       ***Exhibit A***

<u>**3**</u>     R66, Resolution Authorizing the Disposal of Library and Information Services Department Property
       ***Resolution_R66***
       ***Exhibit A***

<u>**4**</u>     D29, Appointment of Andrea Hankins to the Planning and Zoning Board
       ***A. Hankins Resume_Redacted***

**Boards/Commissions/Committee Reports**

**Public Hearings**

<u>**5**</u>     O19, Ordinance of the City of Rio Rancho, New Mexico Amending the Zoning Classification and Official Zoning Map for the Property Described as Black Arroyo Wildlife Park, Tract A-1-A and Tract A-1-B From C-2: Wholesale and Warehousing Commercial District and R-1: Single-Family Residential District to OS: Open Space District; Providing for Severability and an Effect Date
       ***Ordinance_O19***
       ***Application for Zone Map Amendment***
       ***Location/Zone Map***
       ***Noticed Properties Map***
       ***Legal Notice***
       ***Book 25 Pages 67-68***

**Second Reading of Ordinances**

<u>**6**</u>     O17, Ordinance Amending Chapter 70 Uniform Traffic Code
       ***Ordinance_O17***
       ***PSA Memo***

      ~~Ordinance Amending~~ Chapter 30 Governing Body and Chapter 31 City Officials
       ***Ordinance_O18***

<u>**8**</u>     O16, Ordinance Amending the Rio Rancho Code of Ordinances (R.O. 2003) Title XV Land Usage, Chapters 150 and 154, Section 150.03 Applications and Procedures (B) Notification Requirements Table, 154.03 Definitions, and 154.50 Zoning Table/Residential and 154.51 Zoning Table/Nonresidential
       ***Ordinance_O16***
       ***2013 version of Chapter 154***
       ***Legal Notice***
       ***154.50 Zoning Table.Residential Amendment***
       ***Chapter 154 - 2013 TZ Excerpt***
       ***Lot Map with Transitional Zoning (15,888 lots) noting TZ lots under 60 feet wide (304 lots)***

**First Reading of Ordinances**

**Discussion and Deliberation**

**9**    R67, Resolution Amending the Investment Policy
*Resolution_R67*
*Investment Policy September 2022*
*Exhibit A Amended Investment Policy 2024*

**10**    R68, Resolution Amending the Permanent Fund Investment Policy Statement
*Resolution_R68*
*Exhibit A Permanent Fund 2024*

**11**    D30, Advice and Consent for the Purchase of a Replacement Aerial Ladder Truck
*Aerial Ladder Truck Proposal*

**12**    D31, Advice and Consent for the Purchase of a New Fire Engine
*Fire Engine Proposal*

**13**    D32, Advice and Consent for the Purchase of a Replacement Fire Engine
*Fire Engine Proposal*

**City Manager**

**Adjournment**



*Governing Body*
*of the*
*City of Rio Rancho*

**MINUTES**

August 22, 2024
6:00 PM
Council Chambers, City Hall

---

Governing Body Members Greggory D. Hull, Mayor Paul Wymer, Councilor District 4 Deb Dapson, Councilor District 1 Karissa Culbreath, Councilor District 5 Jeremy Lenentine, Councilor District 2 Nicole List, Councilor District 6 Bob Tyler, Councilor District 3

Meeting Information

**MEMBERS PRESENT:**                    **STAFF PRESENT:**
Greggory Hull                              None.
Deb Dapson
Paul Wymer
Karissa Culbreath
Nicole List

**MEMBERS ABSENT:**
Jeremy Lenentine
Bob Tyler

---

Call to Order and Pledge of Allegiance

Mayor Hull called the meeting to order at 6:00 p.m.

Proclamations and Awards of Merit

Public Forum

Comments by Councilors

Consent Calendar

1)      Minutes of August 8, 2024 Regular Meeting

Cover Page

Minutes of August 8, 2024 Regular Meeting

2)      R65, Resolution Authorizing the Disposal of Obsolete and Damaged Office Furniture

Cover Page

Resolution_R65

Exhibit A

3)      R66, Resolution Authorizing the Disposal of Library and Information Services Department Property

Cover Page

Resolution_R66

Exhibit A

4)    D29, Appointment of Andrea Hankins to the Planning and Zoning Board

Cover Page

A. Hankins Resume_Redacted

Paul Wymer moved to approve consent calendar.  Seconded by Deb Dapson

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES:    Greggory Hull, Deb Dapson, Paul Wymer, Karissa Culbreath, and Nicole List.

Boards/Commissions/Committee Reports

Public Hearings

5)    O19, Ordinance of the City of Rio Rancho, New Mexico Amending the Zoning Classification and Official Zoning Map for the Property Described as Black Arroyo Wildlife Park, Tract A-1-A and Tract A-1-B From C-2: Wholesale and Warehousing Commercial District and R-1: Single-Family Residential District to OS: Open Space District; Providing for Severability and an Effect Date

Cover Page

Ordinance_O19

Application for Zone Map Amendment

Location/Zone Map

Noticed Properties Map

Legal Notice

Book 25 Pages 67-68

Amy Rincon, Director of Development Services presented this item. The applicant, SSCAFCA, through their agent, Community Sciences Corporation, requests approval of a Zone Map Amendment to change the zoning from C-2: Wholesale and Warehousing Commercial District & R-1: Single-Family District to OS: Open Space District. The Planning and Zoning Board recommend approval.

Deb Dapson moved to approve O19.  Seconded by Paul Wymer

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES:    Greggory Hull, Deb Dapson, Paul Wymer, Karissa Culbreath, and Nicole List.

The following individual spoke under this item: Mr. Patrick

Second Reading of Ordinances

6)    O17, Ordinance Amending Chapter 70 Uniform Traffic Code

Cover Page

PSA Memo

Police Captain Koschade presented this item. In 2018, a Public Safety Aide (PSA) position was created within the Police Department to augment department resources and to create an introductory pathway for those interested in pursuing a law enforcement career as a sworn police officer. Currently, the department has six funded PSA positions. The PSA job duties include a wide variety of tasks that include responding to traffic-related calls, serving civil paperwork, and writing reports. During the first six months of 2024, PSAs responded to 1,153 calls. This number includes 512 disabled/unattended vehicle and 29 public nuisance calls for service. The proposed amendment would allow the Chief of Police to authorize PSAs as designees to enforce specific provisions adopted under the Uniform Traffic Code:

Section 12-6-6.1 thru 12-6-14 (Parking Enforcement)
Section 12-10-4 Registration Requirement
Section 114.02 thru 114.03 Advertisement and Sale of Vehicles

Nicole List moved to approve O17. Seconded by Deb Dapson

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES:    Greggory Hull, Deb Dapson, Paul Wymer, Karissa Culbreath, and Nicole List.

7)    O18, Ordinance Amending Chapter 30 Governing Body and Chapter 31 City Officials

Cover Page

Should the Governing Body approve the proposed Ordinance, following the March 2028 local election, the annual salary for City Councilor Districts 1, 4 and 6 would increase from $22,114.84 to $39,106 (based on the current amount specified in State law). Should a City Council seat become vacant, with a replacement appointed/confirmed prior to the March 2028 local election, the pay adjustment would go into effect at that time. Should the Governing Body approve the proposed Ordinance, following the March 2026 local election, the annual salary for the Mayor would increase from $66,733 to $97,765 (based on the current amount specified in State law). Should the Mayor seat become vacant, with a replacement appointed/confirmed prior to the March 2026 local election, the pay adjustment would go into effect at that time. Following the March 2026 local election, an estimated additional $92,300 (based on the current amount specified in State law) in annual elected official compensation will have to be budgeted. Following the March 2028 local election, an estimated additional $51,000 (based on the current amount specified in State law) in annual elected official compensation will have to be budgeted. Additional benefit costs (associated with higher compensation and premium costs), as applicable, would have to be calculated and accounted for as well. City staff's current 5-year budget projections have sufficient revenue available to account for these costs. Should the Governing Body approve the proposed Ordinance, no current member of the Governing Body would have their salary adjusted. Pursuant to Article IV, Section 27 of the New Mexico Constitution, no municipal elected official can have their salary increased or decreased during their respective term of office.

Paul Wymer moved to approve O18. Seconded by Nicole List

The motion carried by a vote of 5 FOR and 0 AGAINST.
YES:    Greggory Hull, Deb Dapson, Paul Wymer, Karissa Culbreath, and Nicole List.

8)    O16, Ordinance Amending the Rio Rancho Code of Ordinances (R.O. 2003) Title XV Land Usage, Chapters 150 and 154, Section 150.03 Applications and Procedures (B) Notification Requirements Table, 154.03 Definitions, and 154.50 Zoning Table/Residential and 154.51 Zoning Table/Nonresidential

Cover Page

Ordinance_O16

2013 version of Chapter 154

Legal Notice



**CITY OF RIO RANCHO**
~~ORDINANCE~~





~~ORDINANCE NO. 18~~                                      ENACTMENT NO. 24-18

# ORDINANCE AMENDING CHAPTER 30 GOVERNING BODY AND CHAPTER 31 CITY OFFICIALS

**WHEREAS:** pursuant to the City Charter Article II, Section 2.04, the Governing Body (Mayor and City Council) determine the salary for the Mayor and City Council members; and

**WHEREAS:** the last time the Ordinance establishing the annual salary for the Mayor and City Council was reviewed and amended occurred in 2016; and

**WHEREAS:** a review of peer cities in New Mexico and Sandoval County government finds that current Rio Rancho elected official compensation is significantly lower by comparison; and

**WHEREAS:** as a matter of best practices for any entity/organization/employer, a periodic review of compensation with adjustment related to inflationary and other factors should occur; and

**WHEREAS:** compensation can impact who is able and willing to seek and hold elected office.

**NOW THEREFORE, BE IT ORDAINED BY THE GOVERNING BODY OF THE CITY OF RIO RANCHO:**

**Section 1.**    Chapter 30, Section 30.03, Governing Body is hereby amended as follows (strikethrough is deleted text and underline is new text):

30.03 COMPENSATION.

(A) ~~Beginning in 2018 and thereafter,~~ <u>On the day each City Councilor is sworn into office</u>, the annual salary of <u>a</u> City Council member~~s~~ shall be <u>equal to the maximum amount authorized by the New Mexico Legislature to be paid to County Commissioners in Class "A" counties, as provided in Section 4-44-4 NMSA 1978, and as may be</u> amended thereafter. ~~28% of the most current estimated median household income, as reported by the United States Census Bureau, on the day each Councilor is sworn into office.~~

(B) Councilors and eligible family members shall <u>have the option to participate in city-sponsored elective insurance coverages for medical, dental, vision, and life, with the same conditions and terms as offered to classified city employees</u> ~~be offered medical, dental and vision insurance coverage as provided to other city employees~~. <u>City Councilors shall not be eligible for leave benefits offered to classified city employees.</u>

(C) The annual salary of a Councilor shall not be increased or decreased during their respective term of office, pursuant to Article IV, Section 27 of the New Mexico Constitution.

**Section 2.**    Chapter 31, Section 31.15, Mayor is hereby amended as follows (strikethrough is deleted text and underline is new text):

31.15 MAYOR.

(A) The Mayor is the chief executive as provided in § 3.01.B(2) of the City Charter and shall:

(1) Sign all ordinances and resolutions adopted by the Governing Body;

(2) Sign all commissions, licenses and permits approved by the Governing Body;

(3) Execute all contracts, legal processes and bonds approved by the Governing Body by ordinance; and

(4) Upon an immediate danger to the public health, safety or welfare of the community, declare that a state of emergency exists within the city.

(B)(1) The Mayor shall continually reside within the city throughout his term of office.

(2) The Mayor shall be elected for a term of four years.

(C) ~~Beginning in 2018 and thereafter,~~ On the day the Mayor is sworn into office, the annual salary of the Mayor shall be ~~the most current estimated median household income, as reported by the United States Census Bureau, on the day the Mayor is sworn into office.~~ equal to two and one half-times the maximum amount authorized by the New Mexico Legislature to be paid to County Commissioners in Class "A" counties, as provided in Section 4-44-4 NMSA 1978, and as may be amended thereafter.

