# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CORRINE RIOS *et al.*,

    Plaintiffs,

v.                                                        No. 1:25-cv-00631-SMD-JHR

CITY OF RIO RANCHO,

    Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND NOTICE REGARDING CASE MANAGEMENT

*Pro se* Plaintiffs move for a Temporary Restraining Order ("TRO"), preliminary injunction and permanent injunction against Defendant City of Rio Rancho "to halt the enforcement of Ordinances 05, 07, 08, 018, and 022, which were enacted in violation of mandatory legislative procedures and constitutional guarantees of due process and representative governance." Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, Doc. 4, filed July 3, 2025 ("Motion for TRO"). Plaintiffs also ask the Court to expedite the hearing on their Motion for TRO. *See* Motion to Expedite Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 6, filed July 3, 2025 ("Motion for Expedited Hearing').

    The Court denies Plaintiffs' Motion for a TRO.

    The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

    **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Motion does not certify any efforts Plaintiffs made to give notice of the Motion for TRO to Defendant or any reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b) advisory committee's note to 1948 amendment ("In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted"). Plaintiffs filed an "Information Sheet for T.R.O." using the Court's form. *See* Information Sheet for T.R.O., Doc. 5, filed July 3, 2025. The form prompts plaintiffs to provide the name and phone number of Defendant's attorneys, to indicate whether the opposing party and their attorneys have been notified, and if they have not, to indicate why not. Plaintiffs provided the names of Defendant's attorneys and their phone number but did not indicate whether they notified Defendant or its attorneys of the Motion for TRO and why they did not notify them. *See* Information Sheet for T.R.O. at 1. Because it is denying Plaintiffs' Motion for TRO, the Court denies Plaintiffs' Motion for Expedited Hearing on their Motion for TRO.

The Clerk of Court issued a summons as to Defendant City of Rio Rancho on July 10, 2025, and re-issued the summons on July 21, 2025. Plaintiffs may file a motion for a preliminary injunction after Defendant has been served.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions

including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, Doc. 4, filed July 3, 2025, is **DENIED.**

(ii) Plaintiffs' Motion to Expedite Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 6, filed July 3, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**

4