IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CORRINE RIOS** *et al.*,

    Plaintiffs,

v.                                                  No. 1:25-cv-00631-SMD-JHR

**CITY OF RIO RANCHO,**

    Defendant.

**OMNIBUS MEMORANDUM OPINION AND ORDER TO SHOW CAUSE, STRIKING WITHOUT PREJUDICE PLAINTIFFS' IMPROPER FILINGS [DOCS. 17, 19, 20, 25, 34], AND FINDING AS MOOT PLAINTIFF'S REMAINING MOTIONS [DOCS. 27, 35, 42] AND DEFENDANT'S MOTION TO STRIKE [DOC. 32].**

THIS MATTER comes before the Court *sua sponte* regarding Plaintiffs' compliance with filing requirements and the Federal Rules of Civil Procedure. For the reasons below, the Court STRIKES WITHOUT PREJUDICE Plaintiffs' motions for preliminary injunction and hearing, as well as their notices of supplemental authority. [Docs. 17, 19, 20, 25]. The Court FINDS AS MOOT Defendant's Motion to Strike [Doc. 32] and Corrine Rios's motions for a hearing, clarification, and leave to file a sur-response to the motion to strike [Docs. 27, 35, 42]. The Court ORDERS Plaintiffs to either enter their appearances for the case and provide service information, retain an attorney to represent them, or show cause why they cannot do so within twenty-one (21) days of this Order.

        **I.**         **PROCEDURAL BACKGROUND**

On July 3, 2025, Plaintiff Corrine Rios filed a pro se complaint on behalf of herself and fourteen other pro se Plaintiffs: Michelle Suzanne Brownell, Victoria Gosselin, Carol Dooley, Richard Dooley, Diana Schlegel, David Schlegel, Holly Ziegler, Pilo Rios, Jean Montoya, Jose Montoya, Jr., Michael Jackovich, Jeremy Ziegler, Sharon King, and Linda Adams. [Doc. 1].

Corrine Rios alleged that Defendant, the City of Rio Rancho, had systematically violated Plaintiffs' due process rights by adopting ordinances without lawful procedure. *Id.* Corrine Rios filed a motion for a temporary restraining order and preliminary injunction on behalf of Plaintiffs, as a well as a motion for an expedited hearing. [Docs. 4, 6].

Corrine Rios's complaint lacked the signatures of the fourteen other pro se Plaintiffs. On July 7, 2025, the Court ordered all Plaintiffs to sign the complaint and the motions for temporary restraining order and expedited hearing. [Doc. 7]. On July 10 and 24, 2025, Corrine Rios filed the signatures for the following ten Plaintiffs: Michelle Suzanne Brownell, Victoria Gosselin, Carol Dooley, Richard Dooley, Diana Schlegel, David Schlegel, Holly Ziegler, Pilo Rios, Jean Montoya, and Jose Montoya, Jr. [Docs. 10, 14]. Plaintiffs Michael Jackovich, Jeremy Ziegler, Sharon King, and Linda Adams did not sign. Corrine Rios instead filed a Notice of Voluntary Dismissal of Certain Plaintiffs on July 7, 2025, stating these four Plaintiffs wished to withdraw. [Doc. 8].

On July 22, 2025, the Court denied Plaintiffs' motions for a preliminary injunction and hearing. [Doc. 15]. Two days later, Corrine Rios filed a new motion for a preliminary injunction on behalf of herself, Pilo Rios, Victoria W. Gosselin, Diana Schlegel, David Schlegel, Holly Ziegler, and Michelle Suzanne Brownell. [Doc. 17, at 3–4]. Corrine Rios stated the "motion is submitted only by the Plaintiffs whose signatures appear . . . [o]ther named Plaintiffs in the case have not joined this motion but remain parties to the action." *Id.* at 3. On July 28, 2025, Corrine Rios filed a motion for a hearing on the new motion for a preliminary injunction, submitted on behalf of all Plaintiffs but with only her signature. [Doc. 19]. On July 30, 2025, Rio Rancho filed a motion to dismiss and motion for recovery of costs, arguing Plaintiffs were engaging in vexatious litigation and using spurious case law in their complaint. [Docs. 21, 22]. Corrine Rios continued

2

to file on behalf of all Plaintiffs without their participation or signatures, including two notices of supplemental authority. [Docs. 20, 25].

On August 12, 2025, Corrine Rios filed a second motion requesting a hearing on the Plaintiffs' new motion for a preliminary injunction. [Doc. 27]. On August 15, 2025, Rio Rancho moved to strike Corrine Rios's notices of supplemental authority and motion for a hearing. [Doc. 32]. On August 20, 2025, Corrine Rios filed a notice requesting the Court to voluntarily dismiss the Carol and Richard Dooley from the suit. [Doc. 34]. The same day, Corrine Rios filed a motion asking the Court to prohibit Rio Rancho from serving future filings on Linda Adams, Sharon King, Jeremy Ziegler, Michael Jackovich, Carol Dooley, and Richard Dooley. [Doc. 35]. After the parties completed briefing on Rio Rancho's motion to strike, Corrine Rios filed a motion seeking leave to file a sur-reply. [Doc. 42].

