### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**CORRINE RIOS, *et al.*,**

    **Plaintiffs,**

**v.**                                                                    **No. 1:25-cv-00631-SMD-JHR**

**CITY OF RIO RANCHO,**

    **Defendant.**

### ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on Defendant City of Rio Rancho's Motion to Dismiss (Doc. 22). Also before the Court are Plaintiffs' Motion for Leave to Supplement Response in Opposition (Doc. 55), Defendant's Motion for Recovery of Costs (Doc. 21), and Defendant's Motion for Sanctions (Doc. 59). The Court grants Plaintiffs' Motion for Leave to Supplement Response, and denies Defendant's Motion for Recovery of Costs and Motion for Sanctions. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Motion to Dismiss is granted.

### BACKGROUND

This case arises out of several ordinances passed by the City of Rio Rancho in recent years. Plaintiffs are residents of Rio Rancho who allege that the City violated its own procedural requirements by failing to identify a sponsor for proposed legislation in City Council agendas, meeting minutes, and signed ordinances. While it is difficult to discern the precise claims, Plaintiffs ultimately seek to enjoin enforcement of five City ordinances as unlawfully enacted. Plaintiffs challenge Ordinance O5, which imposes a lodger's tax on short-term rental stays; Ordinance O7, which adjusts water and wastewater rates; Ordinance O8, which concerns

municipal judge salaries; Ordinance O18, which concerns mayor and city councilor salaries; and Ordinance O22, which regulates short-term rentals.[1]  *See* Doc. 1 ¶ 30, Ex. C.

In June 2025, Plaintiffs filed a complaint and motion for temporary restraining order in the 13th Judicial District Court, seeking to enjoin enforcement of the challenged ordinances.  They now seek federal judicial intervention because the state court did not issue a ruling prior to certain of the challenged ordinances going into effect.  The complaint contains two counts: Count I asserts violations of Plaintiffs' procedural due process rights under the Fourteenth Amendment; Count II asserts violations of the principle of consent of the governed.

The City moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  The City argues that Plaintiffs' attempt to enjoin enforcement of tax ordinances is barred by the Tax Injunction Act; that Plaintiffs' claims rely on an misinterpretation of the Governing Body Rules of Civil Procedure and the complaint fails to allege an actual violation by the City; that Plaintiffs cannot allege a constitutional violation even if the City failed to follow the Governing Body Rules of Civil Procedure; and that Plaintiffs lack standing to bring this action.

## LEGAL STANDARDS

Defendant first moves to dismiss for lack of jurisdiction.  Subject matter jurisdiction is analyzed under Fed. R. Civ. P. 12(b)(1).  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A Rule 12(b)(1) motion may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations in the complaint and challenge the facts upon which subject matter jurisdiction is based.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221,

---

[1] Plaintiffs also attach "randomly selected ordinances from 2022, 2023, and 2024" (*see* Doc. 1, Ex. B), alleging the City similarly failed to comply with the required procedures in passing these ordinances.  However, Plaintiffs state that they are not seeking injunctive or compensatory relief with respect to these ordinances.  *See* Doc. 1 ¶ 23 ("Plaintiffs seek to invalidate only three recently enacted ordinances that are actively being enforced after enforcement date of July 1,2025 [and] two ordinances that will be effective July 1, 2026 […] While hundreds of similarly flawed ordinances have been identified, Plaintiffs are not seeking to overturn them all, recognizing the complexity and potential disruption such action could cause.").

1225 (10th Cir. 2001).  Where the moving party raises a facial attack on the allegations of subject matter jurisdiction, the Court presumes the allegations contained in the complaint to be true.  *Ruiz*, 299 F.3d at 1180.

Defendant also seeks to dismiss this case under Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim that fails to meet this standard must be dismissed. *See Twombly*, 550 U.S. at 570.