(D) The Mayor and eligible family members shall have the option to participate in city-sponsored elective insurance coverages for medical, dental, vision, and life, with the same conditions and terms as offered to classified city employees ~~be offered medical, dental and vision insurance coverage as provided to other city employees~~. The Mayor shall not be eligible for leave benefits offered to classified city employees.

(E) The annual salary of the Mayor shall not be increased or decreased during their respective term of office, pursuant to Article IV, Section 27 of the New Mexico Constitution.

(F) The Mayor shall be provided a city vehicle.

**Section 4.    Severability Clause.**  If any section, paragraph, clause, or provision of this Ordinance, or any section, paragraph, clause, or provision of any regulation promulgated hereunder shall for any reason be held to be invalid, unlawful, or enforceable, the invalidity, illegality, or unenforceability of such section, paragraph, clause, or provision shall not affect the validity of the remaining portions of this Ordinance or the regulation so challenged.

**Section 5.    Compiling Clause.**  This Ordinance shall be incorporated in and compiled as part of the Revised Ordinances of the City of Rio Rancho, (R.O. 2003).

**Section 6.    Effective Date.**  This Ordinance shall become effective ten days after adoption.

ADOPTED THIS 22ND DAY OF AUGUST, 2024.

_____
Greggory D. Hull, Mayor

ATTEST:

_____
Noel C. Davis, City Clerk
(SEAL)

**Exhibit D**

**Email Correspondence with the City Clerk Regarding IPRA Requests**

This exhibit contains communications with the City Clerk confirming that no Legislative Drafting Request Forms were submitted or are on file for the ordinances identified in this complaint.

**Lead Plaintiff's First request via online portal ~~June 1, 2025~~ ;**



To Whom It May Concern,

Pursuant to the New Mexico Inspection of Public Records Act (IPRA), I respectfully request copies of **all "Legislative Drafting Form Requests"** associated with ordinances adopted by the Rio Rancho Governing Body in **calendar year 2025.**

I am specifically seeking records that identify the **sponsoring member(s) of the Governing Body** for each ordinance, as I understand that sponsorship is noted in the official record.

I have reviewed the available online legislative documents, but this information does not appear to be fully accessible.

Please let me know if there are any fees associated with this request or if additional clarification is needed.

Thank you for your time and assistance.

Sincerely,

Corrine Rios

From the Governing Body Rules of Procedure:

"B. A Governing Body member may request through the City Manager the drafting of an ordinance or

resolution by City staff for placement on a meeting agenda, pursuant to these rules.

1. A Request for Legislation Drafting Form (see Appendix A) shall be submitted to the City

Manager a minimum of forty-five (45) calendar days prior to the meeting where the legislation is

sought to be introduced." Article II 2.1.B

"The Governing Body member's name will be listed as "sponsor" on the legislation and notated into the official record." Article II 2.1.C

Show less

## City Clerk's Response to first request.

☑ **Request closed** ^                                         Anyone with access to this request

To Whom It May Concern,

After a thorough review of our records, it has been confirmed there are no records responsive to this request. This will complete our response to this request. If you have any questions or concerns please contact the City Clerk's Office at (505) 891-5004.

Sincerely,

Noel Davis

City Clerk

City of Rio Rancho

June 2, 2025, 10:54 am by Staff

## Lead Plaintiff's follow up request

✉ **Message from requester** ^                                    Requester - Staff

June 2, 2025

City of Rio Rancho

3200 Civic Center Circle NE

Rio Rancho, NM 87144

**Re: Follow-Up Request Under the New Mexico Inspection of Public Records Act (IPRA)**

Dear Noel David, City of Rio Rancho City Clerk,

On June 1, 2025, I submitted a request under the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to 14-2-12, seeking access to the following record(s): "Pursuant to the New Mexico Inspection of Public Records Act (IPRA), I respectfully request copies of **all "Legislative Drafting Form Requests"** associated with ordinances adopted by the Rio Rancho Governing Body in **calendar year 2025**."

As of today, I have been informed that the record(s) do not exist. If that is the city's official position, I respectfully request that you provide:

1. **A written certification** that the requested records do not exist, as required under IPRA.
2. **An explanation** for the absence of the records since they are required to be created and maintained under the Rio Rancho City Charter or applicable law. I cited the city code in my prior request.

If the city fails to provide the records or proper certification of their absence within a reasonable time, I will be compelled to file a formal complaint with the New Mexico Attorney General's Office and consider pursuing legal remedies available under IPRA, including court enforcement and recovery of legal fees.

Thank you for your prompt attention to this matter. I look forward to your response.

Sincerely,

## City Clerk's Response to follow-up request:

☑ **Request closed** ^                                    Anyone with access to this request

To Whom It May Concern,

After a thorough review of our records, it has been confirmed there are no records responsive to this request. This will complete our response to this request. If you have any questions or concerns please contact the City Clerk's Office at (505) 891-5004.

Sincerely,

Noel Davis

City Clerk

City of Rio Rancho

June 2, 2025, 10:14am by Staff

**Exhibit E**

**Complaint Filed with the New Mexico Department of Justice**

This exhibit contains a formal complaint submitted by the Lead Plaintiff to the New

Mexico Department of Justice, alleging the City of Rio Rancho's failure to adhere to

mandatory legislative procedures as required by its Governing Body Rules of Procedure.



# NM Department of Justice - Complaint/Tip Submission

Submission Detail

**ECS Reference Number**    NMDOJ-ECS-20250602-5401
**Final Submit Date**



**Disclosure of your complaint/tip:** A copy of this complaint/tip may be sent to the business/entity/agency against whom I am filing this complaint/tip. This complaint/tip is a public record, thus available under provisions of the NM Inspection of Public Records Act.

**Disclosure to other entities:** This complaint/tip, its content, and other information may be disclosed to other law enforcement and regulatory agencies.

☑ **I understand disclosure statements.**

**DECLARATION:** By submitting this form, I attest that the information in this complaint/tip is true and accurate to the best of my knowledge. I further understand that by submitting this form I may be called to testify as a witness in this matter.

☑ **I understand declaration statement.**

*The New Mexico Department of Justice cannot give legal advice regarding this complaint/tip and will not act as your personal attorney. If you have questions regarding your rights please contact a private attorney.*

*Submission of this complaint/tip is not confirmation that an investigation will be initiated.*

**New Mexico Department of Justice**
**201 Third St. NW, Suite 300 | Albuquerque,NM 87102 | (505) 717-3500 | NMDOJ.GOV**

## Complaint/Tip Detail

**Complaint Type**

Inspection of Public Records (IPRA) Complaint

**Retained Attorney**

☐

## Parties

Complainant/Tip Submitter



Person

**Address**

6909 japura ct ne
rio rancho, New Mexico 87144

**Contact information**

p_crios@hotmail.com
(505) 339-8311

Complaint/Tip against

## City of Rio Rancho - Noel Davis, City Clerk

Public Body (Government Entity)

**Address**

3200 Civic Center Cir NE
Rio Rancho, New Mexico 87144-4501

**Contact information**

clerk@rrnm.gov
(505) 891-5004
https://rrnm.gov/30/City-Clerk

## Complaint/Tip Specifics

**Format of IPRA request:**
Written

**Date IPRA request was submitted to the public body:**
June1, 2025

**Date of all responses received from the public body:**
June 2, 2025 and followup response on June 2, 2025

**Records**
No records were provided.

## Transaction

## Documents

First request via online portal June1, 2025.pdf

Communication between City Clerk and myself

**Comments**

In the City of Rio Rancho's Governing Body Rules of Procedure, it clearly states that the items I requested have to be included with the official documents for all Ordinances presented to the governing body. I look online and found nothing that is why I requested to see them.

\*\* END OF COMPLAINT/TIP \*\*

**Exhibit F**

**Email Sent to City Councilors and City Attorney Regarding Procedural Violations**

This exhibit includes an email from the Lead Plaintiff addressed to all six current City Council members and the City Attorney, outlining specific concerns regarding the City's failure to follow the required procedures in the enactment of ordinances.

 Outlook

---

**Concern Regarding Adherence to Legislative Procedures**

---

From     ████████ crios@hotmail.com>

Date     ██████████████

To     ddapson@rrnm.gov <ddapson@rrnm.gov>; jlenentine@rrnm.gov <jlenentine@rrnm.gov>; btyler@rrnm.gov <btyler@rrnm.gov>; pwymer@rrnm.gov <pwymer@rrnm.gov>; kculbreath@rrnm.gov <kculbreath@rrnm.gov>; nlist@rrnm.gov <nlist@rrnm.gov>

Bcc     Mom <p_crios@hotmail.com>

📎 1 attachment (1 MB)

OrdinanceProcedures2.pptx;

Dear City Council Members,

I am writing as a concerned resident from District 3 to bring to your attention potential inconsistencies in the City of Rio Rancho's adherence to its established legislative procedures during the passage of certain ordinances.

According to the *Governing Body Rules of Procedure* (page 5), each ordinance must have a clearly identified sponsor from the governing body, and this sponsorship must be documented in the official record. However, upon reviewing the ordinances enacted in 2025, I was unable to find any indication of sponsorship listed in the publicly available records.

In response to a records request, the City Clerk informed me that there are no Legislative Drafting Request Forms on file for any legislation adopted in 2025. As these forms are a required component of the legislative process, their absence raises serious concerns about procedural compliance.

Furthermore, I have observed at Governing Body Meetings, some ordinances have been presented by city staff members—specifically Mr. Peter Wells and Mr. Matt Geisel —instead of being introduced by the sponsoring governing body member, as required. This practice appears inconsistent with the proper role of staff in the legislative process.

To further clarify these issues, I have attached a PowerPoint presentation outlining the city's procedural shortcomings. Slide 5 contains a checklist I compiled based on the City of Rio Rancho's Rules of Procedure.

I respectfully urge the Council to conduct a thorough review of its legislative processes to ensure full compliance with the City Charter and Governing Body Rules of Procedure. It is imperative that all legislative actions reflect the authority and intent of the duly elected members of the governing body—not the direction of unelected staff.

Please note that I have submitted a formal complaint to the New Mexico Department of Justice regarding this matter. I ask that you take these concerns seriously and provide an update on any corrective measures or policy clarifications being considered.

Thank you for your attention to this important issue. I look forward to your response.

Sincerely,
Corrine Rios
505 339 8311

---

✉ **Message to requester** ∧                                   Requester + Staff

Good afternoon, Ms. Rios,

After a thorough review of our records, it has been confirmed there are no "legislative drafting form requests" in "calendar year 2025" from members of the Governing Body, records do not exist. With this written explanation, we consider this request closed.

Sincerely,

Noel Davis

City Clerk

City of Rio Rancho

June 2, 2025, 12:53pm by Staff

 Outlook

---

**Concern Regarding Adherence to Legislative Procedures**

---

**From** Corrine Rios <p_crios@hotmail.com>

**Date** Wed 6/4/2025 2:42 AM

**To** ‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌m.gov>

📎 1 attachment (1 MB)
OrdinanceProcedures2.pptx;

Dear Mr. Rubin,

I am writing as a concerned resident from District 3 to bring to your attention potential inconsistencies in the City of Rio Rancho's adherence to its established legislative procedures during the passage of certain ordinances.

According to the *Governing Body Rules of Procedure* (page 5), each ordinance must have a clearly identified sponsor from the governing body, and this sponsorship must be documented in the official record. However, upon reviewing the ordinances enacted in 2025, I was unable to find any indication of sponsorship listed in the publicly available records.

In response to a records request, the City Clerk informed me that there are no Legislative Drafting Request Forms on file for any legislation adopted in 2025. As these forms are a required component of the legislative process, their absence raises serious concerns about procedural compliance.