## II.     APPLICABLE LAW

In federal court, plaintiffs can only litigate their cases personally or by an attorney. Fed. R. Civ. P. 17(a); *see also* 28 U.S.C. § 1654. Because of this rule, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). If a plaintiff's claims are being litigated by someone who is not an attorney, and no exception recognized by law applies, then the court may dismiss the action if the plaintiff does not begin participating in the lawsuit personally. *See* Fed. R. Civ. P. 17(a)(3). Courts can also strike filings that violate this rule. *See Bunn v. Perdue*, 966 F.3d 1094, 1100 (10th Cir. 2020).

In addition, every plaintiff must sign every filing made on her behalf, either personally or through an attorney. *See* Fed. R. Civ. P. 11(a). Thus, if a plaintiff is proceeding without an attorney, she must personally sign each and every document in the lawsuit which is filed in her name. If a

plaintiff does not sign a filing in her name and fails to correct the mistake, the court must strike the filing. *Id.* The court can also sanction the plaintiffs who failed to sign the filing, including requiring them to pay the defendant's attorney fees related to the mistake. *Id.* 11(c)(4).

### III.    ANALYSIS

Corrine Rios, as a non-attorney, cannot file documents in this case on behalf of the other Plaintiffs without their personal participation and signatures. *Fymbo*, 213 F.3d at 1321; Fed. R. Civ. P. 11(a). Corrine Rios has repeatedly failed to comply with this rule. Relevant to this Order, Corrine Rios has filed the following documents on behalf of Plaintiffs, either some or all of them, without their participation or signatures:

- Request for Hearing on Plaintiffs' Motion for Preliminary Injunction [Doc. 19].

- Notice of Supplemental Authority [Doc. 20].

- Notice of Supplemental Authority in Opposition to Defendant's Motion for Recovery of Costs and Admonishment [Doc. 25].

- Notice to the Court regarding Plaintiffs Richard Dooley and Carol Dooley [Doc. 34], which includes the following request over no one's signature but Rios's: "Plaintiffs respectfully request that the Court enter an order dismissing Richard Dooley and Carol Dooley as parties to this action."

With respect to Plaintiffs' new motion for a preliminary injunction filed on July 24, 2025, [Doc. 17], Corrine Rios did specify the motion was only filed on behalf of the Plaintiffs who signed it. *Id.* at 4. However, the motion still suffers from the broader issue. No Plaintiff except Corrine Rios has personally entered this case and provided contact information to enable service of the filings in this case. For that reason, it appears no Plaintiff except Corrine Rios has actually participated in the drafting and filing of documents submitted on behalf of all Plaintiffs. This is not permitted. Fed. R. Civ. P. 7(a); 28 U.S.C. § 1654.

### IV.    CONCLUSION AND ORDERS

For the reasons above, the Court issues the following ORDERS:

4

The Court **STRIKES WITHOUT PREJUDICE** Plaintiffs' Motion for Preliminary Injunction [Doc. 17] and Request for Hearing on Plaintiffs' Motion for Preliminary Injunction [Doc. 19], as well as Corrine Rios's Notices of Supplemental Authority [Docs. 20, 25] and Notice to the Court regarding Plaintiffs Richard Dooley and Carol Dooley [Doc. 34].

As a result of these strikes, the Court **FINDS AS MOOT** Corrine Rios's Motion to Set Hearing on Pending Motion for Preliminary Injunction [Doc. 27], Rio Rancho's Motion to Strike [Doc. 32], Corrine Rios's Motion for Clarification Regarding Service on Terminated Plaintiffs [Doc. 35], and Corrine Rios's Motion for Leave to File Sur-Response to Defendant's Reply in Support of Motion to Strike [Doc. 42].

Finally, the Court **ORDERS** all pro se Plaintiffs who wish to continue participating in this lawsuit to enter this case and submit contact information to the Court—mailing address, email address, and telephone number—for service of this case's filings. Corrine Rios **MAY NOT** file this information herself, even if she has the permission and signatures of the other Plaintiffs. In the alternative, Plaintiffs may retain an attorney to enter this case on their behalf.

The Court **ORDERS** that Plaintiffs must either enter this case and submit contact information, retain an attorney to enter the case for them, or show cause why they are unable to do so within **twenty-one (21) days** of this Order. A Plaintiff's failure to comply with this Order will result in a recommendation to Presiding District Judge Sarah Davenport to dismiss that Plaintiff's claims without prejudice.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

5