The sufficiency of a complaint is a question of law. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In resolving a Rule 12(b)(6) motion, the Court must accept all well-pled factual allegations as true, view them in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The Court's review is generally confined to the four corners of the pleading.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  However, the Court need not accept conclusory or unsupported allegations.  *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).  Rather, the complaint must provide "reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Finally, when a party proceeds pro se, the Court construes that party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by

3

lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can reasonably read the pleadings to state a valid claim on which a pro se plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, or unfamiliarity with pleading requirements. *Id.* The Court does not, however, assume the role of advocate for the pro se litigant, and pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. *Id.*; *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## DISCUSSION

Rule 12(b)(1)

The City first challenges this Court's jurisdiction to hear Plaintiffs' claims. The Tax Injunction Act, 28 U.S.C. § 1341, provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Tax Injunction Act is meant to curtail federal court review of state and local taxation dramatically. *See California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982). In most cases, the "plain, speedy and efficient" state court remedy is easy to identify—for the Act's jurisdictional bar to apply, a state court need only "provid[e] the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515–16 n.19 (1981). This prohibition applies to local taxes as well as state taxes. *See, e.g.*, *Folio v. City of Clarksburg*, 134 F.3d 1211 (4th Cir. 1998) (holding Tax Injunction Act applied to city fire protection service fee). With limited exceptions, federal courts are "under an equitable duty to refrain from interfering with a State's collection of its revenue" in light of "the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976).

Plaintiffs argue that the Tax Injunction Act only applies to a challenge of an "assessment, levy or collection." *See* Doc. 24 at 1. On one hand, Plaintiffs aver in their response to the motion to dismiss that they seek "prospective declaratory and injunctive relief against the **City's unlawful legislative practices, not a refund or challenge to the amount or rate of tax itself.**" *See id.* On the other hand, Plaintiffs allege that the "challenged ordinances are already imposing real, tangible harm" and that Plaintiffs "are being forced to pay taxes and fees that were unlawfully enacted." *See* Doc. 1 ¶ 61. Plaintiffs also seek to supplement the record with allegations that Ordinance O7—concerning water rates—was prematurely enforced against at least one Plaintiff, Corrine Rios. *See* Doc. 53, Doc. 55. The complaint seeks not only a permanent injunction against the enforcement of all challenged ordinances, but an order that the City of Rio Rancho "**refund all taxes fees, and charges** collected pursuant to Ordinances 05, 07, 022." *See* Doc. 1 ¶ 24. Thus, even under Plaintiffs' interpretation of § 1341, the Court determines that Plaintiffs appear to challenge at least some taxes assessed or collected by the City. The relevant inquiry is therefore whether Plaintiffs had a plain, adequate, and complete remedy under state law to correct an erroneous decision and raise any alleged violations of their federal rights.

Plaintiffs assert they were "left without recourse or timely judicial intervention" because the 13th Judicial District Court did not issue a ruling on Plaintiffs' motion for a temporary restraining order prior to the effective date of certain challenged ordinances. *See* Doc. 1 ¶ 55. Plaintiffs argue that "[i]njunctive relief is now necessary to address ongoing procedural violations" (*see* Doc. 24 at 2), but do not explain why they cannot pursue the same injunctive relief in state court. Indeed, Plaintiffs indicate in their response to the motion to dismiss that they moved to dismiss their state court action in order to file this action in federal court. *See* Doc. 24 at 10.

Plaintiffs' voluntary dismissal of their case in the 13th Judicial District Court does not establish that there was no adequate remedy under state law.

Rule 12(b)(6)

The City also moves to dismiss for failure to state a claim.  In Count I, Plaintiffs allege that the enactment of the challenged ordinances violated their rights to procedural due process. Plaintiffs have not stated a claim upon which relief may be granted.  Long ago, "the Supreme Court held that constitutional procedural due process does not govern the enactment of legislation." *Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 838 F.3d 1039, 1045–46 (10th Cir. 2016) (citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915)).  In *Bi-Metallic*, the Colorado Tax Commission and the State Board of Equalization had ordered a 40% increase in the valuation of all taxable property in Denver, and the plaintiff sued to enjoin enforcement of the order on the ground that it had been denied its due process right to be heard. *See* 239 U.S. at 443– 44.  The Supreme Court held that a hearing was not constitutionally required for each affected landowner before the increase was adopted, explaining that the public had other means of influencing legislative decisions:

> Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule.

*Id.* at 455.  The Supreme Court later explained in *United States v. Locke*:

> In altering substantive rights through enactment of rules of general applicability, a legislature generally provides constitutionally adequate process simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements.