Furthermore, I have observed at Governing Body Meetings, some ordinances have been presented by city staff members—specifically Mr. Peter Wells and Mr. Matt Geisel —instead of being introduced by the sponsoring governing body member, as required. This practice appears inconsistent with the proper role of staff in the legislative process.

To further clarify these issues, I have attached a PowerPoint presentation outlining the city's procedural shortcomings. Slide 5 contains a checklist I compiled based on the City of Rio Rancho's Rules of Procedure.

I respectfully urge you to conduct a thorough review of its legislative processes to ensure full compliance with the City Charter and Governing Body Rules of Procedure. It is imperative that all legislative actions reflect the authority and intent of the duly elected members of the governing body—not the direction of unelected staff.

Please note that I have submitted a formal complaint to the New Mexico Department of Justice regarding this matter. I ask that you take these concerns seriously and provide

an update on any corrective measures or policy clarifications being considered.

Thank you for your attention to this important issue. I look forward to your response.

Sincerely,
Corrine Rios
505 339 8311

---

✉ **Message to requester** ∧

Requester = Staff

Good afternoon, Ms. Rios,

After a thorough review of our records, it has been confirmed there are no "legislative drafting form requests" in "calendar year 2025" from members of the Governing Body, records do not exist. With this written explanation, we consider this request closed.

Sincerely,

Noel Davis

City Clerk

City of Rio Rancho

June 2, 2025 11:53 pm by Staff

**Exhibit G**

**PowerPoint Presentation Prepared by Lead Plaintiff**

This exhibit contains a visual summary prepared by the Lead Plaintiff, illustrating the

City's procedural violations. The presentation was shared with members of the

Governing Body and the City Attorney to highlight the lack of compliance with

established legislative requirements.



# GOVERNING BODY
# RULES OF PROCEDURE

Effective December 26, 2023
Resolution No. 151 / Enactment No. 23-151

"Shall" is a very important word. This means it is **legally required** to have a Legislation Drafting Form (Appendix A) Article II 2.1-B3 —failure to do so may mean the ordinance was not lawfully/"duly enacted." Article II 2.4.A

**Article II Procedures**

2.1    Preparation of Legislation and Distribution of Agendas

A. The City Clerk, through the City Manager, shall prepare the agenda for all Governing Body meetings.

1. The City Manager may place matters on the consent calendar which are routine or ministerial in nature.

2. The City Clerk shall assure that scheduled public hearings have been duly advertised.

3. All material to be presented to the Governing Body at a regular meeting shall be submitted to the City Clerk in the prescribed format, not later than noon, nine (9) days prior to the meeting date. Prior to any ordinance submission to the City Clerk for agenda inclusion, City Attorney review shall occur, pursuant to Municipal Code Section 31.18.

B. A Governing Body member may request through the City Manager the drafting of an ordinance or resolution by City staff for placement on a meeting agenda, pursuant to these rules.

1. [redacted] member [redacted] sought to be introduced.

2. The City Manager will notify the requesting Governing Body member within ten (10) business days whether or not legislation drafting, operational impact assessment, fiscal analysis, applicable research, and legal review related to the requested legislation can be completed in the timeframe necessary to appear on the requested meeting agenda. If the requested meeting date cannot be accommodated, the City Manager will provide the reason(s) why and an alternative meeting agenda date will be selected.

3. [redacted]

C. When a proposed ordinance or resolution is produced and/or provided by a Governing Body member, and lacks City staff document drafting, operational impact assessment, fiscal analysis, and applicable research, the proposed ordinance or resolution shall be placed on a work session meeting agenda for discussion and review, prior to being placed on a meeting agenda where action is taken. Submission of the proposed ordinance or resolution for work session agenda placement shall occur per the timelines stated in these rules. [redacted]

First Step in legislation:
Governing Body
Member/Elected Official
Proposes Ordinance.

The City of Rio Rancho Governing Body consists of the Mayor (at-large) and six (6) City Councilors, each representing a distinct geographical City district

Article II 2.4 Ordinances and Resolutions
A. Ordinances. An ordinance ranks highest in authority of all actions of the Governing Body. If duly enacted, an ordinance has the force of law within the municipality and may be enforced in municipal court.

## 2.4 Ordinances and Resolutions

A. Ordinances. An ordinance ranks highest in authority of all actions of the Governing Body. **If duly enacted**, an ordinance has the force of law within the municipality and may be enforced in municipal court.

"**Duly enacted**" means that a law, ordinance, or regulation has been **formally and properly passed** according to the procedures required by law. In detail:
- "**Duly**" = properly, officially, or according to the rules.
- "**Enacted**" = made into law or officially adopted.

☒ If a vote was skipped or notice wasn't given — it may not be "duly" enacted.

🔲 If the right process is followed — the rule is "duly enacted."

If approved after 1st reading, it needs to be published in newspaper.

The "governing body member" who requested legislation (Appendix A) has to present at first and second readings.
Article II 2.1.B3 page 5

---

2.4    Ordinances and Resolutions

A. Ordinances. An ordinance ranks highest in authority of all actions of the Governing Body, if duly enacted, an ordinance has the force of law within the municipality and may be enforced in municipal court.

1. Pursuant to Municipal Code Section 30.08, an ordinance, other than an ordinance pertaining to a land use and zoning matter as authorized in 3-21-6 NMSA, 1978, shall have two readings prior to adoption.

a. An ordinance shall be adopted by no less than four (4) affirmative votes, pursuant to City Charter Section 2.11.

b. If approved on first reading, an ordinance shall be published one time, by title and general summary, as a legal advertisement in a newspaper of general circulation within the City, no later than seven (7) days prior to the meeting at which it is to be considered for adoption.

c. An ordinance is presented for consideration and adoption at second reading.

d. An ordinance is open to amendment on first reading or upon second reading, in accordance with these rules.

e. Substantive amendments, which is defined as three (3) or more non-clerical and/or scrivener's error changes, offered at second reading shall require adoption of the ordinance to be postponed to a subsequent meeting to allow sufficient time for public notice.

f. Zoning and land use ordinances as authorized in 3-21-6 NMSA 1978 shall be published one time, by title and subject, as a legal advertisement in a newspaper of general circulation within the City, no later than fifteen (15) days prior to the meeting at which it is to be considered for adoption. Only one reading is required for zoning and land use ordinances, at which final action shall be taken, pursuant to Municipal Code Chapter Section 30.08.

2. Adopted ordinances shall become effective at the expiration of ten (10) days after adoption, or at any later date specified therein, pursuant to City Charter Section 2.11. Enacted ordinances shall be published one time, by title and general summary, as a legal advertisement in a newspaper of general circulation within the City, unless otherwise provided by law, pursuant to Municipal Code Section 30.08.

Page 9

If adoption, ordinance needs to be published in newspaper.

**Every proposed ordinance needs to have a Legislation Drafting Request Form from an Elected Official/Governing Body Member.**

Appendix A

City of Vision

Legislation Drafting Request Form

Date: _____     Elected Official Name: _____

1. Resolution or Ordinance: _____
2. Requested Meeting Date for Consideration: _____
3. Subject: _____
4. Intent: _____
    _____
5. Proposed Effective Date: _____
6. Background Information: _____
    _____
7. Funding Source (if applicable): _____
    _____
8. Other: _____
    _____
9. List of Documentation Provided/Attached: _____
    _____

City Manager (or designee) Response

Requested Meeting Date Confirmation: _____
Alternate Meeting Date: _____
Reason(s) for Alternate Meeting Date: _____

City councils are given the authority to propose ordinances because they are elected to represent the public and act in the community's best interest. With that authority comes the responsibility to follow proper procedures—such as sponsorship by a council member, public notice, hearings, multiple readings, and recorded votes—so that ordinances are adopted fairly, transparently, and legally.

Skipping or ignoring these procedures, including failing to identify **proper sponsorship**, undermines public trust, weakens accountability, and can make the ordinances you pass vulnerable to legal challenges. The power to make ordinances is not just a right—it's a duty that must be exercised with care, transparency, and respect for the democratic process.

# SAMPLE Legislation Checklist to be "Duly Enacted"

Based on Section 2.1 of the City of Rio Rancho Governing Body Rules of Procedure

- ☐ City Clerk prepares agenda for all Governing Body meetings through the City Manager.
- ☐ City Manager may place routine or ministerial items on the consent calendar.
- ☐ City Clerk ensures public hearings are duly advertised.
- ☐ All materials for regular meetings must be submitted in prescribed format at least 9 days prior to the meeting.
- ☐ City Attorney must review ordinance before submission to City Clerk (Municipal Code Section 31.18).
- ☐ Only a Governing Body member may propose an ordinance.
- ☐ Governing Body Member shall request legislation drafting through the City Manager.
- ☐ Legislation Drafting Request Form (Appendix A) shall be submitted at least 45 days prior to the desired meeting.
- ☐ City Manager must respond within 10 business days regarding feasibility of preparing required analyses and reviews.
- ☐ If the meeting date cannot be met, City Manager must provide reasons and suggest an alternative date to the "sponsor."
- ☐ Governing Body members' name must be listed as sponsor and entered into the official record.
- ☐ Sponsor must present legislation at each Governing Body meeting where it is scheduled.
- ☐ If proposed legislation lacks staff analyses or research, it must be placed on a work session agenda before action.
- ☐ Submission for work session must follow the timeline rules.
- ☐ Sponsor must be listed and present the legislation at all meetings.
- ☐ Ordinance/resolution is officially introduced when filed with the City Clerk and assigned a legislation number.
- ☐ Agenda and materials must be available to Governing Body members at least 7 days before the meeting.
- ☐ Agenda must be posted according to the Open Meetings Act Resolution and relevant codes.

**Exhibit H**

**City Attorney's Response to the Formal Complaint and Lead Plaintiff's**

**Response to City Attorney**

This exhibit includes the official response from the City Attorney to the formal complaint submitted by the Lead Plaintiff, as well as the Plaintiff's written reply addressing the issues raised in that response.

 Outlook

---

**re: Concern Regarding Adherence to Legislative Procedures**

---

From: ██████ <JRUBIN@rrnm.gov>
Date: ████████████ 1 PM
To     p_crios@hotmail.com <p_crios@hotmail.com>
Cc     LEGAL <LEGAL@rrnm.gov>

Dear Ms. Rios

Thank you for your email. ██████████████████████████████████████████ would like to take this opportunity to clarify this for you because items may be placed on agendas in a few different ways and one way is by the City Manager.

Pursuant to section 2.1 of the rules of procedure, "the City Clerk, ***through the City Manager***, shall prepare the agenda for all Governing Body meetings" (*emphasis added*). ████████████████████████████████████

Further support for the City Manager's ability to place items on Governing Body agendas is found in both the City's Charter and Ordinances (*see: City Charter, 3.07 (K), stating the City Manager shall "Make recommendations to the mayor and Governing Body concerning the affairs of the City." and Municipal Code Section 31.19 (C)(h) stating the City Manager shall "formulate and recommend to the governing body and the Mayor the adoption of the measures as are necessary in order to enhance the health, safety and welfare of the city and its inhabitants, or the improvement of administrative or departmental functions or the provision of services…"*).

██████████████████████████████████████████████████████████████ ability █████ place items on a Governing Body Agenda and this authority is justified by the fact the City Manager is vested with the responsibility to oversee the day-to-day administrative affairs of the city. ██████████████████████████ qualified perspective from which the City Manager can make recommendations to the City's elected officials and validates the City Manager's ability to place items on Governing Body agendas for their consideration.

The process you appear to referencing in your email is another option for items to be drafted and placed on Governing Body Agendas by which a Governing Body ***may*** request an item be drafted by City Staff and placed on an agenda. As stated in the Rules of Procedure, should a Governing Body Member wish to use this option then the appropriate steps must be followed, including the use of the Legislative Drafting Form. However, this is not required for all agenda items but rather, as clearly stated in the Rules of Procedure, it is only relevant when a Governing Body Member chooses to make a request for City Staff to draft an agenda item on their behalf.

I hope this information is helpful to you so as to better understand the City's processes. Finally, because you indicated you have submitted a complaint to the NM DOJ in your email, we are not able to discuss this matter further with you and instead will await any formal notice from the NM DOJ.