471 U.S. 84, 108 (1985). This is sufficient to foreclose Plaintiffs' procedural due process claim.

Violation of state or local procedural requirements does not in itself deny federal constitutional due process or alter the legislative nature of the act. *See Norton v. Vill. of Corrales*, 103 F.3d 928, 930 (10th Cir. 1996) ("[T]he result of error in the administration of state law [the failure to properly publish an ordinance], though injury may result, is not a matter of federal judicial cognizance under the due process clause of the fourteenth amendment.") (internal quotations omitted). In *Onyx*, the Tenth Circuit considered a challenge by property owners who alleged that the county board of commissioners violated their procedural due process rights by failing to follow state-required enactment procedures prior to a zoning change. 838 F.3d at 1044. The Tenth Circuit rejected the property owners' attempts to cast doubt on the legislative nature of zoning decisions, noting that the plaintiffs "[did] not argue that the [changes] were targeted at them or that the [changes] were not generally applicable statements of county policy regarding development." *Id.* at 1048.

Here, Plaintiffs similarly do not allege that the challenged ordinances were anything other than generally applicable. To the contrary, Plaintiffs reiterate that they challenge the City's process in enacting the ordinances, and allege that they have been harmed as "residents, voters, and taxpayers of the City of Rio Rancho." *See* Doc. 24 at 7. To the extent Plaintiffs identify violations of the Governing Body Rules of Procedure or other local requirements—which the City disputes— this does not give rise to a constitutional procedural due process violation. *See Onyx*, 838 F.3d at 1048.

In Count II, Plaintiffs allege a violation of the principle of consent of the governed. This arises from the same underlying allegations that the City failed to follow its own procedures, and Plaintiffs fail to state a claim upon which relief may be granted. Plaintiffs argue that they were

"denied the ability to know who sponsored the laws or to engage their elected officials meaningfully," and by failing to identify sponsors for each ordinance, the City prevented "Plaintiffs from knowing which elected official to approach, question, or vote against."    Doc. 24 at 6–7, 9.  However, a review of the minutes attached to the complaint indicates that public notice was provided regarding the enactment of the challenged ordinances; and that the voting record relating to each ordinance were made available to the public.  *See* Doc. 1, Ex. C; *see also* Ex. B. Plaintiffs do not otherwise challenge the substance of the ordinances or the City's enforcement of the ordinances.    Plaintiffs fail to allege that their constitutional rights to a representative government have been violated, and even if the complaint sufficiently alleged a violation, Plaintiff fails to state a cognizable claim.

Defendant's Motion for Recovery of Costs

Rule 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."    The purpose of Rule 41(d) is to deter forum shopping and vexatious litigation.

The City asks the Court to order Plaintiff Corrine Rios to pay the costs and fees incurred by the City in defending against the state court action.  *See* Doc. 21.  The factual allegations in the state court action are identical those asserted in the complaint, and Rios moved to dismiss the state court action before responding to the City's motion to dismiss or fully briefing her motion for a temporary restraining order.  *Id.* at 2–3.  The City argues that Rios' decision to dismiss and refile the same claims against the same Defendant in federal court "fits squarely within the language of Fed. R. Civ. P. 41(d), and the award of costs is appropriate."  *Id.* at 3.  Rios responds that the City

8

filed a motion for sanctions in state court but that no ruling was ever entered, and there was no finding of wrongdoing by Rios. *See* Doc. 23 at 1–2.

The Court finds that Rule 41(d) costs are not warranted because Rios moved to dismiss the state court action at an early stage. *See* Doc. 21 at 3. While state court may be the more appropriate forum for addressing Plaintiffs' grievances regarding the City's alleged failure to follow its own procedures, Rios did not dismiss the action in the 13th Judicial District Court following an adverse decision on the City's motion to dismiss.

Defendant's Motion for Sanctions

The City also asks the Court to impose sanctions based on Rios' failures to comply with Rule 11. *See* Doc. 59. The Court has already addressed Plaintiffs' failures to comply with the October 10, 2025 Omnibus Memorandum Opinion and Order to Show Cause (Doc. 45). *See* Doc. 57. Because the Court grants the City's Motion to Dismiss, the City's request that Rios' claims be dismissed as a sanction is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 22) is granted. The Court denies Defendant's Motion for Recovery of Costs (Doc. 21) and Motion for Sanctions (Doc. 59), and Plaintiff Corrine Rios's Motion for Leave to File Out of Time Response (Doc. 64) is denied as moot.

IT IS SO ORDERED.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**