Sincerely,

**Josh Rubin**
*City Attorney*

---

**City of Rio Rancho  |  City Attorney's Office**
3200 Civic Center Circle NE
Rio Rancho, NM 87144

**O:** 505.891.5003 **F:** 505.891.5200

---

THIS MESSAGE IS PROTECTED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 17 USCS 2510 ET SEQ. THIS MESSAGE MAY NOT BE OPENED OR FORWARDED WITHOUT THE CONSENT OF THE NAMED RECIPIENT(S). THE INFORMATION CONTAINED IN THIS MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT 505.891.5003. THANK YOU.

 Outlook

---

**Re: Concern Regarding Adherence to Legislative Procedures**

---

From: ~~Corrine Rios~~ ~~p_rios@hotmail.com~~

Date: ~~████████████~~ :36 PM

To: JR~~████@rrnm~~.gov <JRUBIN@rrnm.gov>

Cc: ddapson@rrnm.gov <ddapson@rrnm.gov>; jlenentine@rrnm.gov <jlenentine@rrnm.gov>; btyler@rrnm.gov
<btyler@rrnm.gov>; pwymer@rrnm.gov <pwymer@rrnm.gov>; kculbreath@rrnm.gov <kculbreath@rrnm.gov>;
nlist@rrnm.gov <nlist@rrnm.gov>


Thank you, Josh, for your response. However, I would like to clarify that my concern was not about
how items are added to the agenda.

~~████████████████████████████████~~ for each ordinance.

I will be forwarding your email to the New Mexico Department of Justice, ~~████████████~~
~~████████████████████████████████~~.

Sincerely,
Corrine Rios

Sent via the Samsung Galaxy S21 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** JOSH RUBIN <JRUBIN@rrnm.gov>
**Sent:** Wednesday, June 4, 2025 4:41:53 PM
**To:** p_crios@hotmail.com <p_crios@hotmail.com>
**Cc:** LEGAL <LEGAL@rrnm.gov>
**Subject:** re: Concern Regarding Adherence to Legislative Procedures

Dear Ms. Rios

Thank you for your email.  It appears you may be confused with the process by which items are placed on the City's public
meetings agenda so I would like to take this opportunity to clarify this for you because items may be placed on agendas in
a few different ways and one way is by the City Manager.

Pursuant to section 2.1 of the rules of procedure, "the City Clerk, ***through the City Manager***, shall prepare the agenda for
all Governing Body meetings" (*emphasis added*). This allows the City Manager to place items on any agenda for the
Governing Body to consider.

Further support for the City Manager's ability to place items on Governing Body agendas is found in both the City's
Charter and Ordinances (*see: City Charter, 3.07 (K), stating the City Manager shall "Make recommendations to the mayor
and Governing Body concerning the affairs of the City." and Municipal Code Section 31.19 (C)(h) stating the City Manager
shall "formulate and recommend to the governing body and the Mayor the adoption of the measures as are necessary in
order to enhance the health, safety and welfare of the city and its inhabitants, or the improvement of administrative or
departmental functions or the provision of services…"*).

The City's Charter, Ordinances, and Governing Body Rules of Procedure are consistent regarding the City Managers ability to place items on a Governing Body Agenda and this authority is justified by the fact the City Manager is vested with the responsibility to oversee the day-to-day administrative affairs of the City.  This authority and role create a uniquely qualified perspective from which the City Manager can make recommendations to the City's elected officials and validates the City Manager's ability to place items on Governing Body agendas for their consideration.

The process you appear to referencing in your email is another option for items to be drafted and placed on Governing Body Agendas by which a Governing Body *may* request an item be drafted by City Staff and placed on an agenda.  As stated in the Rules of Procedure, should a Governing Body Member wish to use this option then the appropriate steps must be followed, including the use of the Legislative Drafting Form. However, this is not required for all agenda items but rather, as clearly stated in the Rules of Procedure, it is only relevant when a Governing Body Member chooses to make a request for City Staff to draft an agenda item on their behalf.

I hope this information is helpful to you so as to better understand the City's processes.  Finally, because you indicated you have submitted a complaint to the NM DOJ in your email, we are not be able to discuss this matter further with you and instead will await any formal notice from the NM DOJ.

Sincerely,

**Josh Rubin**
*City Attorney*

---

**City of Rio Rancho   |   City Attorney's Office**
3200 Civic Center Circle NE
Rio Rancho, NM 87144

**O:** 505.891.5003 **F:** 505.891.5200

---

**THIS MESSAGE IS PROTECTED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 17 USCS 2510 ET SEQ. THIS MESSAGE MAY NOT BE OPENED OR FORWARDED WITHOUT THE CONSENT OF THE NAMED RECIPIENT(S). THE INFORMATION CONTAINED IN THIS MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT 505.891.5003. THANK YOU.**

**Exhibit J**

**Lead Plaintiff's Response to City Attorney Providing Notice of Legal Action**

This exhibit contains the Lead Plaintiff's written response to the City Attorney, formally establishing notice of the intent to pursue legal action based on the City's continued procedural violations.

 Outlook

---

**Re: Concern Regarding Adherence to Legislative Procedures**

---

**From** Corrine Rios <p_crios@hotmail.com>
**Date** ▓▓▓▓▓▓▓▓▓▓▓▓▓
**To** JRUBIN@rrnm.gov <JRUBIN@rrnm.gov>
**Cc** ddapson@rrnm.gov <ddapson@rrnm.gov>; jlenentine@rrnm.gov <jlenentine@rrnm.gov>; btyler@rrnm.gov <btyler@rrnm.gov>; pwymer@rrnm.gov <pwymer@rrnm.gov>; kculbreath@rrnm.gov <kculbreath@rrnm.gov>; nlist@rrnm.gov <nlist@rrnm.gov>

Thank you, Josh, for your response. However, I would like to clarify that my concern was not about how items are added to the agenda.

My concern specifically relates to the "requirement of sponsorship" for each ordinance.

I will be forwarding your email to the New Mexico Department of Justice, a̶▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ other appropriate legal channels.

Sincerely,
Corrine Rios

Sent via the Samsung Galaxy S21 Ultra 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** JOSH RUBIN <JRUBIN@rrnm.gov>
**Sent:** Wednesday, June 4, 2025 4:41:53 PM
**To:** p_crios@hotmail.com <p_crios@hotmail.com>
**Cc:** LEGAL <LEGAL@rrnm.gov>
**Subject:** re: Concern Regarding Adherence to Legislative Procedures

Dear Ms. Rios

Thank you for your email. It appears you may be confused with the process by which items are placed on the City's public meetings agenda so I would like to take this opportunity to clarify this for you because items may be placed on agendas in a few different ways and one way is by the City Manager.

Pursuant to section 2.1 of the rules of procedure, "the City Clerk, *__through the City Manager__*, shall prepare the agenda for all Governing Body meetings" (*emphasis added*). This allows the City Manager to place items on any agenda for the Governing Body to consider.

Further support for the City Manager's ability to place items on Governing Body agendas is found in both the City's Charter and Ordinances (*see: City Charter, 3.07 (K), stating the City Manager shall "Make recommendations to the mayor and Governing Body concerning the affairs of the City." and Municipal Code Section 31.19 (C)(h) stating the City Manager shall "formulate and recommend to the governing body and the Mayor the adoption of the measures as are necessary in order to enhance the health, safety and welfare of the city and its inhabitants, or the improvement of administrative or departmental functions or the provision of services…"*).

**Exhibit K**

**Lead Plaintiff's Cell Phone Log of Call to NM DOJ**

This exhibit contains the Lead Plaintiff's phone records confirming a call placed to the New Mexico Department of Justice regarding the public records request and related inquiry.





**Exhibit L**

**Cover Page and Presentation Record of Ordinance 016 (June 12, 2025)**

This exhibit includes the cover page of Ordinance 016, the corresponding meeting agenda, and an excerpt of the official meeting recording. These materials are provided to document who presented the ordinance during its first reading on June 12, 2025.



**CITY OF RIO RANCHO**



AGENDA DATE:
   June 12, 2025

DEPARTMENT:
   Administration

SUBJECT:
   O16, Ordinance Amending Chapter 97 Alarm Systems

BACKGROUND AND ANALYSIS:
   First reading of an Ordinance. Two readings with approval required for adoption.

   The City of Rio Rancho is transitioning away from the Sandoval County Regional Emergency
   Communications Center (SCRECC) and establishing a Rio Rancho Emergency Communications
   Center, effective July 1, 2025, to better serve the citizens of Rio Rancho.

   Pursuant to State of New Mexico rules and regulations, the Rio Rancho Emergency
   Communications Center has been recognized by the State as a Public Safety Answering Point
   (PSAP) within Sandoval County serving the City of Rio Rancho.

   As a result of emergency communications center designation change, existing Municipal Code
   definition language requires updating.

   The proposed Ordinance replaces references to "Sandoval County Regional Dispatch Center" with
   "Rio Rancho Emergency Communications Center."

IMPACT:
   Necessary text updates to Municipal Code will occur.

ALTERNATIVES:
   Approve the Ordinance.

   Do not approve the Ordinance.

DEPARTMENT RECOMMENDATION:
   City staff recommends approval of the Ordinance as presented.

ATTACHMENT: Ordinance_O16



**Regular Governing Body Meeting**
**City of Rio Rancho**
**AGENDA**
**June 12, 2025**
**6:00 PM**
**Council Chambers**

**Governing Body Members**

| Greggory D. Hull, Mayor | Paul Wymer, Councilor District 4 |
|---|---|
| Deb Dapson, Councilor District 1 | Karissa Culbreath, Councilor District 5 |
| Jeremy Lenentine, Councilor District 2 | Nicole List, Councilor District 6 |
| Bob Tyler, Councilor District 3 | |

**Meeting Information**
This meeting will be conducted in-person and virtually, as well as, streamed live on the City of Rio Rancho website at https://rrnm.gov/2303/Watch-and-Download-City-Meetings

Join by Computer: https://us06web.zoom.us/j/83338157719?
pwd=ST55whY8GCTELqBoGjYG1ipM1F5Uer.1
Meeting ID: 833 3815 7719
Passcode: 554297

Join by Phone:
Dial +1 720 707 2699 US (Denver)

Pursuant to the Governing Body Rules of Procedures, any person wishing to address the Governing Body related to an item listed under Second Reading of Ordinances, First Reading of Ordinances, or Discussion and Deliberation, shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for comments pertaining to a specific agenda item at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public input related to a specific agenda item at a meeting.

Public input can be submitted in writing to the City Clerk, as clerk of the Governing Body, prior to the date of the meeting in which the item is scheduled to be heard; however, only public input received before 4 p.m. on the day of the meeting will be entered into the record prior to the meeting.

**Call to Order and Pledge of Allegiance**

**Proclamations and Awards of Merit**

**Public Forum**
Pursuant to the Governing Body Rules of Procedure, any person wishing to address the Governing Body related to a non-agenda item shall register in person with the City Clerk no later than fifteen (15) minutes prior to the scheduled start time of a meeting. No more than two (2) hours in total will be allotted for public forum comments at any meeting. A majority vote of the Governing Body members present may approve to extend the total amount of time allotted for public forum at a meeting.

**Comments by Councilors**

**Consent Calendar**

There will be no discussion of these items unless a Governing Body Member so requests, in which event the item will be moved to a discussion item on the regular agenda.

**1**    Minutes of May 22, 2025 Regular Meeting
*Minutes of May 22, 2025 Regular Meeting*
*Minutes of May 22, 2025-Signed*

**2**    R59, Resolution Authorizing a Budget Adjustment to the General Fund (101) and the State Appropriations Capital Fund (315)
*Resolution_R59*
*R59-Signed*

**3**    R60, Resolution Accepting New Mexico Department of Transportation (NMDOT) State Appropriation First Amendment for Idalia Road/Loma Colorado Boulevard Intersection Improvements
*Resolution_R60*
*Idalia-Loma Colorado Exhibit*
*First Amendment*
*R60-Signed*

**4**    R61, Resolution Authorizing a Budget Adjustment to the General Fund (101) for Fund Reallocation
*Resolution_R61*
*R61-Signed*

**5**    R62, Resolution Authorizing a Budget Adjustment to the General Fund (101) for Expenditure Reclassification
*Resolution_R62*
*R62-Signed*

**6**    R63, Resolution Authorizing a Budget Adjustment to the Fire Fund (250)
*Resolution_R63*
*R63-Signed*

**Boards/Commissions/Committee Reports**

**Public Hearings**

**7**    D31, Site Plan Approval for an Automotive Technology Building at the Property Legally Described as Corrales North Business Tech Center, Block A, Lot 1A
*Application*
*Staff Comments*
*Zoning, Location*
*Color Renderings*
*Civil Plans*
*Elevations*
*Landscape Plans*
*Legal Notices*
*Public Comment*

**Second Reading of Ordinances**

**First Reading of Ordinances**

~~████████████~~e Amending Chapter 97 Alarm Systems
*Ordinance_O16*

2

**9**  O17, Ordinance Amending Chapter 155 Subdivisions, Sections: General Provisions, Platting Procedure, Design Standards, and Administration and Enforcement
*Legal Notice*

**Discussion and Deliberation**

**10**  R64, Resolution Updating the Development Process Manual (DPM)
*Legal Notice*

**11**  D32, Advice and Consent of the Governing Body to Award Contract No. 25-124-PW: Kim Road Improvements Design to HDR Engineering, Inc.
*Kim Road*
*Agreement*

**12**  R65, Resolution Notifying the Sandoval County Clerk of Rio Rancho Local Government Bodies (Public Improvement Districts and Tax Increment Development Districts) to be Elected at the November 4, 2025 Regular Local Election
*Resolution_R65*
*R65-Signed*

**13**  R66, Resolution to Require Immediate Removal or Repair of Ruined Building, Structures(s), Rubbish, Wreakage, Weeds, and Debris and Abatement of Premises at 1873 Blackberry Road, Rio Rancho New Mexico, 87144
*Resolution_R66*
*Exhibit A*
*Exhibit B*
*Exhibit C*
*Exhibit D*
*R66-Signed*

**14**  R67, Resolution Authorizing the Prior Redemption of Portions of the City of Rio Rancho, New Mexico General Obligation Improvement Bonds, Series 2018 Maturing on and After August 1, 2028 (the "Refunded Series 2018 Bonds"); Approving a Notice of Redemption of the Refunded Series 2018 Bonds, and the Use of Funds on Deposit in the Debt Service Fund Established for the Series 2018 Bonds for Such Purpose; Ratifying Action Previously Taken in Connection Therewith, and Repealing Action Inconsistent with the Provisions of This Resolution
*Resolution_R67*
*Redemption Notice*
*R67-Signed*

**City Manager**

**Adjournment**

As of ~~June 13, 2025 the~~ Meeting Minutes for the City Council Meeting for June 12, 2025 was published online. The video was and here is an excerpt transcript from Mayor Hull introducing City Manager Matt Geisel to present Ordinance 016 for the First Reading.

"Okay, moving on to 016 ordinance amending Chapter 97, Alarm systems. Mr. City Manager." Mayor Gregg Hull,

https://riorancho.granicus.com/player/clip/2113?view_id=14&redirect=true

Matt Geisel presented Ordinance 016 at the First Reading.

**Exhibit M**

**Examples from U.S. Congress and New Mexico Legislature**

**Demonstrating Sponsor Identification**

This exhibit contains selected excerpts from federal and state legislation illustrating the standard legislative practice of clearly identifying named sponsors in official records, including bill headings.

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION

I

119TH CONGRESS
1ST SESSION
# H. R. 3745

To prohibit individuals and entities from owning more than 75 single-family residences, and for other purposes.

---

## IN THE HOUSE OF REPRESENTATIVES

JUNE 5, 2025

Ms. ADAMS (for herself, Mrs. MCIVER, Mr. FIELDS, and Mr. THOMPSON of Mississippi) introduced the following bill; which was referred to the Committee on Ways and Means, and in addition to the Committee on Financial Services, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned

---

# A BILL

To prohibit individuals and entities from owning more than 75 single-family residences, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*
2    *tives of the United States of America in Congress assembled,*
3    **SECTION 1. SHORT TITLE.**
4        This Act may be cited as the "American Neighbor-
5    hoods Protection Act of 2025".

SENATE BILL 364

**57TH LEGISLATURE - STATE OF NEW MEXICO - FIRST SESSION, 2025**



AN ACT

RELATING TO LAW ENFORCEMENT; AMENDING QUALIFICATIONS FOR THE
APPOINTMENT OF LAW ENFORCEMENT OFFICERS TO INCLUDE
AUTHORIZATION TO WORK BY THE UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

　　　SECTION 1.  Section 29-1-9 NMSA 1978 (being Laws 1891,
Chapter 60, Section 1 and Laws 1891, Chapter 60, Section 2, as
amended) is amended to read:

　　　"29-1-9.  APPOINTMENT OF PEACE OFFICERS--CITIZENSHIP
CERTIFICATE OF APPOINTMENT--EXCEPTIONS.--

　　　　　　A.  No sheriff of a county, mayor of a city or other
person authorized by law to appoint special deputy sheriffs,
marshals, [policemen] police officers or other peace officers
in the state of New Mexico to preserve the public peace and to

.229824.2

underscored material = new
[bracketed material] = delete

**Exhibit N**

**Examples from the City of Albuquerque Demonstrating Documented**

**Sponsorship**

This exhibit includes excerpts from City of Albuquerque ordinances in which sponsorship by a governing body member is clearly documented, reflecting standard municipal legislative practices.

# CITY of ALBUQUERQUE
## TWENTY SIXTH COUNCIL

**COUNCIL BILL NO.** ___O-25-88___     **ENACTMENT NO.** _____

SPONSORED BY:

<div style="writing-mode: vertical">[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion</div>

1                               **ORDINANCE**

2  ADOPTING THE RENTER'S EMPOWERMENT AND NEIGHBORHOOD

3  TRANSPARENCY (RENT) ORDINANCE.

4      WHEREAS, a rental bill of rights is essential to protect the rights of tenants

5  and ensure fair housing practices; and

6      WHEREAS, tenants have a fundamental right to a safe, habitable, and

7  affordable living environment; and

8      WHEREAS, renters can be a vulnerable population as compared to

9  homeowners; and

10     WHEREAS, approximately 44% of Albuquerque households are renters;

11  and

12     WHEREAS, of that 44%, 58% are households with persons of color and 18%

13  of renter households report living below the poverty line; and

14     WHEREAS, 50% of renter households report spending more than 30% of

15  their income on rent, classifying them as rent-burdened; and

16     WHEREAS, landlords have a responsibility to provide adequate housing

17  and maintain properties in a condition that complies with applicable laws and

18  regulations; and

19     WHEREAS, a clear and comprehensive rental bill of rights can help to

20  prevent disputes and misunderstandings between tenants and landlords; and

21     WHEREAS, the absence of a comprehensive rental bill of rights may lead to

22  varied and sometimes unjust treatment of tenants, making it essential to

23  establish a unified framework to ensure fair and equitable rental practices for

24  renters in Albuquerque.

25  BE IT ORDAINED BY THE COUNCIL, THE GOVERNING BODY OF THE CITY OF

26  ALBUQUERQUE:

# CITY of ALBUQUERQUE
## TWENTY SIXTH COUNCIL

COUNCIL BILL NO. ___O-25-91___    ENACTMENT NO. _____

~~Joaquín Baca, by request~~

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

1          ORDINANCE
2   CREATING A NEW SECTION 9, IN ARTICLE 21, CHAPTER 14 ROA 1994, TO
3   ESTABLISH THE "PRESERVING ALBUQUERQUE THROUGH CRITICAL
4   HOUSING" (PATCH) PROGRAM TO PROVIDE STRUCTURAL HOUSING
5   REPAIRS TO INCOME-QUALIFIED HOMEOWNERS AND PRESERVE LONG-
6   TERM HOUSING STABILITY.
7   BE IT ORDAINED BY THE COUNCIL, THE GOVERNING BODY OF THE CITY OF
8   ALBUQUERQUE:
9       SECTION 1. A new Section 9, in Article 21, Chapter 14 ROA 1994 is added
10  as follows:
11  §14-21-9-1 SHORT TITLE. This article shall be known and may be cited as the
12  "PATCH Program Ordinance."
13  §14-21-9-2 PURPOSE. The purpose of this ordinance is to create and
14  administer a City-run housing rehabilitation program to provide income-
15  qualified homeowners with financial support to make critical health, safety,
16  and structural repairs. The program is designed to preserve long-term
17  homeownership, stabilize neighborhoods, and maximize the public benefit of
18  housing investment.
19  §14-21-9-3 DEFINITIONS.
20  OWNER OCCUPIED. A housing unit that serves as the legal primary residence
21  of the property owner.
22  LOW-INCOME. Household income at or below 80% of Area Median Income
23  (AMI), as defined and measured by HUD.
24  RESTRICITVE COVENANT. A recorded agreement requiring continued owner
25  occupancy for a defined number of years.

1

March 12, 2025

1
2

CITY OF SANTA FE, NEW MEXICO

BILL NO. 2025-04



3
4
5
6
7

Co███████████

8
9
10

A BILL

11 AMENDING ORDINANCE NO. 2024-6 TO APPROVE THREE INDIVIDUAL
12 LOAN AGREEMENTS WITH THE NEW MEXICO ENVIRONMENT
13 DEPARTMENT TO BE PAID WITH REVENUES FROM EACH SYSTEM,
14 RESPECTIVELY: (1) A WASTEWATER PROJECT LOAN AGREEMENT; (2) A
15 WATER PROJECT LOAN AGREEMENT; AND (3) A SOLID WASTE
16 COLLECTION PROJECT LOAN AGREEMENT; INCORPORATING
17 DEFINITIONS AND COVENANTS RELATING TO WASTEWATER, WATER,
18 AND SOLID WASTE SYSTEM DEBT OBLIGATIONS IN EACH LOAN
19 AGREEMENT, RESPECTIVELY, BY REFERENCE HEREIN; RATIFYING
20 PRIOR ACTION CONSISTENT WITH THE PROVISIONS HEREOF; AND
21 REPEALING PRIOR ACTION INCONSISTENT WITH THE PROVISIONS
22 HEREOF, BUT ONLY TO THE EXTENT OF SUCH INCONSISTENCY.

23     Capitalized terms used in the following preambles [are defined in Section 1 of this
24 Ordinance] have the same meaning as set forth in Section 1 of this Amendatory Ordinance, unless
25 the context requires otherwise.

10645.1                                  1

February 26, 2025

CITY OF SANTA FE, NEW MEXICO

BILL NO. 2025-04



A BILL

AMENDING ORDINANCE NO. 2024-6 TO APPROVE THREE INDIVIDUAL LOAN AGREEMENTS WITH THE NEW MEXICO ENVIRONMENT DEPARTMENT TO BE PAID WITH REVENUES FROM EACH SYSTEM, RESPECTIVELY: (1) A WASTEWATER PROJECT LOAN AGREEMENT, (2) A WATER PROJECT LOAN AGREEMENT; AND (3) A SOLID WASTE COLLECTION PROJECT LOAN AGREEMENT; INCORPORATING DEFINITIONS AND COVENANTS RELATING TO WASTEWATER, WATER, AND SOLID WASTE SYSTEM DEBT OBLIGATIONS IN EACH LOAN AGREEMENT, RESPECTIVELY, BY REFERENCE HEREIN; RATIFYING PRIOR ACTION CONSISTENT WITH THE PROVISIONS HEREOF; AND REPEALING PRIOR ACTION INCONSISTENT WITH THE PROVISIONS HEREOF, BUT ONLY TO THE EXTENT OF SUCH INCONSISTENCY.

Capitalized terms used in the following preambles [are defined in Section 1 of this Ordinance] have the same meaning as set forth in Section 1 of this Amendatory Ordinance, unless the context requires otherwise.

10645.1                                1

**Exhibit P**

**Affidavit of Michael Jackovich**

This affidavit contains sworn testimony from Michael Jackovich recounting a verbal

statement made by the City Clerk, acknowledging that sponsorship by a City Councilor is

required for proposed legislation to be placed on the City Council agenda.

## Affidavits Supporting Sponsorship Requirement

### Affidavit of Michael Jackovich

I, Michael Jackovich, being first duly sworn, hereby state as follows:

1. I am a resident of the City of Rio Rancho, New Mexico, and competent to make this affidavit.

2. On March 20 2025, I emailed Noel Davis, the City Clerk of Rio Rancho, (refer to the attachment) with a question regarding how to bring an issue before the Governing Body (GB) for consideration.

3. Specifically, I asked the City Clerk, 'What is the procedure to have a group or a citizen add an agenda item to the GB or an advisory board agenda so that a subject can be thoroughly discussed?'

4. The City Clerk responded via an email dated March 21 2025, (refer to the attachment), 'Please contact your City Councilor if you wish to discuss having an item brought before the Governing Body for discussion.  This process is outlined in the Rules of Procedure'

5. I understood this to mean that only a City Councilor could sponsor any item including legislation for consideration.

6. I offer this sworn statement to support the Verified Complaint in Corrine Rios et al. v. City of Rio Rancho, filed in the Thirteenth Judicial District Court, Sandoval County, New Mexico.

I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

Executed this 20 day of JUNE, 2025.
City of Rio Rancho, New Mexico

[Resident's Name]

Notarized:

Notary Public Janelle Borrego
My Commission Expires: 10/29/2028

JANELLE MARIE BORREGO
Notary Public
State of New Mexico
Comm. # 1131861
My Comm. Exp. Oct 29, 2028

Attachment to Michael Jackovich Affidavit Dated June 20 2025

RE: Governing Body and Advisory Board Agendas, Public Forums

---

From:  Clerk (clerk@rrnm.gov)

To:     mikejack@att.net; ndavis@rrnm.gov

Cc:     Clerk@rrnm.gov; ylucero@rrnm.gov

Date:  Friday, March 21, 2025 at 05:10 PM MDT

---

Good afternoon, Mr. Jackovich,

The Governing Body Rules of procedure are located on the City Website, they were adopted in December of 2023 (Final-Governing-Body-Rules-of-Procedure-Effective-December-26-2023). The rules define the length of time for each public comment.  Y

Please contact your City Councilor if you wish to discuss having an item brought before the Governing Body for discussion.  This process is outlined in the Rules of Procedure.

Thanks,

**Noel C. Davis**
*City Clerk*

---

**City of Rio Rancho | Office of the City Clerk**
**O:** 505.896-8708 **C:** 505.607.1388

RRNM.gov  |   

---

**From:** Michael Jackovich <mikejack@att.net>
**Sent:** Thursday, March 20, 2025 4:10 PM
**To:** Noel Davis <ndavis@rrnm.gov>
**Cc:** Clerk <Clerk@rrnm.gov>
**Subject:** Governing Body and Advisory Board Agendas, Public Forums

---

You don't often get email from mikejack@att.net. Learn why this is important

Ms Davis:

The City's rules regarding the Public Forum are unduly restrictive.

For example, why are citizens required to sign-in 15 minutes before the start of the meeting? I asked your predecessor Ms Martinez this question and never received a response.   This is especially annoying to citizens when the mayor and councilors (along with unelected bureaucrats) don't take their seats until a few minutes before the start of the meeting.  The perception is that we, the citizens, are peasants and the Mayor and Councilors are the Rulers.

Have you ever tried to make a point to a co-worker in 2 minutes or less?  Of course not.  Why can't the City return to the 3 minute limit that existed prior to 2023?  I read that the previous GB meeting lasted less than 30 minutes. Certainly the Mayor and Councilors (who are paid elected officials) along with the salaried managers can spare a few more minutes to hear the remarks of their citizens.

Yes, I am aware that Public Forums are not required by the state.  But the city public forums are just a façade to restrict citizen's right to free speech.

What is the procedure to have a group or a citizen add an agenda item to the GB or an advisory board agenda so that a subject can be thoroughly discussed?

Michael Jackovich

630-661-9038 (mobile)

## Exhibit Q

## Affidavit of Michelle (Suzanne) Brownell

This affidavit provides a sworn statement from Michelle (Suzanne) Brownell detailing meetings with Mayor Gregg Hull in which she sought sponsorship for Baby Box legislation. The testimony affirms that the Mayor was aware of the City's procedural requirement that a governing body member must sponsor legislation in order for it to be placed on the City Council agenda.

**AFFIDAVIT OF MICHELLE (SUZANNE) BROWNELL**

STATE OF NEW MEXICO
COUNTY OF SANDOVAL

I, Michelle (Suzanne) Brownell, being first duly sworn, hereby state as follows:

1. I am a resident of the City of Rio Rancho, New Mexico, and competent to make this affidavit.

2. In or around January 2022, I was in contact with the national Baby Box organization regarding their legislative initiative.

3. The Baby Box organization advised me that in order to bring a proposed Baby Box ordinance forward in Rio Rancho, I would need to obtain sponsorship from a member of the City Council or the Mayor.

4. Following that guidance, I approached the Mayor of Rio Rancho to request sponsorship for a Baby Box ordinance so it could be placed on the City Council meeting agenda.

5. After my initial contact with the mayor, and upon my follow up inquiry, the mayor said that there were liability issues and this halted the process. I cannot verify with the "liability issues" were that he was referring to.

6. I offer this sworn statement to support the Verified Complaint in Corrine Rios et al. v. City of Rio Rancho, filed in the Thirteenth Judicial District Court, Sandoval County, New Mexico.

I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

Executed this 17 day of June, 2025.
City of Rio Rancho, New Mexico

_Michelle Suzanne Brownell_

Michelle (Suzanne) Brownell

Notarized:
_Maya Apodaca_
Notary Public
My Commission Expires: 6-22-2027

MAYA ASHLEY APODACA
Notary Public
State of New Mexico
Comm. # 1140560
My Comm. Exp. Jun 22, 2027

**Exhibit R**

**Affidavit of Corrine Rios, Lead Plaintiff**

This affidavit contains sworn testimony from Corrine Rios, Lead Plaintiff, describing a meeting with Councilor Jeremy Lenentine, attended by several other residents, during which they formally requested his sponsorship of a proposed "Sanctuary City for the Unborn" ordinance. This meeting was not initiated by Corrine Rios, but rather she attended the meeting.

**AFFIDAVIT OF CORRINE RIOS**

STATE OF NEW MEXICO
COUNTY OF SANDOVAL

I, Corrine Rios, being first duly sworn, hereby depose and state as follows:

1. I am over the age of eighteen, competent to testify, and make this affidavit based on my personal knowledge unless otherwise stated.

2. I reside in Rio Rancho, Sandoval County, New Mexico.

3. I am the Lead Plaintiff in the above-captioned matter and a concerned resident of the City of Rio Rancho.

4. In January 2022, I attended a meeting with several other residents at the Starbucks located on Southern Boulevard in Rio Rancho, New Mexico. Present at that meeting was City Councilor Jeremy Lenentine.

5. The purpose of the meeting was to request Councilor Lenentine's sponsorship of proposed legislation known as the "Sanctuary City for the Unborn" ordinance, which we intended to introduce to the Rio Rancho City Council.

6. The fact that we requested his sponsorship demonstrates our understanding—and the City Councilor's understanding—that legislation must be sponsored by a member of the Governing Body in order to be formally considered by the Council.

I declare under penalty of perjury under the laws of the State of New Mexico that the foregoing is true and correct.

Executed on this 17th day of _June_, 2025.

**Corrine Rios** _Corrine Rios_
Affiant

Subscribed and sworn to before me this 17th day of _June_, 2025, by Corrine Rios.

**Notary Public** _Maya Apodaca_
My Commission Expires: _6-22-2027_

MAYA ASHLEY APODACA
Notary Public
State of New Mexico
Comm. # 1140560
My Comm. Exp. Jun 22, 2027

**Exhibit S**

**Procedural History in Related State Court Case**

*Corrine Rios, et al. v. City of Rio Rancho, Thirteenth Judicial District Court*

*(D-1329-CV-2025-01404)*

This exhibit contains:

1. Docket summary from the New Mexico Thirteenth Judicial District Court showing:

   o   Plaintiffs' Verified Complaint and Emergency Motion for Temporary Restraining Order filed on June 20, 2025;

   o   Motion to Expedite Hearing filed subsequently on June 20, 2025;

   o   Request for Immediate Ruling filed on June 30, 2025 (10:21 AM);

   o   Entry of Appearance by Defendant's counsel on June 30, 2025 (4:19 PM); and

   o   No ruling issued by the Court prior to July 1, 2025, when the challenged ordinances took effect.

This exhibit is submitted to demonstrate that:

- Plaintiffs exhausted available remedies in state court, but no relief was granted before the effective date of the contested ordinances;

D-1329-CV-202501404 - Wednesday, July 2, 2025

# Corrine Rios, et. al.,

## v.

# CITY OF RIO RANCHO

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1329-CV-202501404 | Perez, Christopher | 06/20/2025 | BERNALILLO District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | | PARTY # | PARTY NAME |
|---|---|---|---|---|
| D | Defendant | 1 | | CITY OF RIO RANCHO |
| | ATTORNEY: DEAKYNE ANDREW JOHN | | | |
| P | Plaintiff | 1 | | RIOS CORRINE |
| P | Plaintiff | 2 | | BROWNELL MICHELLE |
| P | Plaintiff | 3 | | GOSSELIN VICTORIA |
| P | Plaintiff | 4 | | ADAMS LINDA |
| P | Plaintiff | 5 | | DOOLEY CAROL |
| P | Plaintiff | 6 | | DOOLEY RICHARD |
| P | Plaintiff | 7 | | SCHLEIGEL DIANA |
| P | Plaintiff | 8 | | SCHLEIGEL DAVID |
| P | Plaintiff | 9 | | ZIEGLER HOLLY |
| P | Plaintiff | 10 | | ZIEGLER JEREMY |
| P | Plaintiff | 11 | | JACKOVICH MICHAEL J |
| P | Plaintiff | 12 | | RIOS PILO |
| P | Plaintiff | 13 | | MONTOYA JEAN |
| P | Plaintiff | 14 | | MONTOYA JOSE  JR |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 06/20/2025 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Miscellaneous |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| RIOS CORRINE | P | 1 |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 06/30/2025 | RESPONSE | | D | 1 | |
| | Defendant City of Rio Rancho's Response to Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction | | | | |
| 06/30/2025 | ENTRY OF APPEARANCE | | D | 1 | |
| | Entry of Appearance | | | | |
| 06/30/2025 | REQUEST | | P | 1 | |
| | Plaintiff's Request for Immediate Ruling on Emergency Motion for Temporary Restraining Order | | | | |
| 06/23/2025 | SUMMONS RETURN | | D | 1 | |
| | Summons Return- City of Rio Rancho upon Noel Davis, unavailable received by Kimberlymm Womack on 06/23/2025 | | | | |
| 06/23/2025 | SUMMONS RETURN | | D | 1 | |
| | Summons Return- City of Rio Rancho upon Noel Davis, unavailable received by Kimberlymm Womack on 06/23/2025 | | | | |
| 06/23/2025 | SUMMONS RETURN | | D | 1 | |
| | Summons Return- City of Rio Rancho upon Noel Davis, unavailable received by Kimberlymm Womack on 06/23/2025 | | | | |
| 06/23/2025 | SUMMONS RETURN | | D | 1 | |
| | Summons Return- City of Rio Rancho upon Noel Davis, unavailable received by Kimberlymm Womack on 06/23/2025 | | | | |
| 06/20/2025 | CERTIFICATE OF SERVICE | | D | 1 | |
| | Certificate of Service - City Clerk Noel Davis-for Motion to Expedite Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, and Proposed Order Granting Motion to Expedite Hearing | | | | |
| 06/20/2025 | REQUEST FOR HEARING/ SETTING | | P | 1 | |

D-1329-CV-202501404 - Wednesday, July 2, 2025

|  |  |  |  |
|---|---|---|---|
|  | Request for Hearing on Motion to Expedite Hearing on Motion for Temporary Restraining Order and Preliminary Injunction |  |  |
| 06/20/2025 | MTN: MOTION | P | 1 |
|  | Motion to Expedite Hearing on Motion for Temporary Restraining Order and Preliminary Injunction |  |  |
| 06/20/2025 | CERTIFICATE OF SERVICE | D | 1 |
|  | Certificate of Service - City Clerk Noel Davis for Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and Proposed Order Granting TeTemporary Restraining Order |  |  |
| 06/20/2025 | REQUEST FOR HEARING/ SETTING | P | 1 |
|  | Request for Hearing on Motion for Temporary Restraining Order and Preliminary Injunction |  |  |
| 06/20/2025 | MTN: MOTION | P | 1 |
|  | Motion for Temporary Restraining Order and Preliminary Injunction |  |  |
| 06/20/2025 |  |  |  |
| 06/20/2025 | OPN: COMPLAINT |  |  |
|  | Verified Complaint for Declatory Judgment and Injunctive Relief |  |  |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 06/20/2025 | Perez, Christopher | 1 | INITIAL ASSIGNMENT |

## Exhibit T

## City of Rio Rancho's Response in Thirteenth Judicial District Court Case

## Filed: June 30, 2025

### *Corrine Rios, et al. v. City of Rio Rancho D-1329-CV-2025-01234*

This exhibit includes the Defendant's formal legal response to Plaintiffs' Verified Complaint and Motion for Temporary Restraining Order filed in New Mexico District Court. In this filing, the City of Rio Rancho sets forth its official legal position regarding its legislative process and the enforceability of its Governing Body Rules of Procedure.

Key Excerpt – Page 7: (highlighted) "Violation of these rules does not invalidate action of the Governing Body."

The City further asserts that even if Plaintiffs' allegations of procedural violations are accepted, "the ordinances passed by the Governing Body would still not be invalidated."

**Summary of Relevance:**

This statement constitutes an official admission by the Defendant that the City does not consider its mandatory legislative procedures — including sponsorship and presentation by a member of the Governing Body — to be legally binding. Despite the Rules being publicly adopted and consistently enforced against residents, the City reserves the right to disregard them when passing ordinances through staff-driven processes. This position confirms the constitutional injury asserted by Plaintiffs: that laws may be enacted without accountability, in violation of due process and the fundamental principle of consent of the governed.

Accordingly, this document is submitted to the Court to demonstrate the need for federal judicial intervention under 42 U.S.C. § 1983.

This exhibit is submitted to demonstrate that:

- The Defendant has **admitted to and defended** the very practices that Plaintiffs challenge in this federal action;
- The City's **refusal to follow or enforce its own legislative procedures** has created an ongoing constitutional injury involving **procedural due process** and the **right of residents to consent to their government**.

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
~~AUDREY GARCIA~~
CLERK OF THE COURT
Gabriella Montoya

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT**

**CORRINE RIOS, MICHELE (SUZANNE) BROWNELL,**
**VICTORIA GOSSELIN, LINDA ADAMS, CAROL DOOLEY,**
**RICHARD DOOLEY, SHARON KING, DIANA SCHLEIGEL,**
**DAVID SCHLEIGEL, HOLLY ZIEGLER, JEREMY ZIEGLER,**
**MICHAEL JACKOVICH, PILO RIOS, JEAN MONTOYA, and**
**JOSE MONTOYA, JR.,**

       **Plaintiffs,**

**vs.**                                                              **D-1329-CV-2025-01404**

**CITY OF RIO RANCHO,**

       **Defendant.**

## DEFENDANT CITY OF RIO RANCHO'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendant City of Rio Rancho, by and through his undersigned counsel of record, GARCIA LAW GROUP, LLC (Bryan C. Garcia and Andrew Deakyne) in the above-entitled and numbered cause, hereby enters its Response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

## INTRODUCTION

As an initial matter, Defendant notes for the Court that "Lead Plaintiff, *pro se*" Corrine Rios appears to be representing the other Plaintiffs in violation of the New Mexico Supreme Court's rules on the unlicensed practice of law. However, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction should be denied as to both requests for relief. These requests are for an extreme remedy, and Plaintiffs' Complaint and Motion fail to carry their burden to establish the necessary elements for this relief. As Plaintiffs have not met their burden, denial of the motion and request for an expedited hearing is proper as a matter of law.

Page 1

## **ARGUMENT**

I.    **Plaintiffs' Request for a Temporary Restraining Order and Preliminary Injunction should be denied.**

Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction must be denied, given that the facts and circumstances alleged in Plaintiffs' Complaint do not meet the required elements for these extreme remedies. Further, given that Defendant City of Rio Rancho has now entered an appearance and offers a response to the arguments for a preliminary injunction, a temporary restraining order would be procedurally improper. *See Grisham v. Romero*, 2021-NMSC-009, ¶ 19, 483 P.3d 545 (describing the similarities and differences between a TRO and a preliminary injunction, and that a TRO "is designed to restrain the defendant for a brief period [prior to notice and], pending a hearing on an application for a preliminary injunction."). A TRO is "an extraordinary and drastic remedy, which must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain." *Id.* Both a TRO and an injunction require a plaintiff to show that (1) the plaintiff will suffer irreparable injury unless the injunction is granted; (2) the threatened injury outweighs any damage the injunction might cause the defendant; (3) issuance of the injunction will not be adverse to the public's interest; and (4) there is a substantial likelihood plaintiff will prevail on the merits. *Id.*, ¶ 20. Here, Plaintiffs' claims lack all of these essential elements.

### **A. Plaintiffs' have not shown that an irreparable injury will occur.**

While Plaintiffs' Complaint never describes the purposes, effects, or harms of the ordinances with which they take issue, Plaintiffs' Motion asserts that, "[t]hese ordinances will impose significant and ongoing financial burdens on residents…" Plaintiffs' Motion, p. 2. The Motion asserts that these ordinances will impose a lodger's tax, raise water utility rates, regulate

and tax on short-term rentals, and increase the pay that the mayor, city councilors, and municipal judges receive. *Id.* However, Plaintiffs make no assertions in their Complaint or in their Motion that they have personally been affected by any of these ordinances, or that any enforcement action against them is imminent. In this regard, Plaintiffs' have failed to fulfill their burden for a TRO. *See Grisham v. Romero*, 2021-NMSC-009, ¶ 22, 483 P.3d 545 (the movant for the injunction bears the burden of persuasion). Here, any injury Plaintiffs might suffer cannot be described as irreparable.

> The phrases "irreparable injury" and "no adequate and complete remedy at law" tend to overlap. An injury that is irreparable is without adequate remedy at law. Thus, an irreparable injury is an injury which cannot be compensated or for which compensation cannot be measured by any certain pecuniary standard. The injury must be actual and substantial, or an affirmative prospect thereof, and not a mere possibility of harm. It is not enough that the party seeking injunctive relief merely claim irreparable harm; he must come forth with evidence of the irreparability of his harm or inadequacy of any remedy.

*State v. City of Sunland Park*, 2000-NMCA-044, ¶ 19, 129 N.M. 151 (internal citations and quotations omitted).

Here, Plaintiffs do not offer evidence or arguments regarding how financial restitution would be an inadequate remedy should these ordinances ultimately be overturned. In this regard, Plaintiffs' allegations contrast with examples of actual irreparable harm. For example, irreparable harm can often be found following the loss of real property rights. *See Amkco, Ltd., Co. v. Welborn*, 2001-NMSC-012, ¶ 11, 130 N.M. 155. Plaintiffs' Complaint (p. 15) cites to *Garcia v. Vill. Of Tijeras*, a case wherein the plaintiffs challenged the constitutionality of an ordinance enacted by the Village of Tijeras that banned pit bulls. *See Garcia v. Vill. of Tijeras*, 1988-NMCA-090, 108 N.M. 116. While the dogs in question were going to be destroyed, the Court of Appeals ultimately found that the ordinance was constitutional as it was supported by public safety and provided notice and a hearing before the action. *See Garcia v. Vill. of Tijeras*, 1988-NMCA-090, ¶ 37, 108

N.M. 116. Here, contrary to these examples of the seizing of unique and irreplaceable personal property, any taxes collected improperly could be returned to the Plaintiffs with interest, making financial restitution an adequate remedy for any potential harm.[1]

### B. There is no threatened injury to outweigh the damage to The City.

Next, Plaintiffs' Complaint and Motion both fail to compare the potential harm they will suffer from the enactment of the ordinances against the damages that Defendant City of Rio Rancho will suffer if the TRO or injunction is issued. If this Court should enjoin the collection of any and all taxes stemming from the passing of these ordinances, the damages for the City will significantly outweigh the injury to the Plaintiffs. While the Plaintiffs make no specific allegations about the potential increase in taxes they each might pay, preventing the City of Rio Rancho from collecting these taxes from any member of the general public would have long-lasting fiscal impacts on the City's budget. Because the Plaintiffs request for an injunction extends well beyond their own tax liabilities and seeks to enjoin enforcement against every citizen in Rio Rancho, the harm resulting from the injunction would significantly outweigh the benefit to Plaintiffs.

### C. Enjoining the City's Ordinances is adverse to the public's interest

Plaintiffs' Motion simply cites *State ex rel. New Mexico Press Ass'n v. City of Las Cruces*, 2003-NMCA-005, for the proposition that public interest is served by ensuring the municipal laws are adopted with proper procedures. *See* Plaintiffs' Motion, p. 3. Plaintiffs' motion cites to Paragraph 29 of the opinion to support this notion; However, a review of this citation reveals that Plaintiff has misrepresented the case law, and the opinion has only 17 paragraphs in total. Instead of supporting the proposition for which it is cited, the vendor-neutral citation, 2003-NMCA-005,

---

[1] While Plaintiffs' recent *Request for Immediate Ruling on Emergency Motion for Temporary Restraining Order* asserted that taxes are "rarely refunded even if later deemed unlawful," this notion is unsupported by any authority whatsoever, and no argument is provided as to why a court-ordered return of taxes would be insufficient relief here.

Page 4

belongs to the case *In re Marlon C.*, 133 N.M. 142, a criminal domestic violence case that is wholly

inapplicable to the issues before this Court. Further, defense counsel was unable to locate and case

entitled *State ex rel. New Mexico Press Ass'n v. City of Las Cruces* and decided by our Court of

Appeals. This fictitious citation from Plaintiffs raises serious issues in this case.[2]

The New Mexico Supreme Court has been clear that "[a] case presents an issue of

substantial public interest if it involves a constitutional question or affects a fundamental right such

as voting." *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10,

283 P.3d 853. Here, there are no fundamental rights at issue, and the only constitutional questions

raised by Plaintiffs concern their procedural due process rights stemming from the requirements

for enacting ordinances. However, Plaintiffs do not necessarily have a constitutional due process

right to a statutory requirement, much less a right to the City following the Plaintiffs' strained

interpretation of the City's Rules of Procedure for enacting ordinances. *See State ex rel. Hughes v.

City of Albuquerque*, 1991-NMCA-138, ¶ 3, 113 N.M. 209 ("violation of a state law requiring

specific procedures does not necessarily constitute a violation of constitutional due process."); *see

also Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016) (citing *Olim v. Wakinekona*, 461 U.S. 238,

250 n.12, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983)) ("The existence of a state-mandated procedural

requirement does not, in and of itself, create a constitutionally protected liberty interest."). This

notion has been recently reaffirmed by the United States Supreme Court, which just this week

---

[2] Although New Mexico courts "regard pleadings from *pro se* litigants with a tolerant eye," *pro se* parties are "held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301. When an attorney or *pro se* party submits a pleading to the Court, his signature "constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief there is good ground to support it." Rule 1-011 NMRA. Fictitious citations are not "good ground" for support, and "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (citations omitted); *see also Sanders v. United States*, No. 24-cv-1301, 2025 U.S. Claims LEXIS 697, at *10 (Fed. Cl. Mar. 31, 2025) (discussing the recent "rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs" and collecting cases addressing AI hallucinations).

stated that, "[t]o prove that a statute secures an enforceable right, privilege, or immunity, and does not just provide a benefit or protect an interest, a plaintiff must show that the law in question 'clear[ly] and unambiguous[ly]' uses 'rightscreating terms.' In addition, the statute must display 'an unmistakable focus' on individuals like the plaintiff." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. ____, 2025 U.S. LEXIS 2492 (2025) (slip opinion). Absent any authority supporting that Plaintiffs have a constitutional right in the minutia of requirements with which they take issue in the City's Rules of Procedure, Plaintiffs have failed to carry their burden for this element. *See Valerio v. San Mateo Enters.*, 2017-NMCA-059, ¶ 25, 400 P.3d 275 (*citing In re Adoption of Doe*, 1984-NMSC-024, ¶ 2) (absent proper authority supporting a legal contention, the court may presume none exists).

### D. Plaintiffs are not likely to succeed on the merits of their claims.

Lastly, Plaintiffs are not substantially likely to prevail on the merits of their claims here, as their interpretation of the Governing Body Rules of Civil Procedure is incorrect and relies on false legal conclusions. As a starting point, Courts should interpret statutes and rules of procedure as a whole, and each provision should be considered in relation to every other part. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 15, 309 P.3d 1047. Courts use the plain language as the primary indicator of intent. *Id.* Lastly, Courts should avoid interpretations that render some of the language contained therein superfluous. *Id.*, ¶ 24 (citing *Katz v. N.M. Dep't of Human Servs., Income Support Div.*, 1981-NMSC-012, ¶ 18).

Plaintiffs' Motion argues that their claim has a high likelihood of success, and offers a quote in support of the notion purportedly from the case *LaBalbo v. Hymes*, 1993-NMCA-010; however, Plaintiffs' Motion again appears to be based entirely on a spurious citation and quote that defense counsel has been unable to locate within that case or anywhere in New Mexico law.

*See* Plaintiffs' Motion, p. 2. These fictious quotes do not offer good grounds in support of Plaintiffs' argument. Plaintiffs also neglect to identify any language requiring that all ordinances be sponsored by a Governing Body member in the City's Rules of Procedure. Plaintiffs' blanket legal conclusions to the contrary are cherry-picked and ignore the permissive language in the sections immediately preceding the language on which they so heavily rely. Specifically, Plaintiffs ignore the language from Section 2.1(B), which begins by stating that, "[a] Governing Body member **may** request through the City Manager the drafting of an ordinance or resolution by City Staff for placement on a meeting agenda…" (emphasis added). While this type of request from a Governing Body member leads to a requirement that a Legislation Drafting Form be submitted and a sponsor of the legislation be identified, **there is no requirement anywhere in the Rules of Procedure that the drafting of all ordinances must be performed in this way.** *See* City of Rio Rancho Governing Body Rules of Procedure, Section 2.1. While this was explained to Plaintiffs by the City Attorney for the City of Rio Rancho, Josh Rubin, Plaintiffs nonetheless appear to willfully ignore this permissive language and the dichotomy it creates. *See* Plaintiffs' Complaint, Exhibit H (explaining that the City Manager is permitted to place items on the agenda, including the suggestion of ordinances, pursuant to the City's Charter and Municipal Code Section 31.19(C)(h)).

[redacted]

Plaintiffs' blanket legal conclusion that ordinances must be sponsored by a Governing Body member is also belied by other language in the City's Rules of Procedure. Section 2.1(C) is

cited numerous times by Plaintiff; however, Plaintiff ignores that the rule begins with, "[w]hen a proposed ordinance or resolution is produced and/or provided by a Governing Body member, and lacks City staff document drafting...the proposed ordinance...shall be placed on a work session meeting agenda..." This language regarding the prerequisite that an ordinance needs to be submitted by a Governing Body member before requiring that it be placed on a meeting agenda would be rendered superfluous under Plaintiffs' strained interpretation of these Rules of Procedure.

Plaintiffs' due process claims will fail for several other reasons. As discussed above in Section C, Plaintiffs due process rights do not include the minutia of requirements laid out in the City's Rules of Procedure. The simple fact that a statute, regulation, or rule lays out a requirement does not automatically give rise to constitutional rights or viable constitutional claims. Further, a procedural due process claim has two steps: first, identify a state-created substantive right at stake that triggers due process, then second, determine how much process is required to avoid erroneous deprivation. *See Starko, Inc. v. Gallegos*, 2006-NMCA-085, ¶ 18, 140 N.M. 136. Here, even if the Court identifies a due process right, an adequate level of process was provided. Generally, due process requires notice and some kind of hearing to occur prior to the state depriving a person of a protected interest. *Id.* Plaintiffs do not claim a right to notice, a hearing, or an impartial fact finder, and instead, they seek to elevate the violation of a rule of procedure to a constitutional violation. *See Id.*, ¶ 26 (refusing to elevate statutory requirements to constitutional violations).

Plaintiffs' Complaint also seeks to assert a violation of their right to a representative government. *See* Complaint, p. 7. However, again, Plaintiffs make no factual allegations that could support that they have not been provided their constitutional right to a representative government. They do not allege that they have been denied the right to vote for City Councilors, that the City Council did not vote on the passed ordinances, or that proper notice of the ordinances was not

provided. Plaintiffs' misapplication of the City's Rules of Procedure here does not give rise to any substantive right triggering any further process or representation.

Further, any constitutional injury regarding the lack of a sponsor on a City ordinance would not be particularized to Plaintiffs, and therefore, would be unviable as a matter of law here. Absent this concrete and particularized injury to Plaintiffs, their claims are not legally cognizable due to a lack of necessary standing. *See e.g., ACLU of N.M. v. City of Albuquerque,* 2007-NMCA-092, 142 N.M. 259; *see also Forest Guardians v. Powell,* 2001-NMCA-028, ¶ 24, 130 N.M. 368 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560). To satisfy this standing requirement, a plaintiff must have suffered an injury in a personal and individual way. *See Forest Guardians v. Powell,* 2001-NMCA-028, ¶ 24, 130 N.M. 368. Absent this injury in fact, Plaintiffs claims lack the required ripeness to be brought before this Court, and the Court should avoid answering unripe questions to conserve judicial resources for problems that are both real and imminent. *See Public Serv. Co. v. N.M. Public Serv. Comm'n*, 1991-NMSC-018, ¶ 25, 111 N.M. 622.

## CONCLUSION

Plaintiffs' request for a TRO and a preliminary injunction should be denied. The facts contained in Plaintiffs' Complaint fail to make the necessary showing warranting these extreme remedies. No imminent and irreparable harm is ever identified, the damage in granting the injunction is greater, the injunction does not serve the public interest, and Plaintiffs are not likely to succeed on the merits here. Plaintiffs' procedural due process claims do not meet the applicable standards, and the Plaintiffs lack a concrete and particularized injury necessary to provide standing. For all of these reasons, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction should be denied.

Respectfully submitted,

*/s/ Andrew Deakyne*
Bryan Garcia
Andrew Deakyne
GARCIA LAW GROUP, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
505-629-1576
bgarcia@garcialawgroupllc.com
adeakyne@garcialawgroupllc.com
*Attorneys for Defendant City of Rio Rancho*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was submitted for filing and electronic delivery through the Odyssey system on this 30th day of June 2025, which caused service to all individuals registered to receive electronic filings, and courtesy copies were also mailed out on July 1st, 2025, to:

Corrine Rios
6909 Japura Ct. NE
Rio Rancho, NM 87144

Michelle (Suzanne) Brownell
508 5th St. NE
Rio Rancho, NM 87124

Victoria Gosselin
3205 22nd Ave. SE
Rio Rancho, NM 87124

Linda Adams
1717 33rd St. SE
Rio Rancho, NM 87124

Carol Dooley and Richard Dooley
7201 Spruce Mt. Loop
Rio Rancho, NM 87124

Diana Schleigel and David Schleigel
821 Ivory Ct. SE
Rio Rancho, NM 87124

Holly Ziegler and Jeremy Ziegler
2024 Alama Dr. NE
Rio Rancho, NM 87124

Michael Jackovich
6751 Silver Creek Dr. NE
Rio Rancho, NM 87144

Pilo Rios
6909 Japura Ct. NE
Rio Rancho, NM 87144

Jean Montoya and Jose Montoya, Jr.
511 Summer Winds Dr. SE
Rio Rancho, NM 87124

*/s/ Andrew Deakyne*
Andrew Deakyne

Page 10

**EXHIBIT U**

**Timestamped Filing of Request for Immediate Ruling on Emergency Motion**

This exhibit contains a timestamped filing of Plaintiffs' Request for Immediate Ruling on their Emergency Motion for Temporary Restraining Order. It is submitted to demonstrate that Plaintiffs diligently pursued every available remedy in state court but were left without judicial protection. The lack of timely action by the state court compelled Plaintiffs to seek urgent relief in federal court.

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANDOVAL**
**STATE OF NEW MEXICO**

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County

AUDREY GARCIA
CLERK OF THE COURT
Chavez, Sylvana

**CORRINE RIOS, et al.,**
Plaintiffs,
v.
**CITY OF RIO RANCHO,**
Defendant.

Case No. D-1329-CV-202501404

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs respectfully request an immediate ruling on their pending Motion for Temporary Restraining Order and Preliminary Injunction, filed on June 20, 2025 and supported by the Verified Complaint, exhibits, and Motion to Expedite Hearing.

The motion seeks to enjoin the enforcement of Ordinances 05, 07, and 022, which are scheduled to take effect on **July 1, 2025** and Ordinances 018 and 08 which are scheduled to take effect on **July 1, 2026.** If no ruling is issued before that date, Plaintiffs and the public will suffer **irreparable harm,** as enforcement will proceed under ordinances enacted in violation of the City of Rio Rancho's mandatory legislative procedures.

**Statement of Imminent and Ongoing Harm**

**Ordinance O005 (Lodgers' Tax):** Imposes a 5% tax on short-term rentals, causing financial harm to property owners. Such losses are likely permanent, as taxes are rarely refunded even if later deemed unlawful.

**Ordinance O007 (Water Rate Increases):** Raises water rates and authorizes automatic increases for five years, impacting all residents. These escalating costs were imposed through an invalid process and will begin July 1, 2025. Such losses are likely permanent, as taxes are rarely refunded even if later deemed unlawful.

**Ordinance O022 (Short-Term Rental Regulation):** Imposes fees totaling over $400 per property and authorizes taxpayer funding for two new city staff positions ($208,000) and a third-party vendor ($35,000). Application Fees began being collected on **May 15, 2025,** without lawful sponsorship. Such losses are likely permanent, as taxes/fees are rarely refunded even if later deemed unlawful.

**Ordinances O018 and O008 (Salary Increases):** Take effect **July 1, 2026,** and use taxpayer money to increase elected officials' salaries and provide an automatic 8% COLA every four years for mayor and city council members, enacted without valid legislative sponsorship. Such losses are likely permanent, as taxes are rarely refunded even if later deemed unlawful.

None of these ordinances identify a Governing Body sponsor in the official record, leaving residents with **no means of holding anyone accountable.** This ongoing pattern of procedural violations undermines due process and the principle of consent of the governed. Judicial intervention is urgently needed to prevent unlawful enforcement and further irreparable harm.

Plaintiffs respectfully request a ruling no later than **June 30, 2025.**

Respectfully submitted,

Corrine Rios
Lead Plaintiff, pro se
On behalf of all Plaintiffs
505 339 8311
p_crios@hotmail.com